IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 1:14-CR-306 |
| v. | ) ) | The Honorable Gerald Bruce Lee |
| PEDRO ANTHONY ROMERO CRUZ, et al., | ) ) ) |  |
| Defendants | ) ) |  |

**GOVERNMENT'S MOTION TO CERTIFY CASE
AS COMPLEX UNDER THE SPEEDY TRIAL ACT**

The United States respectfully requests the Court to certify this case as complex under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).  This provision enables the Court to schedule the trial of a case beyond the 70-day time limit of the Speedy Trial Act when ". . . the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." In the case presently before the Court, there are four grounds that justify certification of the case as complex under the Speedy Trial Act—the large number of defendants (13), the eligibility of eleven defendants for the death penalty, the status of four defendants as juveniles, and the large volume of recordings in a foreign language.

### Large Number of Defendants involved in Multiple Murders

On October 15, 2014, a Grand Jury indicted thirteen defendants associated with the international street gang MS-13 for violent crimes in aid of racketeering activity, in violation of Title 18, United States Code, Section 1959.  The charged offenses encompass three murders and one attempted murder.  The large number of defendants as well as the severity and scope of criminal conduct to be presented at trial demonstrate the complex nature of the case.

### Death Penalty Review by the Attorney General

Eleven of the defendants are charged with one or more counts of murder in aid of racketeering activity under Title 18, United States Code, Sections 1959(a)(1) and 2.  The statutory penalty for murder in aid of racketeering activity is death or life imprisonment.  In accordance with the U.S. Department of Justice protocol for cases in which a defendant is eligible for capital punishment, the government requests that the Court set a status hearing at least 90 days from the date this motion is granted.  This period of time will allow the Attorney General, with a thorough analysis of aggravating and mitigating factors presented by the Capital Review Committee, to carefully examine each case and determine whether the death penalty is warranted.

### Certification of Juvenile Defendants for Prosecution as Adults

Four of the defendants are charged by juvenile information (under seal) with murder in aid of racketeering pursuant to the Juvenile Justice and Delinquency Prevention Act, Title 18, United States Code, Section 5031 et seq.  The government is seeking to transfer those four cases from juvenile delinquency proceedings to criminal prosecution as adults.  Under Title 18, United States Code, Section 5032, the Court must hold a separate transfer hearing for each defendant in order to assess whether the transfer for criminal prosecution would be in the interest of justice.  If

the Court grants the government's motion and orders a defendant transferred for criminal prosecution, the defendant may challenge that order on interlocutory appeal. This process will place additional demands on the time of both the Court and counsel beyond a regular trial.

### Large Volume of Electronic Recordings in a Foreign Language

For discovery, the government will produce to defense counsel a large number of recorded conversations involving the defendants. The FBI has collected over 14,000 calls related to the investigation of MS-13 during the past year. Those conversations are a significant portion of the evidence that will be introduced in the case. As the conversations are in Spanish, the government and defense counsel will have to translate and transcribe them. For the key conversations to be presented to the jury during the trial, the transcripts must be prepared by a court certified interpreter. Then, because the conversations involve regional dialects as well as slang, the government and defense counsel will almost certainly contest various interpretations of the words used in the recordings. Consequently, these language issues represent another significant challenge in terms of the time needed to adequately prepare this case for trial.

Therefore, the government requests that the Court find that the ends of justice are served by scheduling a trial date beyond the 70-day deadline of the Speedy Trial Act and certify the case as complex.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

_____/s/_____
Stephen M. Campbell
Assistant United States Attorney
Virginia Bar No. 38584
Counsel for the Government
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
(703)739-9556 (fax)

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will then send a notification of such filing (NEF) to all defense counsel on the case.

                                              /s/
                                    Stephen M. Campbell
                                    Assistant United States Attorney
                                    Virginia Bar No. 38584
                                    Counsel for the Government
                                    United States Attorney's Office
                                    2100 Jamieson Avenue
                                    Alexandria, VA 22314
                                    (703)299-3700
                                    (703)739-9556 (fax)