# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF VIRGINIA

# ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case no. 1:14-CR-306-GBL - 8 |
| ) | Defendant **GUEVARA'S** |
| ) | <u>MOTION NO. 1</u> |
| MANUAL E. PAIZ GUEVARA ) | |

**MOTION FOR DESIGNATION OF GOVERNMENT
LAW ENFORCEMENT AGENCIES INVOLVED IN THE
INVESTIGATION AND PRESENTATION OF THE PENDING
CHARGES**

## SUMMARY

The defendant seeks designation of the agencies from which it should seek and expect **Brady v. Maryland** and **Kyles v. Whitley** materials and those from which information must be obtained by subpoena during case preparation.

## MOTION

COMES NOW, EUGENE SLONE, hereinafter referred to as defendant and, pursuant to the Fifth, Sixth and Eighth Amendment of the United States Constitution, moves for an order compelling the United States to designate and otherwise identify, to the defense and the court, all law

enforcement agencies, federal, state or local, involved in information gathering involved in the investigation of these criminal matters.

In support of the motion the defendant would allege and prove the following:

1.     Investigation and practice has determined that this case, and similar capital federal cases, involve various law enforcement agencies, some local, state and federal.

2.     The files of law enforcement agencies directly participating through continued investigation and the presentation of the government's case against the defendant or which have provided information since the United States became involved in the investigation of the defendant for capital murder and other federal criminal charges and the production of information contained within such files are governed by the Jenck's Act, 18 U.S.C. § 3500 and **Brady v. Maryland**, 373 U.S. 83 (1963) and its progeny, including, but not limited to **Giglio v. United States**, 405 U.S. 150 (1972), **Roviaro v. United States**, 353 U.S. 53 (1957), and **Kyles v. Whitley**, 473 U.S. 667 (1985).

3.     The files of law enforcement agencies with information pertaining to matters involving potential witnesses which are not involved in the prosecution of this defendant or this offense would not be subject to

tender pursuant to Jenck's and *Brady* and would be subject to subpoenas issued at the behest of the defense pursuant to the defendant's constitutional right to compulsory service of process.

3. Without designation of the various agencies the defense and the court cannot identify which agencies are subject to subpoena and which are subject to *Brady* disclosure. The defense or the court cannot identify which agencies the United States is constitutionally obligated to search in identification of *Brady* materials, pursuant to *Kyles v. Whitley* (the prosecution has a duty to identify and tender information contained within the files of law enforcement which might negate the guilt of the accused, mitigate the punishment or impeach any government witness.)

WHEREFORE, premises considered, defendant moves for an order directing the United States to identify in the record all law enforcement agencies subject to *Brady* and Jenck's disclosure and those subject to subpoena.

Respectfully submitted,

**MANUAL ERNESTO PAIZ GUEVARA**

By:  _____(s)_____

David P. Baugh, Esq.

Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030
571.276.8279
Email:  mike@chichlawfirm.com
**ATTORNEYS FOR DEFENDANT**


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Appearance was duly served, June 4, 2013, upon:

    Stephen M. Campbell, Esq.
    Julia K Martinez, Esq.
    Assistant United States Attorneys
    Eastern District of Virginia
    2100 Jamison Avenue
    Alexandria, Virginia  22314,

And all other defendants in this matter by the Court's electronic filing system.

                        */s/  David P. Baugh*
                        **David P. Baugh**