# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF VIRGINIA

# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case no. 1:14-CR-306-GBL - 8 |
| | ) | Defendant **GUEVARA'S** |
| | ) | |
| MANUEL E. PAIZ GUEVARA | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DESIGNATION OF GOVERNMENT LAW ENFORCEMENT**

The defendant has filed a motion requiring the Office of the United States Attorney to designate the law enforcement agencies participating in the investigation and presentation of the case against the defendant.

The request is predicated upon a simple and direct reality.

The witness statements garnered by agencies involved in the investigation of the defendant at the behest of the United States Attorney and made a part of the prosecution's files, cannot be subpoenaed. Title 18 U.S.C. § 3500 (a) states, in pertinent part: " ...no statement or report in the possession of the United States which was made by a Government witness (other than the defendant) shall be the subject of a subpena, discovery, or inspection until said witness has testified in the trial of the case."

1

Likewise, Rule 17 (h), Federal Rules of Criminal Procedure, forbids any party issuing a subpoena for the statement of a witness or of a prospective witness.

Title 18 U.S.C. § 3500 and Rule 17 of the Federal Rules of Criminal Procedure do not overcome a defendant's constitutional right to tender of "Brady" information and, under ***Kyles v. Whitley***, witness statements contained within the files of law enforcement are subject to ***Brady*** disclosure.

If the statement(s) of the witness contain information which could negate the guilt of the defendant, mitigate his punishment or impeach a government's witness, such information must be disclosed to the defendant through the exercise of his due process rights pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

Files of other agencies not participating in the case investigation and presentation are subject to Rule 17 (c) subpoenas *duces tecum*.

The defendant's motion merely seeks designation of those agencies to which subpoenas duces tecum may be issued for purposes of case preparation and presentation and those from which duces tecum material may not be sought.

Absent the requested designation the court will not be mindful of which requested subpoenas should be issued and those which should not.

Defendant prays that defendant's Motion for Designation of Law Enforcement Agencies be, in all things, granted. Respectfully submitted,

**MANUEL ERNESTO PAIZ GUEVARA**


By:    _____(s)_____


David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030
571.276.8279
Email:  mike@chichlawfirm.com
**ATTORNEYS FOR DEFENDANT**


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Motion for Designation of Law Enforcement Agencies was duly served, November 20, 2014, upon:

3

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314,

And all other defendants in this matter by the Court's electronic filing system.

/s/ David P. Baugh
**David P. Baugh**