IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:14-CR-306 |
| v. | ) | |
| | ) | The Honorable Gerald Bruce Lee |
| MANUEL ERNESTO PAIZ GUEVARA, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DESIGNATION OF GOVERNMENT LAW ENFORCEMENT AGENCIES

The United States hereby responds to the defendant's Motion for Designation of Government Law Enforcement Agencies involved in the Investigation and Presentation of the Pending Charges.  In his motion and supporting memorandum, the defendant demands that the government identify the law enforcement agencies involved in the investigation, so that he can distinguish between those agencies "subject to Brady disclosure" and those "subject to subpoena" under Rule 17 of the Federal Rules of Criminal Procedure.  Defendant's Motion at 3. The defendant's motion should be denied.

The government clearly recognizes its duty to produce *Brady* material to the defendant, but the government has no corresponding obligation to provide the defendant with a list of the law enforcement agencies involved in the investigation.   First, the defendant cites no statute or case law in support of his demand for such a list.   Second, based on the materials already produced by the government for discovery in this case, the defendant can readily identify multiple law enforcement agencies that have participated in the investigation.

With respect to the issuance of subpoenas duces tecum under Rule 17 (c) of the Federal Rules of Criminal Procedure, a district court must carefully assess the subpoenas requested by the defendant.  In *United States v. Beckford*, 964 F. Supp. 1010 (E.D.Va.), the district court thoroughly examined the issue of granting Rule 17(c) subpoenas in a capital case.  During an exhaustive examination of the issue, the district court held:

> Rule 17(c) is not, however, "intended to provide an additional means of discovery."  Accordingly, to secure pre-trial document production, the party seeking information under Rule 17(c) must show that the requested information is relevant, admissible, and specific.

> \* \* \*

> . . . the decision whether to require production of the requested documents pre-trial rests ultimately within the sound discretion of the district court. (internal citations omitted).  That discretion must be exercised in remembrance of the responsibility to prevent Rule 17(c) from being improperly used as an alternative to Rule 16.  . . . The requirement of court intervention in the process is not a mere formality.  To the contrary, it represents a "vital protection against misuse or improvident use of such subpoena duces tecum."  (internal citation omitted).  Indeed, without the court's supervision, "Rule 17(c) would lend itself to discovery of the broadest sort—a result the drafters of the Rule decried."

> \* \* \*

> . . . the Court finds that Rule 17(c) authorizes *ex parte* procedure with respect to the issuance of pre-trial subpoenas only in exceptional circumstances.  Ordinarily, *ex parte* procedure will be unnecessary and thus inappropriate.

*Id*. at 1010, 1022, 1030.  *See also United States v. McDonald*, 2010 WL 1734773 (E.D.Va.)("The Court notes that Rule 17(c) pre-trial subpoenas are not the proper  means to obtain *Giglio* or Jenks Act impeachment materials and that it is mindful of its 'responsibility to prevent Rule 17(c) from being improperly used as a discovery alternative to Rule 16.'" (citing *Beckford*).

While the government declines to provide the defendant with a list formally designating the law enforcement agencies involved in the investigation, the government will continue to comply fully with the requirements of *Brady* and its progeny.

Therefore, for the reasons stated above, the government asks the Court to deny the defendant's Motion for Designation of Government Law Enforcement Agencies involved in the Investigation and Presentation of the Pending Charges.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY


                    /s/
_____
Stephen M. Campbell
Assistant United States Attorney
Virginia Bar No. 38584
Counsel for the Government
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
(703)739-9556 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFCY that on December 1, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will then send electronic notification of such filing (NEF) to defense counsel on the case.

_____/s/_____

Stephen M. Campbell
Assistant United States Attorney
Virginia Bar No. 38584
Counsel for the Government
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
(703)739-9556 (fax)

4