IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Case no. 1:14-CR-306-GBL - 8 |
| | ) |
| | ) |
| MANUEL E. PAIZ GUEVARA | ) |

## MOTION FOR COURT MONITORED BRADY DISCLOSURE

## MOTION SUMMARY

The United States Supreme Court has long recognized that the possibility of the imposition of a death verdict renders the entire trial process subject to a "heightened" standard for constitutional and statutory compliance by the courts and the government. This heightened standard applies in not only adherence to statutory provisions, but also in the manner and degree to which those provisions are implemented.

The United States Department of Justice has an abysmal history, including current events, of prosecutorial misconduct, particularly in compliance with the constitutional due process requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). The issue has been exacerbated by the recent opinion in *Connick v. Thompson*, 131 U.S. 1350 (2011) creating absolute

immunity of prosecutors for wrongful convictions resulting from suppression of defense favorable evidence.

## PRAYER SUMMARY

To limit the likelihood of intentional or negligent denial of the defendant's due process rights, the defendant seeks entry of an order:

**1.      Requiring the prosecution to admit or deny, either in writing or on the record, the existence of each specific and enumerated item of *Brady* requested information sought by the defense.**

**2.      Requiring the prosecution to state, either in writing or on the record, the specific steps it has taken to comply with *Kyles v. Whitley*, 514 U.S. 419 (1995), obligations to determine the existence of specific *Brady* request information in the files and writings of law enforcement.**

**3.      The court strongly encouraging the prosecution to disclose, or at least to submit for *in camera* review, under penalty of sanction including dismissal, all evidence that is arguably within the rule in *Brady* and/or in compliance with a specific and enumerated *Brady* request of the defense.**

**4.      Requiring the prosecution to submit for *in camera* review, on the record, such record to be sealed among the record of this case,**

any exculpating, mitigating or impeachment information it wishes to withhold because the prosecution believes the information is not "material" to the outcome under *Brady* or information the disclosure of which would cause a public or witness security concern.

5.      The court issuing written orders and findings of fact and conclusions of law regarding each specific *Brady* request made by the defense.

## MOTION

COMES NOW, MANUEL E. PIAZ GUEVARA, defendant herein, by and through counsel and moves for the implementation and the issuance of an order detailing a specific procedure for court monitored constitutional due process Brady tender supervision to insure that the prosecution can recognize material which is subject to tender pursuant to *Brady*.

*Brady* and the Virginia State Bar ethics obligations, specifically Virginia State Bar LEO 1862 (2012), require the prosecution to timely tender defined in the Virginia State Bar Guidelines and Rules of Conduct – Professional Guidelines, Rule 3.8 (d):

> Additional Responsibilities of A Prosecutor – A lawyer engaged in a prosecutorial function shall: (d) make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence which the prosecutor knows tends to negate the guilt of the accused, mitigate the degree of the offense, or

> reduce the punishment, except when disclosure is
> precluded or modified by order of the court …"

Rule 3.8 (d) – Professional Guidelines and Rules of Conduct - Professional Guidelines.

The defendant would specifically assert the information should be tendered, not only for trial, but for trial preparation including assessment of the defense hypothesis and to guide the defense during investigation and motions, both preauthorization and trial.

The information sought by the defendant would be any information known to the prosecution and law enforcement agencies involved in the investigation of the case all information which:

    1.    could negate the defendant's guilt, or

    2.    which could lessen the degree of the offense, or

    3.    which could be used to impeach any government witness.

In support of the motion the defendant would allege and prove the following:

    1.    Tender is required constitutionally within the time to permit the defendant access and knowledge to the information to prepare for authorization and trial.

    2.    That the negligent and intentional non-compliance for the timely disclosure of ***Brady*** material is a significant

cause for substantiated allegations of mistrials, wrongful
convictions and actual innocence convictions, in capital
and non-capital cases, in the various courts of this
country, including the those of the United States.

3. there have been a significant series of documented
violations of the requirements for due process Brady
tenders of evidence.

4. the Office of Professional Responsibility, the ethics
compliance arm of the United States District of Justice,
has a long and documented record of not imposing
sanctions upon prosecutors found to have violated
defendants' due process rights through suppression of
evidence favorable to the accused.

5. The decision in *Connick v. Thompson*, 131 U.S. 1350
(2011), conveying absolute immunity from civil liability
to prosecutors for constitutional due process violations,
removes one available sanction by defendants for
intentional violation of constitutional due process rights.

6. that the existing standard of appellate review in capital
cases granting reversals for convictions resulting from

Brady violations only in those instances wherein the suppressed evidence is would necessitate a different verdict is inadequate in a capital case wherein one juror's reasonable doubt as to whether death is the only appropriate sentence, while not impacting the guilt verdict, would result in a sentence of less than death. *See United States v. Bagley*, 473 U.S. 667, (1985) at 662 ("[***Brady***] evidence is only material 'if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.'"); ***Bell v. Bell***, 512 F.3d 233 (6th Cir., 2008. (" ... [N]ot every violation of that duty [to disclose exculpating evidence] necessarily establishes that the outcome was unjust.  ... there is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."); ***Hutchinson v. Bell***, 303 F.3d 720 (Fed. 6th Cir., 2002) ("The district court also noted that petitioner could not show a reasonable probability of a different result if the

[suppressed ***Brady***] materials in the second group of [suppressed ***Brady*** materials] had been timely disclosed.").

7.   That as a capital case withheld Brady information which could influence one juror in the determination of whether death is the appropriate sentence and therefore all such information could result in a different verdict than one which might result if such information were withheld. It should be noted that the penalty provisions of the capital statute dictate the admissibility of "information" and the Rules of Evidence are suspended. "Information [during the sentencing hearing] is admissible regardless of its admissibility under the rules governing admission of evidence at trial ...."  18 U.S.C. § 3593 (c).

WHEREFORE, premises considered, defendant prays that the court impose the above procedures under the heightened standards for protection of constitutional and statutory rights to insure the defendant's protection in a capital trial.

Respectfully submitted,

**MANUEL E. PAIZ GUEVARA**

By:     _____(s)_____

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030
571.276.8279
Email:  mike@chichlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2014, I electronically

filed the foregoing with the Clerk of the Court using the CM/ECF system

which will then send electronic notification of such filing (NEF) to all

counsel on the case.

_____/S/_____
David P. Baugh, Esq.
Attorney for Defendant
Manuel E. Paiz Guevara