IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case no. 1:14-CR-306-GBL - 8 |
| | ) | Defendant **GUEVARA'S** |
| | ) | MOTION NO. 2 |
| MANUAL E. PAIZ GUEVARA | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**

**MOTION FOR COURT MONITORED BRADY TENDER**

Defendant is charged in a capital case with the potential for the imposition of the death penalty.

Defendant has moved for an order imposing certain criteria for the government's response to requests for information due the defendant pursuant to the opinions in Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972), States v. Agurs, 427 U.S. 97 (1976) and Kyles v. Whitley, 514 U.S. 419 (1995).

"Time and again the [Supreme] Court has condemned procedures in capital cases that might be completely acceptable in an ordinary case." Caspari v. Bolden, 510 U.S. 383, 393 (1994).

In United States v. Olsen, 209-cv-00327 (9th Cir. 2012), Judge Alex Kozinski, in dissent, wrote "[t]here is an epidemic of prosecutorial misconduct abroad in the land. Only judges can put a stop to it."

In the 2011 prosecution in United States v. Theodore Stevens, in the United States District Court for the District of Columbia, allegations and findings of suppression of Brady information by the prosecution lead to the appointment of an attorney by the court to investigate actions of the government lawyers. This report, over 500 pages in length and attached as Ex. 1, confirmed the practices and lead to a, what can only be described as, scathing condemnation of prosecutorial misconduct. The order is attached as Ex. 2.

Violation of the constitutional obligation of the government to timely tender information in conformity with Brady v. Maryland, 373 U.S 83 (1963) and the denial of the due process protections have become the largest basis for successful habeas challenges to criminal convictions including capital convictions. Mistaken and, in many instances, deliberate suppression of evidence which tends to negate the guilt of the defendant, mitigate the defendnat's punishment or which could impeach a government witness has become an all too frequent blemish on criminal prosecution in this nation.

2

The magnitude of the constitutional denial is exacerbated with the defendant is a capital defendant, facing the ultimate punishment. Literally hundreds of law review articles and headlines have been written documenting revelation from some "whistleblower" or evidence arising from some post-conviction proceeding which undermines confidence in the conviction or sentence.

A cursory internet investigation bears out the extent of the problem and the due process impact of this issue. Any quick Google search for cases and articles involving Brady violations and suppressed exculpating evidence leads to hundreds of pages of law review cites from around the entire nation over the years.[1]

In Connick v. Thompson, 563 U.S. ____ (2011) any possible deterrent effect on prosecutors for even intentional and/or systemic constitutional violations was eliminated by the granting of an absolute immunity for 42 U.S.C. § 1983 liability for prosecutors.

Compounding the difficulty with implementation of Brady protection is the sometimes innocent failure of prosecutors to recognize favorable evidence to the defense.

---

[1] Examples Geo J. Ethics, 1993; Wisconsin Law Review, 2006; duke Law Journal, 1969; Washington University Law Quarterly, 1999; Fordham L. Rev. 1984; McGeorge Law Review, 2002; Colum. L. Rev. 1989; Rutgers L. Rev, 1990; the Yale Law Journal, 2006 reveal the duration and legal depth of the issue.

There are two types of exculpating information: objective and subjective. Objective information would be information readily discernable: a confession from someone other than the defendant or an identification of another. Subjective exculpating information would be information made exculpating or impeaching predicated upon the defense or defensive theory.

By example, and clearly not at issue in the instant case, in a rape prosecution the victim's sexual history or propensities would not be Brady material. If, however, the defense is one of consent, the rape shield laws would not keep the evidence out. The defendant would have to file a specific Brady request, describing the information sought. Then, the prosecutor would be on notice of the Brady potential of the information sought. When an express request is made the prosecution "seldom, if ever" excused for failure to tender to the defense. See United States v. Agurs, 427 U.S.

In both types of Brady material: subjective and objective, there is the issue of unintentional withholding. If a specific request is made by the defense, whether the information need be tendered is a "judgment call." Under the suggested scheme the prosecution has the opportunity to contact the court, ex parte, and tendering the information to the court and inquiring if the contemplated information is due process material and that tender of requested is necessary.

Some Brady materials can be readily identified: the confession of another and the contradicting witnesses are but two examples. However many Brady obligations are determined by the defense hypothesis, of which the prosecution and the court might not be aware.

Additionally and in line with the usual court approach to constitutional due process information, the courts rely upon the government to identify and tender Brady material, without any oversight. Brady violations, particularly as these violations relate to unintentional failure to tender.

By example a victim's propensity for violent outbursts might not be classified as Brady information in the routine premeditated murder cases. Such would likely be inadmissible under the federal rules of evidence. However, if the defendant is formulating a self-defense case, such information would be Brady information as it could negate malice and lessen the grade of offense.

In a capital case where the impression of a single juror can compel a sentence of life without parole rather than the imposition of death, the effect of suppression and the denial to the fact finder of this type of information would be greatest.

In a non-capital case a denial of Brady tender can result in reversal only if the suppressed and withheld evidence could have led to a different verdict. In a capital case evidence which could be found to be determined by one juror, by preponderance, that other non-capital conspirators were equally culpable or that the defendant was under duress, not amounting to a defense to guilt, would necessitate that juror's finding of mitigation pursuant to Title 18 U.S.C. § 3592 (2) or (3). The suppressed evidence could be there evidence which could compel that single juror voting for life without possibility of parole. That single juror's vote on punishment would then necessitate a verdict of life without the possibility of parole and not death.

The importance of the one juror's finding that death is not appropriate is the reality that the defense is not limited to evidence or the rules of evidence in presenting arguments in support of life. Title 18 U.S.C. § 3593(c) permits the introduction of "information" in support of the verdict of life versus death. "Information is admissible regardless of its admissibility under the rules government admission of evidence at criminal trials except that information may be excluded it is probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." Title 18 U.S.C. § 3593 (c).

The finding of a single statutory aggravating factor, as listed in 18 U.S.C. 3592(b), supporting a verdict of death, must be found by the jury unanimously and beyond a reasonable doubt. The finding of any mitigating factor need only be found by one juror.

"The burden of establishing the existence of any aggravating factor is on the government, and it is not satisfied unless the existence of such a factor is established beyond a reasonable doubt. The burden of establishing the existence of any mitigating factors is on the defendant, and is not satisfied unless the existence of such a factor is established by a preponderance of the information." 18 U.S.C. 3593 (b).

While no verdict can be meted out unless and until the government proves one statutory aggravating factor unanimously and beyond a reasonable doubt, any single juror can find any factor which he or she might define as mitigating against death." 18 U.S.C. § 3592 (a)(8) permits the juror's finding in addition to any listed mitigating factor and "[o]ther factors in the defendant's background, record, or character or any other circumstances of the offense that mitigating against imposition of the death sentence." In short, the statute permits any single juror to l determine life or death. With the potential for Brady and one juror's ability to determine the sentence in a federal capital case no item of suppressed Brady information

7

can be harmless. There exists under the deferral death statutes the potential for any one item of information to cause an individual juror to not vote for the imposition of death.

In a capital case wherein the finding of a single juror during a penalty phase wherein the rules of evidence do not apply and the admission of "information" rather than evidence frames the issue, the standard should be reversal if the suppressed information, regardless of traditional evidentiary admissibility, could have swayed any individual juror to not find death.

That the offense charged in a capital offense under the Federal Death Penalty statutes with its "relaxed" rules of admissibility for punishment, the comparative blameworthiness of other conspirators, charged and uncharged and the statutory reality that any one juror can determine life or death, the need for tender of all Brady information specifically sought by the defense in a time and manner permitting full investigation, not only for trial, but for authorization to the Department of Justice, increases the need for complete Brady tender.

TIMELINESS OF DISCLOSURE:

While conceding that the obligations of Brady are lesser than an attorneys professional and ethical obligations under the Virginia Supreme Court's Rules of Professional Conduct, the Virginia State Bar as ruled that

timely disclosure requires that information in possession of the prosecutor be tendered in time for the defendant's use at, not only trial, but also pre-trial and during investigation.

The Virginia State Bar, Rules of Professional Conduct, Rule 3.8, Additional Responsibilities of a Prosecutor provide, in pertinent part:

> A lawyer engaged in a prosecutorial function shall:  …
>
> (d) make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence which the prosecutor knows tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment, except when disclosure is precluded or modified by order of a court; …"

Rule 3.8 Virginia Rules of Professional Conduct.

It should be noted that the language of the rule foresees an ex parte hearing. Immediate tender is required unless and until "… disclosure is precluded or modified by order of a court." If the prosecution has a question as to whether tender is required, the government can enlist the objective and supervisory assistance of the court, while not divulging to the defense, the existence of the information and whether tender need by made.

Defendant's Motion for Court Monitored Brady Tender should be, in all things, granted.

Respectfully submitted,

**MANUAL ERNESTO PAIZ GUEVARA**

9

By:   _____(s)_____

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030
571.276.8279
Email:  mike@chichlawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

above and foregoing Notice of Appearance was duly served, December 12,

2014, upon:

> Stephen M. Campbell, Esq.
> Julia K Martinez, Esq.
> Assistant United States Attorneys
> Eastern District of Virginia
> 2100 Jamison Avenue
> Alexandria, Virginia  22314,

And all other defendants in this matter by the Court's electronic

filing system.

*/s/  David P. Baugh*
**David P. Baugh**

10