IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:14-CR-306 |
| v. ) | |
| ) | **UNDER SEAL** |
| ARAELY SANTIAGO VILLANUEVA, ) | |
| a/k/a "Slow," ) | **NOT TO BE PUT ON PUBLIC DOCKET** |
| a/k/a "Lil Slow," ) | |
| a/k/a "Spider," ) | |
| ) | |
| Defendant ) | |
| ) | |

## UNCONTESTED MOTION TO SEAL PLEA PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the Plea Agreement, Statement of Facts, and plea hearing for defendant Araely Santiago Villanueva and that all docket entries for defendant Araely Santiago Villanueva are to remain off the public docket until further Order of the Court. The United States has consulted with counsel for the defendant, who does not oppose this motion.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Federal Bureau of Investigation is investigating three murders in aid of racketeering and one attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and (5) and related charges.

2. Araely Santiago Villanueva is one of 13 defendants indicted in this case and has agreed to plead guilty and cooperate with the government against the remaining defendants.

3. Premature disclosure of Santiago Villanueva's agreement with the government would seriously jeopardize an ongoing criminal investigation and Santiago Villanueva's safety.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

4. The Court has the inherent power to seal plea agreements and proceedings. See United States v. Rodriguez, 725 F.3d 271, 278 (2d Cir. 2013); United States v. Farris, 388 F.3d 452 (4th Cir. 2004). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing court documents is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992). Although the policy of the Department of Justice strongly favors open court proceedings, where, as here, failure to close the proceedings would pose a danger to the defendant and would jeopardize the ongoing investigation, closure is appropriate. See 28 CFR § 50.9.

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

5. The United States respectfully submits that the documents, proceedings, and docket entries for defendant Araely Santiago Villanueva should remain sealed and off the public docket until such a time as the government's discovery obligations require production of the pleadings to counsel for co-defendants preparing for trial or until all co-defendants have plead guilty, whichever occurs first. At that time, the United States will move to unseal the pleadings and transcript of the proceedings.

6. If the United States otherwise determines that sealing is no longer necessary to protect the investigation and the defendant, the United States will move to unseal the documents and transcript of the proceedings at that time.

7. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation and the safety of the cooperating defendant.

WHEREFORE, the United States respectfully requests that the Plea Agreement, Statement of Facts, plea hearing, and this Motion to Seal and the Order be sealed until further Order of this Court and that all docket entries related to defendant Araely Santiago Villanueva are to remain off the public docket until further Order of this Court.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: /s/ Stephen M. Campbell
Stephen M. Campbell
Julia K. Martinez
Assistant United States Attorneys