IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case no. 1:14-CR-306-GBL - 8 |
| | ) | |
| | ) | |
| MANUEL E. PAIZ GUEVARA | ) | |

MEMORANUDM IN SUPPORT OF DEFENDANT'S MOTION FOR TENDER OF BRADY INFORMATION

The defendant has filed a motion, pursuant to the opinion in the Due Process clause of the United States Constitution and Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) for certain information believed to be within the file and/or knowledge of the United States Attorney for the Eastern District of Virginia or any of the federal, local and state law enforcement agencies involved in the investigation, preparation and presentation of the case against defendant. See also, Kyles v. Whitley,  514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) United States v. Bagley, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (Favorable evidence includes not only evidence tending to exculpate the accused,

1

but also any evidence adversely affecting the credibility of the Government's witnesses.)

Under *Brady v. Maryland, supra.* the government is required to tender to the defense any information in its possession or the possession of the law enforcement agencies charged with investigating the criminal allegations, any information which could negate the guilt of the accused, mitigate his punishment or reduce his criminal culpability or impeach a government witness.

Tender is to be made by the government to the defense to enable the defense to utilize the information in the preparation of its case. "Disclosure by the government must allow the defense to use that favorable material effectively in the preparation and presentation of its case, even of satisfaction of this criterion requires pre-trial disclosure." *United States v. Pollack*, 534 F. 2d 964, 973 (D.C. Cir.), citing *United States v. Elmore,* 423 F.2d 775, 779 (4th Cir. 1970). *cert. denied,* 429 U.S. 924, 97 S. Ct. 324, 50 L. Ed. 2d 292 (1976).

The defendant's motion specifically seeks tender of specifically described evidence, specifically:

> 1. All reports and memorialization of interviews for all witnesses who have provided the government investigators or prosecutors with information that the defendant was not present and did not participate in the meeting or during the agreement during which

parties known or unknown to the defendant, agreed that the life of Gerson Martinez Aguilar should be taken and/or the decision made as to how or when he was to killed.

2. All reports and other memorialization of interviews for all witnesses stating directly or implicitly that at the time the victim, Gerson Martinez Aguilar encountered the defendant, the defendant had not been advised that Gerson Martinez was going to be killed.

3. All reports and other memorialization of interviews from all witnesses who stated directly or implicitly that prior to the time the defendant might have stabbed or stabbed at the person or body of the victim, Gerson Martinez Aguilar, that other persons, please include the names and numbers of such persons, had already stabbed Gerson Martinez Aguilar with a knife or knives.

4. The translated report of any recorded conversation or conversations indicating directly or implicitly that the physical safety or life of the defendant was in jeopardy if he did not stab the person or body of Gerson Martinez Aguilar at the time of the homicide.

5. All reports and other memorialization of interviews from all witnesses who stated directly or implicitly that some person, other

than the defendant, Manuel E. Paiz Guevara, severed the head from the dead body of Gerson Martinez Aguilar.

6. All reports or other memorialization of interviews wherein witnesses gave information consistent with statements made by the defendant concerning the facts and circumstances of the death of Gerson Martinez Aguilar.

**BRADY TENDER VERSUS THE JENCKS ACT –**

**THE JENCK ACT –**

The Jencks Act, 18 U.S.C. § 3500, codified the holding in *Jencks v. United States*, 353 U.S. 657, 77 S. Ct. 1007, 1 L. Ed. 2d 1103 (1957). It must be noted that Jencks v. United States, supra and the Jencks Act, predated Brady v. Maryland, supra acknowledging the constitutional right to disclosure of evidence favorable to the accused.

Under the Jencks Act "any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. However, the Jencks Act requires that the Government provide a witness's statement only after the witness has testified on direct examination. See 18 U.S.C. § 3500 (a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective witness

(other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case"). The district court may not order the disclosure of Jencks material earlier than provided by statute. *See United States v. Lewis*, 35 F. 3d 148, 151 (4th Cir. 1994).

The district court is powerless to order witness "statements" to be tendered prior to the directives of the Jencks Act, that is, until after the witness has testified on direct examination.

## WHAT IS A JENCKS STATEMENT –

Historically, United States prosecutors have argued that any report containing a statement of the witness is a *Jencks* Act statement and pre-trial disclosure is not permitted.

In the Fourth Circuit there is a strict definition of what is a "statement" under Jencks and one for which pretrial disclosure is prohibited.

An investigative agents notes are not a "statement" for which pretrial disclosure cannot be ordered. "[A] government agent's interview notes that 'merely select [] portions, albeit accurately, from a lengthy oral recital' do not satisfy the Jencks requirement of a 'substantially verbatim recital.'" *United States v. Roseboro,* 87 F.3d 642, 645(4th Cir. 1996). (quoting *Palermo v. United States*, 360 U.S. 343, 352, 79 S. Ct. 1217, 1224, 3 L. Ed. 2d 1287 (1959), *cert. den*ied, ____ U.S. ____,

117 S. Ct. 694, 136 L. Ed. 2d 617 (1976); *United States v. Hinton*, 719 F. 2d 711, 715 (4th Cir. 1983) (government agent's notation of a witness' statements do not constitute a Jencks Act statement "unless it reflects the witness' own words fully and without distortion," and is coupled with "a finding of unambiguous and specific approval of specific notes"), *cert. deni*ed, 465 U.S. 1032, 104 S. Ct. 1300, 79 L.Ed.2d 699 (1984). See also unpublished cases *United States v. Kelly*, 107 F.3d 868, 1997 WL 79942 at *2 (4th Cir. 1997) (unpublished) (government agent's notes of a witness' statement, "even if the notes did constitute a 'substantially verbatim recital,' [] did not become the witness' statement [under *Jenck*s] unless the witness read them or the agent read them to him. This requirement is not satisfied where, as here, the agent only read back occasional excerpts for clarification.") *United States v. Marva Maid D*airy, 974 F. 2d 1333, 1992 WL 224929 at *10-12 ("to qualify as a *Jencks* Act statement, [witness] must have signed, read, or heard the entire statement read").

Defendant would submit that agent notes containing direct quotes from the witness are not statements pursuant to *Jencks* and pretrial disclosure may be ordered by the district court. If the requested information is contained within agent notes or Assistant United States Attorney notes, tender must be made.

**PRAYER -**

Defendant moves that this court order that every document or memorialization of witness interview containing the information, implicitly or explicitly, requested,

the entire statement not having been read by the witness, read to the witness, or signed by the witness in acceptance of the completeness and accuracy of the statement, be tendered to the defense forthwith.

WHEREFORE, premises considered, defendant Manuel E. Piaz Guevara, moves that the above and foregoing Motion for Brady Tender be, in all things, granted.

Respectfully submitted,

**MANUAL ERNESTO PAIZ GUEVARA**

By: _____(s)_____

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia 23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
571.276.8279
Email: mike@chichlawfirm.com

7

## CERTIFICATE OF SERVICE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June \_\_\_\_\_, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will then send electronic notification of such filing (NEF) to all counsel on the case.

_____/S/_____

David P. Baugh, Esq.

Attorney for Defendant

Manuel E. Paiz Guevara