THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:14-CR-306 |
| ) | |
| MANUEL ERNESTO PAIZ GUEVARA, ) | |
| ) | |
| Defendant ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR BRADY INFORMATION

The United States respectfully submits this response to the defendant's Motion for Brady Information, Doc. No. 279.

Defendant's motion is overly broad and a blatant attempt to force the government to disclose witnesses and provide *Jencks* material nine months before trial. The majority of what the defendant seeks is simply not *Brady* information. Even the two categories that arguably involve *Brady* information ask the government to produce far more material, such as complete reports of witness interviews. The government takes its *Brady* obligations extremely seriously and follows a general policy of prompt disclosure of any *Brady* information. However, the government also has an obligation to protect its witnesses. The defendants in this case are members and associates of MS-13, a violent street gang known to intimidate and kill cooperators and witnesses. Indeed, the apparent motivation for the murder of Nelson Omar Quintanilla Trujillo, as charged in Count Four of the Indictment, was that the gang members believed him to be a "snitch." The government fully intends to disclose information obtained from witnesses that is arguably *Brady* material sufficiently in advance of trial to permit defense counsel to make effective use of it. However, in the government's view, the interest in protecting witnesses

outweighs the defendant's need for this information nine months prior to trial. The government respectfully submits that no disclosure should be ordered at this time.

### Categories that Do Not Call for Brady Information

Defendant asks the Court to order disclosure of six categories of information. Categories 3, 4, 5, and 6 of defendant's motion do not describe *Brady* information and thus no disclosures should be ordered pursuant to those categories.

3. In Category 3 the defendant seeks witness interview reports for witnesses who describe who stabbed the victim, Gerson Adoni Martinez Aguilar, before the defendant stabbed the victim. A witness interview describing multiple persons, including this defendant, stabbing the victim is not exculpatory, but rather plainly inculpatory. Defendant's request should therefore be denied.

4. In Category 4 the defendant requests translations of recorded conversations. To the extent that any recorded conversation contains *Brady* information, it is the recording itself that constitutes evidence discloseable under *Brady*, not a transcript or translation of that recording. As the government informed the Court and defense counsel at the start of this case, there were a large number of Spanish-language recorded calls collected during the course of this investigation. The government provided recordings to defense counsel in November of last year and, as a courtesy, even provided a list identifying a subset of calls directly relevant to this case. Defendant and his counsel have now had over seven months to review these calls and obtain translations of any call they deem relevant or helpful to their defense. The defendant's request for translations is not a proper *Brady* demand and should be denied.

5. In Category 5 the defendant seeks witness interview reports for witnesses who name anyone other than this defendant as the person who severed Martinez Aguilar's head. That

information is plainly not exculpatory, but rather inculpatory as to the person accused of severing the victim's head.  Defendant's request should therefore be denied.

      6.      In Category 6 the defendant seeks all reports of witness interviews in which the witness provided information consistent with any statement made by this defendant regarding the murder of Martinez Aguilar.  This request is little more than a fishing expedition and clearly demonstrates that the primary purpose of defendant's motion is to obtain discovery that the government is not required to produce until the Court-ordered Jencks deadline.  This catch-all request should be denied.

### Categories that Plausibly Call for Brady Information

Defendant's first two categories are the only two that plausibly call for *Brady* information.  Categories 1 and 2 ask for reports of witness interviews in which the witness states that the defendant was not present for the planning of the murder or that he was not advised in advance that the victim was going to be killed.  Although evidence that this defendant was not involved in planning the murder or was not informed in advance of the murder would not exculpate this defendant assuming the government proves he participated in the murder, the government acknowledges it nonetheless could be construed as *Brady* information.  In any event, to the extent such information exists, the government fully intends to produce it.  However, due to the government's serious concerns about revealing the identity of any witness, the government submits that disclosure at this time is premature.

It is well settled that as long as evidence is disclosed before it is too late for the defendant to make effective use of it, there is no due process violation under *Brady*.  *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 531 (4th Cir. 1985), *cert. denied sub nom. Dellinger Inc. v. United States*, 474 U.S. 1005 (1985).  The Supreme Court has never pinpointed the time at

which a disclosure under *Brady* must be made. *See United States v. Beckford*, 962 F. Supp. 780, 785 (E.D. Va. 1997). And courts have long recognized that potential risk to witnesses is an appropriate consideration with respect to the timing and nature of certain disclosures:

> [T]he rights conferred by *Brady* and its progeny are not absolute except as to the need for *disclosure*. With respect to *timing*, those rights are relative to the fundamental societal interest in a fair trial which produces a rational decision based on all admissible evidence. . . . That interest is severely diminished if important testimonial evidence is lost because a witness disappears out of fear or is threatened, injured or killed. Therefore, in some instances, the disclosure of Brady material must be delayed somewhat in furtherance of society's interest in a fair trial on the basis of all relevant evidence.

*Beckford*, 962 F. Supp. at 793-94; *see also United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970) (finding a later *Brady* disclosure appropriate to protect the identity of government witnesses). Where the reason for delayed disclosure relates to witness protection, courts have approved disclosures as late as three days before jury selection or even the day of the witness's testimony. *See Elmore*, 423 F.2d at 779-780 (finding no prejudice where witness statement containing *Brady* information was produced during trial, though stating that the statement should have been produced as soon as the relevant witness was called to testify); *Beckford*, 962 F. Supp. at 795 (permitting the government to withhold witness statements, regardless of whether they contained *Brady* information, until three days before jury selection commenced[1]).

The government respectfully submits that disclosure 30 days prior to trial would give defense counsel more than enough time to make effective use of any evidence that the defendant was not present for the planning of the murder or that the defendant was not informed in advance that the victim was going to be killed.

---

[1] The court did build in an exception for particular types of *Brady* information that would necessarily require additional time to develop supporting evidence, such as if a witness provided an alibi for the defendant. *Beckford*, 962 F. Supp. at 795. None of the defendant's requests in the present motion would fall under such an exception, and the government is not aware of any alibi witness.

## Proposed Conditions Should Disclosure Be Ordered at this Time

In the event the Court orders disclosures at this time, the government respectfully requests that the Court impose three conditions in an effort to limit the risk to any witnesses. First, although the defendant's motion seems to request complete reports of witness interviews, the Court should permit the government to disclose only the excerpt of any such report that contains the relevant information. As courts have recognized, "premature, wholesale disclosure of witness statements, even those containing exculpatory or impeachment information, would vitiate an important function of the Jencks Act—the protection of Government witnesses from influence, threats, harassment, and physical harm." *United States v. Beckford*, 962 F. Supp. 780, 795 (E.D. Va. 1997). Complete copies of any statements of government witnesses will be produced on the date on which this Court orders production of information under the *Jencks* Act, and there is no basis to require earlier production.

Second, the Court should permit the government to withhold the identity of any witness whose excerpted statement must be disclosed at this time until 30 days prior to trial.[2] This condition is consistent with protections other courts have put in place in cases with witness security concerns. For example, in *Beckford* the court did not require the government to produce witness statements, regardless of whether they contained *Brady* information, until three days before jury selection commenced. *Beckford*, 962 F. Supp. at 795. Under the government's proposal should the Court order disclosures at this time, the defendant would be provided with the content of the information he seeks, and only the source of that information would be

---

[2] In the event that the Court is inclined to require the government to disclose the identity of a witness at this time, the government would request that the Court allow the disclosure to be made only to defense counsel for defendant Paiz Guevara and prohibit defense counsel from sharing witness identifying information with anyone, including the defendant, until the date on which this Court orders production of information under the *Jencks* Act.

withheld until 30 days prior to trial. "While the prosecution must disclose the 'existence' and 'content' of *Brady* evidence prior to trial, discovery of a prospective witness's name and address is within the discretion of the trial court." *Metts v. Miller*, 995 F. Supp. 283, 294 & n. 16 (E.D.N.Y. 1997).

Third, the Court should order the government to make any required disclosure only to defense counsel for defendant Manuel Ernesto Paiz Guevara and should order defense counsel not to reveal that information to anyone outside of the defendant's immediate defense team. The information the defendant seeks is not *Brady* as to any other defendant and thus there is no need for disclosure to other defendants.[3] Limiting the number of persons, and particularly defendants, who have access to information concerning witnesses will help reduce the risk to the witnesses.

### Conclusion

The Court should deny defendant's motion as to Categories 3, 4, 5, and 6 in their entirety. The Court should deny defendant's motion as to Categories 1 and 2 at this time and instead order the government to disclose, 30 days prior to trial, any evidence it has that the defendant was not present for the planning of the murder of Gerson Adoni Martinez Aguilar or that the defendant was not informed in advance that the victim was going to be killed. In the event the Court orders any disclosure at this time, it should impose the following conditions:

1. Disclosure shall consist of a redacted or excerpted witness interview report containing the information subject to the Court's order;

2. Witness identifying information shall not be disclosed until 30 days prior to trial;

3. Disclosure shall be made only to defense counsel for defendant Manuel Ernesto Paiz

---

[3] The government will produce complete copies of any statements of government witnesses to counsel for all defendants on the date on which this Court orders production of information under the *Jencks* Act.

Guevara.  Defense counsel shall not reveal the information to anyone other than defendant Paiz Guevara and the investigators assigned specifically to Paiz Guevara and shall ensure that the defendant and investigators do not reveal the information to anyone.

4. In the event the Court orders disclosure of any witness's identity more than 30 days prior to trial, such disclosure shall be made only to defense counsel for defendant Manuel Ernesto Paiz Guevara.  Defense counsel shall not reveal any information concerning the witness's identity to anyone other than the investigators assigned specifically to Paiz Guevara and shall ensure that the defendant and investigators do not reveal the information to anyone.  Defense counsel shall not reveal any information concerning the witness's identity to the defendant until 30 days prior to trial.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

               /s/
Stephen M. Campbell
Julia K. Martinez
Tobias D. Tobler
Assistant United States Attorneys
Counsel for the Government
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
703-739-9556 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that on June 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel for all defendants in this matter.

                                                  /s/
                                 Stephen M. Campbell
                                 Julia K. Martinez
                                 Tobias D. Tobler
                                 Assistant United States Attorneys
                                 Counsel for the Government
                                 United States Attorney's Office
                                 2100 Jamieson Avenue
                                 Alexandria, VA 22314
                                 703-299-3700
                                 703-739-9556 (fax)