IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.           ) | Case no. 1:14-CR-306-GBL - 8 |
| ) | |
| ) | |
| MANUEL E. PAIZ GUEVARA   ) | |

MEMORDANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY CONDUCTED VOIR DIRE

MOTION SUMMARY

The defendant has filed a motion for attorney conducted voir dire. Defendant requests that the court permit each party in the case no more than thirty minutes of attorney conducted voir dire, not as a substitute to court voir dire, but as a complement and addition to the court's voir dire. Supplemental attorney conducted voir dire, while not statutorily or constitutionally mandated at this time, will add an important depth to the voir dire process and permit the court to determine the existence of any bias or prejudice on the part of the potential jurors, often unknown or subconscious in the minds of the jurors. Attorney conducted voir dire will most effectively advance the goal of obtaining an impartial jury, not prejudiced to any trial issues through (1) the intelligent exercise of peremptory challenges by counsel

1

and (2) full and informed consideration by the court of any challenges for cause which may be made.

## MEMORANDUM OF AUTHORITIES AND ARGUMENT

Rule 24, Federal Rules of Criminal Procedure, provides, in pertinent part:

> **Rule 24.** Trial Jurors – (a) (1) *In General*. The court may examine prospective jurors or may permit the attorneys for the parties to do so. (2*) Court Examination*. If the court examines the jurors, it must permit the attorneys for the parties to:
> (A) Ask further questions that the court considers proper; or
> (B) Submit further questions that the court may ask if it considers them proper.

The defendant enjoys the right to a fair and impartial jury, free from bias and prejudice, recognizing that often bias and prejudice may be subconscious and not realized or admitted by the members of the venire.

Additionally the defendant is constitutionally entitled to the effective assistance of counsel and the application of the skills of advocacy in determination of trial strategy and procedure.

Voir dire is recognized as a critical function in protecting the defendant's constitutional rights. Rosales–Lopez v. United States, 451 U.S. 181, 188 (1981). Because of the importance of insuring an unbiased and impartial jury it must be recognized that the only opportunity in American criminal law to test for (1) the presence of bias as to the defendant or issues for trial, (2) ascertain the degree of bias, (3) present evidence of bias into the record for purposes of review and appeal

of voir dire issues, (4) enable the defendant's attorney to exercise his or her most effective efforts to exercise the peremptory challenges or to strike for cause for the constitutional benefit of the defendant. Any "system that prevents or embarrasses the full, unrestricted exercise of the right of challenge must be condemned." Pointer v. United States, 151 U.S. 396, 408 (1893).

Rule 24 (a) of the Federal Rules of Criminal Procedure grants the trial court with broad discretion in conducting the voir dire examination. Included within the road discretion is the right to control who, the parties or the court, conducts the voir dire; the rules specifically provides that the court may either permit counsel to conduct the entire voir dire examination, permit counsel to conduct some voir dire examination to supplement initial voir dire examination by the court, or permit no voir dire examination by counsel and conduct the entire voir dire from the bench. *See* Fed. R. Crim. Pro. 24(a).

The discretion of the court is not without limit. The objective of providing evidence that the jurors are less than neutral is "subject to the essential demands of fairness." Aldridge v. United States, 283 U.S. While it is possible to choose a constitutionally viable jury free from partiality or bias, defendant would submit that attorney conducted voir dire has a greater likelihood of revealing subconscious or repressed bias and prejudice.

ATTORNEY CONDUCTED VOIR DIRE WILL PERMIT THE TRIAL LAWYER THE MOST INTELLIGENT AND INFORMED METHOD TO THE EXERCISE OF PEREMPTORY CHALLENGES.

1. The Importance of Voir Dire To Peremptory Challenges.

"The Sixth and Fourteenth Amendments guarantees a criminal defendant the right to a trial by an impartial jury." Turner v. Murray, 476 U.S. 28, 36 n. 9 (1986).

"Voir dire 'serves the dual purpose' of (1) identifying those individuals in the venire who are incapable of following the court's instructions and evaluating the evidence, and (2) assisting the lawyers in the exercise of peremptory challenges.'" Mu'Min v. Virginia, 500 U.S. 415, 43` (1991).

But both challenges for cause and peremptory challenges are critical to enable fulfillment of the right to an impartial jury. Both of these types of challenges are intended for the sole purposes of permitting counsel to intelligently provide effective assistance of counsel to meet the constitutionally dictated mandate of an impartial jury. Challenges for cause are narrow in scope; such challenges "Permit rejection of jurors on narrowly specified, provable and legally cognizable bas[s]s of partiality." Swain v. Alabama, 380 U.S. 202, 220 (1965). Peremptory challenges, unlike challenges for cause, can be exercised "without a reason stated, without inquiry, and without being subject to the court's control. " Swain, 380 U.S. 220. *But cf.* Batson v. Kentucky, 476 U.S. 79 (1986) and its progeny.

4

Because of the narrow scope of permissible challenges for cause, the peremptory challenge is often the most useful and important tool for a litigant in picking an impartial jury. As noted by the Supreme Court of the United States in Swain: "The voir dire in American trials tends to be extensive and probing, operating as a predicate for the exercise of peremptory ….[t]he persistence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury." Swain, 380 U.S. at 218-219.

In order for a peremptory challenge to serve its purpose, it must be intelligently exercised. This requires that the parties obtain sufficient information from the veniremen upon which to base or predicate the peremptory challenges and to fully explain the justification for the use of the peremptory should some challenge be made by the opposing party to the challenges use or application. Without full voir dire litigants are compelled to exercise peremptory strikes based on feelings or intuition based on appearance. Predicating peremptory strikes on feelings or intuition comes precariously close to the application of racial or gender discrimination and stereotyping, both of which are constitutionally forbidden. See Batson v. Kentucky, 476 U.S. 79 (1986).

It should be noted that voir dire is to illicit from the venire their heartfelt views on issues affecting their impartiality. Voir dire which merely provides leading

questions to the venire, to which the venire will chant predicable responses cannot enable counsel to effectively utilize peremptory strikes or make challenges for cause. Often courts have conducted voir dire which the leading question "Can you be fair and impartial?" It is rare, if ever, that any venireman responds in the negative. Such voir dire, of a leading nature, is worthless.

2. The Contribution of the Defense Attorneys' Knowledge of the Case and its anticipated issues.

One benefit to the court by a short period of attorney conducted voir dire after the court's general voir dire will be reflected in the litigant attorney's, regardless if defense or prosecution, having more in-depth knowledge of the case and the issues to be involved. Important and immediate follow-up questions are more likely to occur to the trial advocate than the court for several reasons, including the fact that the trial judge cannot be familiar with all of the discovery provided, or the details of that discovery, nor the defendant's defense hypothesis.

Voir dire conducted solely by the court interferes and can thwart the intelligent exercise of peremptory challenges. The trial lawyers are more likely to know the areas of questioning that must be further explored in order to uncover the prejudices, often unknown or unrealized by the venireman which are most pertinent to the evidence which will be presented at trial.

3. The Importance Of Identification Of Implicit Bias Toward Criminal Defendants, Ethnic minority defendants and Certain offenses.

Implicit bias among jurors is a well-known and recognized impediment to sitting fair and impartial juries. Current legal periodicals and law review articles are replete with the issues involving identification of implicit bias by jurors. Implicit bias is recognized as one of the greatest driving forces in discrimination in criminal law. See <u>Unraveling the Gordian Knot of Implicit Bias in Jury Selection; The Problems of Judge-Dominated Voir dire, The Failed Promise of Batson, and Proposed Solutions</u>, Hon. Mark W. Bennett, United States District Judge for the Northern District of Iowa, Harvard Law & Policy Review, Vol 4  *See e.g*. <u>In the Vanguard of the American Jury; A Case Study of Jury Innovations in the Northern District of Iowa</u>, 28 N. Ill. U.L. Rev. 453 (2008); <u>Implicit Bias in the Courtroom</u>, 59 U.C.L.A. L. Rev. 1124 (2012), Jerry Kang, Judge Mark Bennett, Devon Carbado, Pam Casey, Milanjana Dasguptan, David Faigman, Rachel Godsil, Anthony G. Greenwald, Justin Levinson, and Jeffifer Mnookin; <u>(Re)forming the Jury: Detection and Disinfection of Implicit Juror Bias</u>, Conn. Law Review, Vol. 44, Number 3, p. 827, February 2013; Massachusetts Bar Association; <u>Voir Dire Enlightens Jurors About Unconscious Bias</u>, Stephen L. Lipman,  https;//www.massbar.org/publications/section-review/2002-n2/voir-dire-enlightns-juror. <u>In Search of an Impartial Jury,</u> Pacific Standard, Kate Wheeling, Jan. 20, 2015, http;//www.psmag.com/politics-and-law/search-impartial-jury-trial-court-dzhokhar-tsarnaev.

All of these articles can be summarized into two telling points: 1. Implicit bias is present and a serious issue in the American criminal justice system, and 2. As stated by Judge Mark W. Bennett, Northern District of Iowa, in the earlier cited article in the Harvard Law & Policy Review, "Judge-dominated voir dire, with little or no attorney involvement, prevents lawyers from using informed strikes to eliminate juror." "For a variety of reasons, judges are in a weaker position than lawyers to anticipate implicit biases in jurors and determine who those biases might affect the case."

Recognizing the burden of the docket of this court, to suggest that all of these articles be reviewed might be excessive, however, it is deeply recommended to understand the depth of this problem and the need for attorney conducted voir dire that U. S. District Judge Mark W. Bennett's Harvard Law & Policy Review article be read and considered.

No less than Justice O'Connor, has observed, recognizing the challenge to the law brought by implicit bias of jurors, stated, "That the Constitution does not give federal judges the reach to wipe all marks of racism from every courtroom in the land is frustrating, to be sure." Georgia v. McCollum, 505 U.S. 42, 69 (1992).

    4. The Difference in Stature to the Jurors between the Court and the Advocates and Eliciting Evidence of Juror Biases.

It must be accepted as a reality that the typical juror brought into any court, particularly one with the prominence and decorum of a United States District Court,

is awed. The ceremony of the judicial system, the formality of the courtroom, the deference to the court and the impact of the jury process and jury duty on the average citizen should cause awe. This awe can lead to jurors, when questioned, to give the most respectful answer or the answer the juror believes the court wishes to hear.

The attorneys, as advocates, do not labor under that mantle. The trial lawyers do not generate the awe and deference of the court, robed and sitting a behind mahogany bench, festooned with flags and gilded seals.

This lack of stature ensures to the advocates ability to engage with and have dialogue with the potential jurors while provide more complete information as to the existence of bias and prejudice as to the defendants and the issues at trial. See Suggs and Sales, Juror Self-Disclosure in the Voir Dire: A Social Science Analysis, 56 Ind. L. J. 245, 253-58 (1981). This study spells out, through analysis and study, that while people, including jurors (1) tend to disclose more to a person who is perceived to have a higher status than they, they (2) tend of disclose less personal information if the status differential is too great. *See id.* at 253.

The difference in the status between the attorneys and the jurors and the court in the jurors is significant. The court is entitled to and is viewed by the jurors has more important. This is apparent when one observes the respect and reverence dynamics of the courtroom. All, including the jurors, rise when the judge enters the courtroom. No one rises when the attorneys enter the courtroom.

> 5. Permitting Attorney Conducted Voir Dire Guarantees a Better and More Complete Appellate Record.

Failure of the court to address a specific issue on voir dire can amount to reversible error. Various circuits have found reversible error when some pivotal issue, raised at trial, but not addressed in voir dire occurs.

When the trial attorney is permitted time to conduct voir dire an issue, later asserted as a significant issue but an issue not raised, that issue is considered waived by the parties. In short, a party cannot complain when the trial court fails to address issues concerning race or relationship to law enforcement, if the attorney is granted attorney conducted voir dire and chooses not to address the specific issue. There is no error. The court granted the attorney leave to raise the issues the defense found to be significant and, for whatever reason, the trial attorney did not find it to be significant enough to address. Any error is waived.

Examples of reversals when trial issues raised were not addressed in court conducted voir dire. In United States v Contreras-Castro, 825 F.2d 185, 187 (9th Cir. 1987) (Case reversed because court failed to ask whether juror would give greater credence to the testimony of law enforcement); United States v. Washington, 819 F.2d 221 (9th Cir. 1987) (reversed due to failure of court to ask if any jurors knew any witnesses); United States v. Ible, 630 F.2d at 394-95 (failure to ask about juror's moral or religious beliefs about alcohol); United States v. Shavers, 615 F.2d 266, 268 (5th Cir. 1980) (failure to inquire in assault case whether any juror had even been

10

the victim of crime involving an assault with a gun or knife): United States v. Allsup, 566 F.2d 68, 70 (9th Cir. 1977) (failure to ask jurors their views on the validity of the insanity defense); United States v. Segal, 534 F.2d 578, 581 (3rd Cir. 1976) (failure to ask jurors whether they had been employed by agency prosecuting the case); United States v. Dellinger, 472 F.2d 340, 368-69 (7th Cir. 1972) (failure to ask jurors about attitudes toward the Vietnam war, "youth culture", and their relationship with law enforcement officers in case arising out of a Vietnam protest demonstration) (United States v. Poole, 450 F.2d 1082, 1084 (3rd Cir. 1971) (failure to inquire of jurors in bank robbery cases whether the jurors or any juror's family members had been victim of robbery).

Defendant would offer apologies for reference to such old cases, however, the facts of these cases best demonstrate the subjectivity and the related difficulties with court conducted voir dire. Court conducted voir dire could not be adequate or possible without knowledge of the parties' theory of the case or the underlying facts of the case. The court could not have foreseen that the areas for which reversal was granted or would be of consequence during the trial.

Additionally, had the court permitted the attorneys to conduct voir dire or participate in voir dire, if those specific issues were not addressed in voir dire by the defense attorneys, the appellate court would not have reversed. The defendant had the opportunity to raise the specific issue and failed to. The issue was waived.

Each trial involves a myriad of possible pivotal issues which should be addressed on voir dire. The actual trial lawyer, whether prosecution or defense, is most familiar with the facts of the case and, more importantly, given the prosecution or defense hypothesis of the case, which issues will be germane or most likely raised and addressed during trial. The court cannot assume no expected to be clairvoyant.

6. Any question as to the neutrality of a juror seated must be resolved in favor of the defendant and reversal. Leading questions to rehabilitate a juror providing a biased answer does not negate the appearance of bias.

Based on experience and practice, a potential juror giving a less than neutral response to a question is usually "rehabilitated" by the court with a leading question. "In spite of that racist and hateful response, you could still be fair and impartial?" Response, "Of course I could."

That answer, given in response to a leading question, whether by the court or a party, does not show the juror to be free of bias and prejudice. The qualifying answer was planted in the mind and mouth of the juror and, exacerbated by the perceived power of the court and out of deference to the court, the juror gave the answer which was called for by the question. The answer to a leading question does not dispel the bias and prejudice of the original answer.

Experienced advocates on voir dire know that, after the juror is "educated' as to a legal issue, by example, presumption of innocence, the next question leads with the "wrong answer"." When the juror, of his or her volition, provides the correct

answer, consistent with the concept of presumption of innocence given by the court or the attorney, the mindset of the juror has been established. The juror is free of bias and the defendant's constitutional right to a fair and impartial jury has been satisfied.

WHEREFORE, premises considered, defendant prays that the court order that some attorney conducted voir dire be authorized during the trial of this matter.

Respectfully submitted,

**MANUEL E. PAIZ GUEVARA**

By: _____(s)_____

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia 23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
571.276.8279
Email: mike@chichlawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Appearance was duly served via ECF, upon:

Stephen M. Campbell, Esq.

Julia K Martinez, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314,

And all other defendants in this matter by the Court's electronic filing system.

/s/     David   P.   Baugh
**David P. Baugh**
