**EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.    ) | Case no. 1:14-CR-306-GBL - 8 |
| ) | Defendant **GUEVARA'S** |
| ) | |
| MANUEL E. PAIZ GUEVARA   ) | |

**MOTION FOR VIDEORECORDING OF ALL FOREIGN SPEAKING WITNESSES**

**MOTION SUMMARY**

1. Defendant moves for an order directing that all foreign speaking witnesses, in addition to the court reporter recording the testimony, be video recorded, and the recording made a part of the official record of the case.

2. Whenever a foreign speaking witness testifies in court, the words of the witnesses are never in the record. Only the words of the interpreter are preserved for the record.

3. The court has an obligation pursuant to 28 U.S.C. § 753 to employ a court reporter to record, inter alia, all proceedings in criminal cases had in open court.

4. All proceedings occurring in court must be recorded "verbatim by shorthand, mechanical means, electronic sound recording or any other method ..." 28 U.S.C. § 753 (b).

1

5. The word "verbatim", as per Merriam-Webster's dictionary means:" in the exact words: word for word."

6. Literal interpretation is not possible and oxymoronic as "literal" means or denotes something existing without the necessity of interpretation and "translation" means or denotes an interpretation of the meaning of the words.

7. **The court interpreter is compelled to, in some instances, rearrange, reorder or change words beyond their literal translation in order to convey, accurately, the witness' testimony.**

8. **Generally translators or interpreters must either use "word for word" translation or "word by word" translation.**

9. **Word-for-word translation requires translating each word/phrase for its equivalent in the target language' retaining the meaning of the sentence at the expense of loss of any idiom.**

10. Word-by-word" translation requires translating each word to its closest word match in the target language, maintaining overall expression, at the possible cost of meaning.

MOTION

COMES NOW, MANUEL E. PAIZ GUEVARA, defendant herein, pursuant to 28 U.S.C. § 753,[1] and moves for an order directing the all foreign or non-English speaking witnesses have their testimony recorded by some manner of video imaging and audio recording to be preserved and made a part of the official court record for appellate review.

In support of the motion the defendant would allege and prove the following:

1. That the defendant has a statutory right, for purposes of appeal, to have the proceedings and testimony officially memorialized. See also Rule 4, Fed. R. App. Pro. and Rule 10, Fed. R. App. Pro.

2. That translation from one language to another often cannot be literally done.

3. That subtle differences in the exact word selected by the witness and the word used by the interpreter, often attempting to maintain pace with judges and lawyers do not pace themselves in accordance with permitting the most accurate interpretation, can change to some degree the meaning of the witness' answer.

---

[1] (b) Each session of the court and every other proceedings designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound records, or any other method …
[of] (1) all proceedings in criminal cases had in open court; …"
    28 U.S.C. § 753 (b) (1).

4. That the Federal Court Interpreter Orientation Manual and Glossary, the Administrative Office of the United States Courts, explains the mental process of official translation: "[The interpreters] convert the words of the speaker to the language of the listener. Interpreters are never the authors of the speech, but they must grasp the meaning and style of discourse rapidly, find an equivalent in another language, and articulate it." Chapter 3: Overview of Court Interpreting, page 22, language skills.

5. The interpreters must grasp, through the words of the witness, the source language, and choose a meaning to those thoughts and ideas and substitute words to the target language approximating those thoughts and ideas. "It is important to note that interpreters are not performing word-for-word translation, but transferring thoughts and ideas accurately and completely from a source to a target language. Concentrated listening is crucial for an exact rendering of the original message; thus …" Federal Court Interpreter Orientation Manual and Glossary, the Administrative Office of the United States Courts, Section 111, Modes of Interpretation, Simultaneous, page 23.

6. The court and the attorneys must be conscious of pacing or tempo of the words used to enable interpreters to translate. "Consecutive interpretation is the 'question and answer' mode in which the speaker completes a

statement and the interpreter begins to interpret after the statement is completed. … Short consecutive is a mode by which interpreters relay a message in the target language in a sequential manner after the speaker."

7. Some method must devised for preserving, for review, the exact words in the foreign language, for purposes of sufficiency of the evidence or prejudicial error.

8. 28 U.S.C. § 753 (b) grants the court leave to order that requested by the defendant. "Each session of the court … shall be recorded **verbatim** by shorthand, mechanical means, electronic sound recording, or **any other method** … subject to the discretion and approval of the judge." Emphasis added.

WHEREFORE, premises considered, defendant moves that the above and foregoing Motion be, in all things, granted and the court make arrangements to electronically video record and audio record all non-English speaking witnesses and that the recordings be made a part of the official record of evidence presented.

Respectfully submitted,

**MANUAL E. PAIZ GUEVARA**

By: _____(s)_____


David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030
571.276.8279
Email:  mike@chichlawfirm.com
**ATTORNEYS FOR DEFENDANT**


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Appearance was duly served, June 4, 2013, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia  22314,

And all other defendants in this matter by the Court's electronic filing system.

/s/  *David P. Baugh*
**David P. Baugh**

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com