IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Criminal Number: 1:14-CR-00306 |
| | ) | Honorable Gerald B. Lee |
| DOUGLAS DURAN CERRITOS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DOUGLAS DURAN CERRITOS' MOTION FOR A BILL OF PARTICULARS

COMES NOW the defendant, Douglas Duran Cerritos, by counsel, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and hereby moves the Court for an Order directing the Government to file a Bill of Particulars as to Counts Four and Six of the Third Superseding Indictment.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he Court may direct the Government to file a Bill of Particulars." "The purpose of a Bill of Particulars is to inform the defendant of the charge against him in sufficient detail and to minimize surprise at trial." *United States v. Butler*, 885 F.2d 195, 199 (4th Cir. 1989).

Fed. R. Crim. P. 7(f) permits a court to order the United States to file a bill of particulars, which is designed as a remedy for an indictment which does not provide sufficient facts to enable the defendant to prepare his defense. *United States v. Okun*, 2009 U.S. Dist. LEXIS 12421 *7 (Feb. 18, 2009). The bill of particulars is intended to identify for the defendant "the area within which the United States' chief evidence will fall." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). The bill of particulars is not intended to provide the defendant with detailed

1

information concerning that evidence, however; it is designed to provide enough information to allow the defendant to prepare for trial. *Id.* A bill of particulars cannot repair a defective indictment, but it can provide missing or additional information that is necessary to assist the defendant. *Id.* The fact that the indictment is valid is no defense to a Bill of Particulars, but rather to furnish the defendant further information respecting the charge stated in the indictment when necessary to the preparation to the defendant's defense, and to avoid prejudicial surprise at trial. *Id.* As with an indictment, a bill of particulars serves to set the parameters of the government's case, such that "there can be no variance between the notice given in a bill of particulars and the evidence at trial." *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985).

A Bill of Particulars is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should be he prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir.1987) (citations omitted) (per curiam).

With the wide latitude accorded the prosecution to frame a charge that a defendant has "conspired" to promote the affairs of an "enterprise" through a "pattern of racketeering activity" comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988).

By this motion, this defendant seeks the particulars as to his participation in the alleged criminal organization and his alleged role in that organization. The indictment is insufficient to inform the defendant of allegations he may face at trial and thus a Bill of Particulars is needed.

Counts Four and Six of the Second Superceding Indictment incorporate the first 13 introductory paragraphs. These first 13 paragraphs allege factual allegations with reference to the nature and character of MS-13 generally, but are completely silent of any acts committed by the defendant Douglas Duran Cerritos.

Specifically, paragraph 11 of the Second Superceding Indictment lists six objectives of MS-13. In order to adequately defend himself and avoid surprise at trial, Mr. Cerritos requests this Court to order the Government to inform him of the time, date, place and manner of any acts which it intends to introduce at trial that:

> (a) Preserved, expanded, or protected the power, territory, and prestige of MS-13 through the use of violence, threats of violence, and intimidation;
>
> (b) Promoted or enhanced MS-13 and the activities of its members and associates by committing crimes, including but not limited to, murder;
>
> (c) Kept victims in fear of MS-13 or kept persons in fear of its members and associates through intimidation, threats of violence, and violence;
>
> (d) Confronted or retaliated against rival gangs through the use of violence, threats of violence, and intimidation;
>
> (e) Hindered or obstructed efforts of law enforcement to identify, apprehend, and successfully prosecute gang members; and
>
> (f) Provided financial support and information to members of MS-13, including those incarcerated in the United States and El Salvador.

Specifically, paragraph 12 of the Second Superceding Indictment lists five "means and methods" of MS-13. In order to adequately defend himself and avoid surprise at trial, Mr. Cerritos requests this Court order the Government to inform him of the time, date, place and manner of any acts which it intends to introduce at trial whereby the defendant, or someone he conspired with,:

(a) Used intimidation, threats of violence, and violence, including murder and assault, to preserve, protect, and expand the MS-13's territory and activities or to enhance its prestige, reputation and position in the community;

(b) Promoted a climate of fear through intimidation, violence, and threats of violence;

(c) Used intimidation, threats of violence, and violence, including murder and assault, to discipline members and associates who had violated enterprise rules;

(d) Used telephones to discuss gang-related business and to obtain approval for the use of violence in furtherance of the purposes of MS-13; and

(e) Collected dues to send to fellow gang members who were incarcerated, who had been deported to Central America and elsewhere, or who were in need of money, or sent United States currency to MS-13 leadership in El Salvador in an effort to continue the business of the MS-13.

In addition, paragraph 13, of the Third Superceding indictment alleges "racketeering activity" without any further reference. Again, while the government has asserted this allegation in its indictment it has provided no specifics as to the time, date or nature of such acts, and whether or not Mr. Cerritos engaged in such activities. Clearly, this is criminal conduct separate and apart from the murders alleged in Counts Four and Six, and is exactly the type of conduct for which a Bill of Particulars should be ordered. As the Second Circuit stated in *Davidoff*, "with the wide latitude accorded the prosecution to frame a charge that a defendant has "conspired" to promote the affairs of an "enterprise" through a "pattern of racketeering activity" comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988). Further, Mr. Cerritos is not charged in the Third Superseding Indictment with conspiracy but has been joined by the Government for trial with defendants who have been so charged.  In order to properly argue whether this joinder is proper Mr. Cerritos must know the exact nature of the allegations the Government is making against him.

It should be noted that the Government has provided a significant amount of discovery to date. But the discovery has been a delivered in a format that makes it almost impossible to ascertain what is relevant and/or significant. As an example, Counts Four and Six involve murders where the victims were both buried in a park. The discovery delivered by the Government contains hundreds, if not thousands, of photos of the autopsies and burial sites of the two victims. Yet the photos do not advise counsel which victim is on the autopsy table or which victim is in a particular burial site, as such counsel cannot discern which photos are attributable to which count of the Indictment. The discovery has thousands of phone calls, almost all of which are exclusively in Spanish. Again, the Government has not provided an index describing what phone calls relate to Mr. Cerritos or which ones promote the activities of MS-13. It would be unfair and prejudicial to Mr. Cerritos' right to a fair trial to allow the Government to take the position that the information sought has been provided through discovery of this nature.

Therefore, for the reasons stated above, Mr. Cerritos requests this Court grant his Motion for a Bill of Particulars in this case so that he can prepare for trial, prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir. 1987) (citations omitted) (per curiam).

Respectfully Submitted,
**DOUGLAS DURAN CERRITOS**

By: _____/s/_____
                     Counsel

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN ROCKECHARLIE, PLLC
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235

T:      804.379.1900
F:      804.379.5407
jrockecharlie@bowenlawfirm.com
VA Bar No.: 27701

Dwight Crawley, Esq.
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the   22nd   day of July, 2015, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)
to the following:

Stephen M. Campbell, Esq.
Assistant U.S. Attorney
and
Julia K. Martinez, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
for Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Office: 703-299-3700
stephen.m.campbell@usdoj.gov
julia.k.martinez@usdoj.gov

and to counsel for all other defendant's in this matter.

_____/s/_____

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN
ROCKECHARLIE, PLLC
VA Bar No.: 27701
1919 Huguenot Road, Suite 300

Richmond, Virginia 23235
T:      804.379.1900
F:      804.379.5407
jrockecharlie@bowenlawfirm.com

Dwight Crawley, Esq
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com