IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.  CaseNo.l:14-CR-306
Honorable Gerald Bruce Lee

DOUGLAS DURAN CERRITOS   Defendant.

### DEFENSE MOTION TO DIRECT THE GOVERNMENT TO GIVE NOTICE OF ITS INTENTION TO RELY UPON OTHER CRMES EVIDENCE AND MEMORNADUM IN SUPPORT

**COMES NOW** the Defendant Douglas Duran Cerritos, by his attorneys John A. Rockecharlie and Dwight Crawley, and hereby move this Honorable Court for an Order directing the government to give immediate notice of its intention to use evidence of "other crimes, wrongs or bad acts" (Fed. R. Evid. 404(b)) in the trial of this case, to specify what particular accusations will be made and to identify the witnesses, documents, and physical evidence it intends to rely upon at trial to prove these matters. This Motion is made pursuant to Federal Rule of Evidence 404(b)(2), the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States. In making this Motion, Mr. Cerritos also relies upon his constitutional rights to due process of law, to present any exculpatory evidence, to call for evidence in his favor and to present a defense, to confront the evidence against him, to a fair trial, to effective assistance of counsel, to heightened

1

reliability of the determinations made at all stages of the proceedings, and to be free from cruel and unusual punishment.

## FACTS

1) In counts Four and Six of the Third Superseding indictment, Mr. Cerritos is charged with Murder in Aid of Racketeering. The United States is seeking a sentence of life without the possibility of parole.

2) Paragraph 10 of the third superseding indictment alleges that MS-13, including its leaders, members and associates, constitutes an enterprise as defined in Title 18, United States Code, Section 1969(b)(2), that is, a group of individuals engaged in activities which affect, interstate and foreign commerce. The Indictment alleges MS-13 is an ongoing organization whose members and associates function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3) Paragraph 11 of the third superseding indictment states the alleged "Purposes of the Enterprise" to include, among other things, the use of violence and obstruction of justice and murder to expand reputation, territory and power of MS-13.

4) Paragraph 13 of the third superseding indictment alleges that, "MS-13, through its members and associates, engages in racketeering activity as defined in Title 18, United States Code, Sections 1503 (obstruction of justice) and 2421 and 2422 (sex trafficking); and acts involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846."

ARGUMENT

Federal Rule of Evidence 404 governs the admissibility of such "bad acts" evidence and applies to the government and the defense. The relevant subsection of the Rule 404 provides that: **(b) Crimes, Wrongs, or Other Acts**:

    (1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    (2) *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

        **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

        **(B)** do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

A plain reading of Fed. R, Evid. 404(b) expressly requires the government to provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence that it intends to introduce at trial." *Id.* This rule was amended in 1991 adding the pretrial notice requirement in criminal cases so as to "reduce surprise and promote early resolution on the issue of admissibility." See Notes of Committee on the Judiciary, Senate Report No. 93-1277.

This Court should not allow the government to circumvent the clear mandate and objective of the notice requirements of Fed. R. Evid. 404(b) by suggesting that the uncharged acts are overt acts in furtherance of the conspiracy rather than prior bad acts admissible under an exception to Fed. R. Evid. 404(b). See *(United States v. Palacios, 611* F.3d 234 (4th Cir. 2012) (Holding that evidence of intrinsic

3

evidence that are offered to prove the alleged crimes are not covered by Fed. Rule of Evid. 404(b)). To the extent that the government relies on this alternative route of admissibility, then the court should order the government to provide a bill of particulars with regard to all uncharged overt acts that it plans on introducing at trial. *See United Stales v. Hubbard,* 474 F. Supp. 64, 81 (D.D.C. 1979) (Ordering the government to provide a list of all unindicted coconspirators and all overt acts in furtherance of the conspiracy but not named in the indictment); *See also United Slates* v. *Mamiino,* 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) (Ordering bill of particulars with regard to overt acts).

WHEREFORE no matter what the government calls these uncharged bad acts, it is clear that the defense should have specific notice sufficient to permit defendants' counsel to investigate the allegations and to prepare Mr. Cerrito's defense to them. The basis for the amendment to Rule 404(b) requiring pretrial notice and the courts' reasoning in *Hubbard* and *Mannino* require nothing

Sound judicial administration requires pretrial notice of the intention to use other crimes evidence. Thus, in fairness to the accused and to this Court, as well as in keeping with Fed. R. Evid. 404(b), the defendants' motion should be granted.

Respectfully Submitted,
**DOUGLAS DURAN CERRITOS**

By: _____/s/_____
Counsel

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN ROCKECHARLIE, PLLC
VA Bar No.: 27701
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235

4

T:    804.379.1900
F:    804.379.5407
jrockecharlie@bowenlawfirm.com

Dwight Crawley, Esq.
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the  22nd  day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Stephen M. Campbell, Esq.
Assistant U.S. Attorney
and
Julia K. Martinez, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
for Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Office: 703-299-3700
stephen.m.campbell@usdoj.gov
julia.k.martinez@usdoj.gov

and to counsel for all other defendant's in this matter.

/s/
_____

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN
ROCKECHARLIE, PLLC