IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Criminal Number: 1:14-CR-00306 |
| ) | Honorable Gerald B. Lee |
| DOUGLAS DURAN CERRITOS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO USE A JURY QUESTIONAIRE

The defendant, Douglas Duran Cerritos, through undersigned counsel, respectfully requests that the Court administer a jury questionnaire to assist in the selection of a jury in the above referenced case. Although this is not a capital case where jury questionnaires are commonplace, Mr. Cerritos requests the use of a jury questionnaire due to the significant pre-trial publicity about this case and the related cases with guilty pleas entered in state court. Allowing this proposed jury questionnaire will ensure that Mr. Cerritos protects his Sixth Amendment right to an impartial jury while also reducing the number of hours in court which would be required to select an impartial jury.

### Background

In counts Four and Six of the Third Superseding indictment, Mr. Cerritos is charged with Murder in Aid of Racketeering.

As the court is aware, there have been numerous articles about this indictment. A vast majority of the articles are entitled with "MS 13 Gang" in the headlines.

The effect of this publicity on the jurors impartiality needs to be explored before any peremptory strikes or strikes for cause are exercised by counsel. Further, the number of people directly affected by gang or gang violence could be numerous in the jury panel and their exposure to such would need to be explored before any strikes were exercised by counsel. Due to the pre-trial publicity and the anticipated length of the trial, Mr. Cerritos should be permitted to use a jury questionnaire to eliminate empaneling a juror who has a bias against him or other improper preconceived notions about the subject matter of this case. *See* U.S. Const. amend. VI..

Finally, by mailing the Juror Questionnaire to the venire in advance and asking more case specific questions on the morning that juror selection is scheduled to begin, important information will be made available to counsel and the Court, resulting in a more effective and efficient selection process.

### Supporting Authority

Although jury questionnaires are typically reserved for capital cases, judges have the discretion to use them non-capital cases and have repeatedly used that discretion undress circumstances similar to this case. *See United States v. Dinkins*, 691 F.3d 358 (4th Cir. 2012) (noting use of jury questionnaire in non-capital case); *Rosales-Lopez v. United States*, 451 U.S. 182, (1981) (noting that the entire voir dire process is left to the discretion of the trial court); *United States v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991) (same); *see also United States v. Blanding*, 250 F.3d 858, 859 (eth Cir. 2001) (noting use of jury questionnaire in a non-capital case); *United States v. Masiarczyk*, 1 Fed. Appx. 199, 211 (4th Cir. 2001) (per curiam) (unpublished) (same); *United States v. Riding*, No. 5:08CR1, 2009 WL 36764, at *11 (N.D. W.Va. Jan. 6, 2009) (same); *Lasher v. Day & Zimmerman Int'l, Inc.*, No. 6:06-2681, 2008 WL 4449953, at *2 (D.S.C. Sept. 26, 2008) (same); *Snyder v. Phelps*, 533 F. Supp. 2d 567, 583 (D.

Md. 2008) (same); *United States v. Joe*, 787 F. Supp. 548, 554 (E.D. Va. 1992) (same). Moreover, considering the pre-trial publicity, emotional responses to gang testimony, the graphic nature of the alleged crimes and the likelihood of a lengthy trial, a jury questionnaire will also reduce "substantially the number of trial hours required to select the jury." *See Spell v. McDaniel*, 616 F. Supp. 1069, 1094 & n.31 (E.D.N.C. 1985), *aff'd in part, vacated in part on other grounds,* 824 F.2d 1380 (4th Cir. 1987).

In conclusion, Mr. Cerritos respectfully requests the Court to permit use of a jury questionnaire.

Respectfully Submitted,
**DOUGLAS DURAN CERRITOS**

By: _____/s/_____
Counsel

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN ROCKECHARLIE, PLLC
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
T:  804.379.1900
F:  804.379.5407
jrockecharlie@bowenlawfirm.com
VA Bar No.: 27701

Dwight Crawley, Esq.
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Stephen M. Campbell, Esq.
Assistant U.S. Attorney
and
Julia K. Martinez, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
for Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Office: 703-299-3700
stephen.m.campbell@usdoj.gov
julia.k.martinez@usdoj.gov


and to counsel for all other defendant's in this matter.


/s/

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN
ROCKECHARLIE, PLLC
VA Bar No.: 27701
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
T:      804.379.1900
F:      804.379.5407
jrockecharlie@bowenlawfirm.com

Dwight Crawley, Esq.
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com