# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case no. 1:14-CR-306-GBL - 8 |
| | ) | |
| MANUEL E. PAIZ GUEVARA | ) | |

### MOTION FOR IMMEDIATE TENDER OF GIGLIO MATERIALS

### MOTION SUMMARY

Defendant seeks the immediate tender of all information regarding cooperating witnesses. Defendant specifically seeks immediate tender of communications soliciting the opportunity to cooperate with prosecution between the cooperating individuals and law enforcement or members of the prosecution, both state and federal, seeking cooperation or sentence reductions in consideration for cooperation. Defendant further seeks all investigate case reports detailing or discussing such offers of cooperation, written proffers between the witness and the government and reports detailing or discussing such offers or negotiations. .Defendant cannot investigate the evidence the defendant must meet at trial without immediate tender of the requested information.

**MOTION**

1

COMES NOW, MANUEL E. PAIZ GUEVARA, hereinafter referred to as defendant and files this, his Motion for the Immediate Tender of Brady and Giglio Information as to Cooperating Individuals. Defendant's motion is made pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Kyles v. Whitley, 514 U.S. 419 (1995) and Giglio v. United States, 405 U.S. 150 (1972).

The due process clause requires tender of any information possessed by the prosecution or any of its investigative entities which (1) negates the guilt of the accused, (2) mitigates his punishment or (3) which could be used to impeach a government witness.

In support of the motion the defendant would allege and prove the following:

1. Seeking the opportunity to garner favor from the government in consideration, implicitly or explicitly, for cooperating is evidence which due process requires immediate tender as evidence of inducement to fabricate as the witness may obtain a sentence reduction.

2. That immediate tender, versus tender merely prior to trial or cross examination is required pursuant to the Virginia Rules of Professional Conduct and the laws of the United States as acknowledged in the United States Department of Justice memorandum to Offices of United States Attorney. See Odgen Memorandum, attached to defendant's memorandum of authorities filed in support of this motion.

3. The immediate tender of such information is not barred by the Jencks Act, 18 U.S.C. § 3500.

4. Immediate tender is required to enable the defendant to fully investigate the witnesses and his/or her reason to fabricate to provide effective cross examination of the witness.

5. Rule 3.8 of the Rules of Professional Conduct of the Virginia State Bar provides, in pertinent part: "… (d)[A prosecutor is required to] make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence which the prosecutor knows tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment, except when disclosure is precluded or modified by order of a court; and…" See also Virginia State Bar, LEO 1863, mandating immediate tender of such materials, unless the obligation is precluded or modified by court order.

6. Effective assistance of counsel obligations mandates that counsel investigate every issue to provide the defendant with his constitutionally guaranteed rights.

7. Investigate reports of law enforcement, including FBI 302 reports, which contain quoted portions of the witness are not Jencks material and are subject to the immediate obligations of Brady v. Maryland.

WHEREFORE, premises considered, defendant moves for the immediate tender of any and all writings and letters, memoranda, reports, proffers and other indicia of offers of cooperation from any cooperating individual to authorities seeking or offering cooperation, implicitly or explicitly, in consideration for reductions in sentencing or sentencing exposure for pending cases. Defendant further moves for information indicating the cooperating witness has either/or testified in the case for the government in the past or has solicited or attempted to offer testimony for the government in another case.

        Respectfully submitted,

        **MANUEL E. PAIZ GUEVARA**


      By: _____(s)_____


David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia 23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
571.276.8279
Email: mike@chichlawfirm.com
**ATTORNEYS FOR DEFENDANT**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Appearance was duly served, June 4, 2013, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia  22314,

And all other defendants in this matter by the Court's electronic filing system.

/s/  *David P. Baugh*
**David P. Baugh**

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com