IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Criminal Number: 1:14-CR-00306 |
| ) | Honorable Gerald B. Lee |
| DOUGLAS DURAN CERRITOS, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO DISMISS COUNT FOUR OF
### THE THIRD SUPERSEDING INDICTMENT

COMES NOW the defendant, Douglas Duran Cerritos, by counsel, and moves this Honorable Court to dismiss Count Four of the Third Superseding Indictment. Mr. Cerritos was under the age of 18 when the act alleged in Count Four was committed and the sentencing structure of Title 18 USC §1959(a)(1) violates the mandate of *Miller v. Alabama*, 132 S. Ct. 2455 (2012) and the Eighth Amendment to the United States Constitution as it amounts to cruel and unusual punishment.

### ARGUMENT

Count Four of the Third Superseding Indictment alleges that on or about October 7, 2013 the defendant, and others, intentionally murdered Nelson Omar Quintanilla Trujillo "for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity…" Defendant's date of birth is February 20, 1996, making him 17 years old at the time of the alleged offense.

Title 18 USC §1959(a)(1) reads in part:

> (a) Whoever, as consideration for the receipt of, or as consideration for
> a promise or agreement to pay, anything of pecuniary value from an

enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished--

(1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;

The Government has notified the Court that it is no longer seeking a death sentence, therefore the only penalty of imprisonment left for the Court to impose would be a mandatory Life sentence.

The imposition of a "Mandatory Life" for criminal acts done by a juvenile is contrary to the ruling in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). If Mr. Cerritos is convicted of Count Four, Title 18 USC §1959(a)(1) requires the Court to impose a Life Sentence and therefore eliminates the Court's ability to consider factors relating to the defendant's age and maturity. The statute the Government has chosen to use to prosecute Mr. Cerritos is exactly the type of statute the Supreme Court took issue with in *Miller*:

"the mandatory penalty schemes at issue here prevent the sentencer from taking account of these central considerations. By removing youth from the balance--by subjecting a juvenile to the same life-without-parole sentence applicable to an adult--these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately

punishes a juvenile offender. That contravenes *Graham*'s (and also

*Roper's*)(referencing *Graham v. Florida*, 560 U.S. 48 (2010) and *Roper v.

Simmons*, 543 U.S. 551 (2005)) foundational principle: that a State's most

severe penalties on juvenile offenders cannot proceed as though they were not

children." *Miller* at 2466.

## CONCLUSION

Mr. Cerritos argues that Title 18 USC §1959(a)(1), as it pertains to him due to his age at the time of the offense, is *void ab initio*.

Wherefore, the defendant prays this Honorable Court will dismiss Count Four of the Third Superseding Indictment.

Respectfully Submitted,
**DOUGLAS DURAN CERRITOS**

By: _____/s/_____
Counsel

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN ROCKECHARLIE, PLLC
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
T:    804.379.1900
F:    804.379.5407
jrockecharlie@bowenlawfirm.com
VA Bar No.: 27701

Dwight Crawley, Esq.
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Stephen M. Campbell, Esq.
Assistant U.S. Attorney
and
Julia K. Martinez, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
for Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314
Office: 703-299-3700
stephen.m.campbell@usdoj.gov
julia.k.martinez@usdoj.gov

and to counsel for all other defendant's in this matter.

_____/s/_____

John A. Rockecharlie, Esq.
BOWEN CHAMPLIN FOREMAN ROCKECHARLIE, PLLC
VA Bar No.: 27701
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
T:      804.379.1900
F:      804.379.5407
jrockecharlie@bowenlawfirm.com

Dwight Crawley, Esq
Va. Bar No.: 43969
601 Pennsylvania Ave., Suite 900
South Building
Washington, D.C. 20004
T: (202) 580-9794
vadclawyer@gmail.com