IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division


UNITED STATES OF AMERICA

              v.                                 No. 1:14-CR-306 - GBL

PEDRO ANTHONY ROMERO CRUZ,
JOSE LOPEZ TORRES,
JAIME ROSALES VILLEGAS,
ALVIN GAITAN BENITEZ,
CHRISTIAN LEMUS CERNA,
OMAR DEJESUS CASTILLO,
DOUGLAS DURAN CERRITOS,
**MANUEL ERNESTO PAIZ GUEVARA**,
JOSE DEL CID,
JESUS ALEJANDRO CHAVEZ,
               Defendants


## MEMORANDUM IN SUPPORT OF MOTION FOR DESIGNATION OF RECORDED TELEPHONE CALLS THAT THE GOVERNMENT INTENDS TO SEEK TO USE AT TRIAL

Manuel Ernesto Paiz Guevara, by counsel, has moved this Court to enter an

Order requiring the government to identify the alleged date, time, parties to, and to

provide transcripts (if in existence) of any recorded telephone calls that the

government intends to introduce during either the guilt or penalty phases of the

trial, and to do so at least 60 days prior to the commencement of trial.  In support

of the Motion, Mr. Paiz Guevara states, through counsel, as follows:


1

1.     The government has provided the defense with nearly 1,000 phone calls, which consist of recorded Spanish language conversations.  With this number of hours of recorded calls, along with the lack of information provided identifying who the alleged parties to the calls are, and the Spanish language component, our review of these calls has proven to be a cumbersome task to say the least.

2.     The three murders (and one attempted murder) in the Third Superseding Indictment differ quite drastically from one another in fact and circumstance.  Because of this, many of the recorded phone calls provided do not necessarily appear to be relevant to the particular charge for which Mr. Paiz Guevara stands indicted.  The language component (and not knowing who the alleged parties are to the conversations) only further exacerbate the reviewing/culling process.

3.     Continued review by the defense in our current fashion, which we are constitutionally required to do, will cause a sizeable financial burden upon the government to pay counsel to continue to do so.  Having the government identify the alleged parties to the calls, and to designate the calls it intends to use is not a significant burden on the government and would, simply from a practicality standpoint, be in the interest of all parties (as well as the Court), because it will keep costs down and allow trial to run as smoothly as possible.  More importantly, it also serves to help ensure proper due process and a fair trial for the defense.

4.      Without trying to limit the government's case, counsel asks now that a reasonable deadline be set for the government to make a good-faith determination regarding the calls that it intends to use (or that it may use).  Such a deadline should be set not only based on constitutional considerations, but there is also good cause to do so under Rule 16 (d)(1) of the Federal Rules of Criminal Procedure.

5.      To the extent that the government does intend to use any of these calls, the defense respectfully requests that the Court order the government to identify – within 60 days prior to trial – the date, time, parties to, and the transcript (if in existence) of any recorded telephone calls which the government intends to introduce at trial.  This will also ensure that the defense can: (1) determine whether it agrees to or objects to the admission of such evidence; and (2) adequately prepare for the possible admission of such evidence, including issuing defense subpoenas for any witnesses who may be necessary to testify concerning the particular calls.

6.      In order to properly determine whether any objections should be made regarding such calls prior to their introduction before the jury (or in contrast, whether there is no dispute regarding the admission of such evidence, and counsel can thus stipulate to admissibility), counsel must know *which* of the voluminous stack of telephone calls the government intends to introduce.

7.      Additionally, if the telephone call recordings are not identified prior to trial, the flow of trial will undoubtedly be interrupted, as each call will have to be reviewed outside the presence of the jury before counsel can determine whether or not its admission is objected to, and a continuance may be necessary to compel the presence of any necessary witnesses.

8.      Given that "[t]he purpose of discovery is to make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"[1] requiring the proposed designation by the government would help assure Mr. Paiz Guevara's counsel is able to render constitutionally required effective assistance to him, and will additionally ensure the protection of his rights to a fair trial, to confront the evidence against him, to present a defense, to investigate, to due process of law, to rebut the government's evidence, and to compulsory process, under the Fifth, Sixth, and Fourteenth Amendments.[2]

---

[1]     United States v. Procter & Gamble, 356 U.S. 677, 682 (1958) (quoting Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir. 1988) (internal quotations omitted).

[2]     By filing this motion, we are in no way suggesting that the government intentionally or with any bad faith, created this cumbersome circumstance for the defense; however, it nonetheless bears recognizing that the resources the government has at its disposal through various investigative agencies, gang task forces and the U. S.

9.      Given the stakes in this case of a mandatory life sentence for Mr. Paiz Guevara if he is convicted (the second harshest punishment our laws allow), and this Court should err on the side of issuing the requested order.

**WHEREFORE**, Mr. Paiz Guevara, by counsel, respectfully moves this Court to issue an order directing the government to identify – at least 60 days in advance of trial – the date, time, parties to, and transcript (if in existence) of recorded calls that the government intends to use in its case-in-chief during either the guilt or penalty phases of the trial.

Respectfully submitted,

**MANUEL ERNESTO PAIZ GUEVARA**

By:       _____/s/_____

David P. Baugh, Learned Counsel
2025 East Main Street, Suite 108
Richmond, Virginia  23223
804.743.8111
dpbaugh@dpbaugh.com

W. Michael Chick, Jr.
Law Offices of W. Michael Chick, Jr
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030

---

Attorneys office greatly outweigh the resources of counsel representing this indigent court-appointed defendant.

571.276.8279
mike@chicklawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served via ECF, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Tobias Tobler, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria,Virginia 22314

And all other defendants in this matter by the Court's electronic filing system.

_____/s/_____
W. Michael Chick, Jr.