IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

       v.                             No. 1:14-CR-306 - GBL

PEDRO ANTHONY ROMERO CRUZ,
JOSE LOPEZ TORRES,
JAIME ROSALES VILLEGAS,
ALVIN GAITAN BENITEZ,
CHRISTIAN LEMUS CERNA,
OMAR DEJESUS CASTILLO,
DOUGLAS DURAN CERRITOS,
**MANUEL ERNESTO PAIZ GUEVARA**,
JOSE DEL CID,
JESUS ALEJANDRO CHAVEZ,
              Defendants

### MEMORANDUM IN SUPPORT OF BRADY MOTION FOR PROVISION OR ACCESS TO PSI AND PLEA AGREEMENTS OF CO-DEFENDANTS OR OTHER INDIVIDUALS WHO HAVE ENTERED OR AGREED TO ENTER GUILTY PLEAS IN EXCHANGE FOR TESTIMONY

Manuel Ernesto Paiz Guevara, by counsel, has moved this Court to enter an

Order for the provision or access to the PSI and plea agreements of co-defendants

(or other individuals) who have entered or agreed to enter guilty pleas in exchange

for their future testimony. Alternatively, we ask for an *in camera* review of such

information. In support of the Motion, Mr. Paiz Guevara states, through counsel,

as follows:

1

## ARGUMENT

The request here is not a novel one, and there is certainly historical precedent for granting such a motion.  Indeed, a long line of constitutional case law supports these types of requests.  See, e.g., United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (holding that probative, relevant, material information in probation file should be provided if relevant to government witness credibility); United States v. Carreon, 11 F.3d 1225, 1238 (5th Cir. 1994) (prosecution should allow trial court to conduct in camera review of presentence reports of government witnesses); See also Pennsylvania v. Ritchie, 480 U.S. 39, 51-53 (1987)  (holding that due process entitles a criminal defendant to at least have a witness's potentially privileged records reviewed in camera to determine whether they contain material exculpatory or impeachment evidence which must be provided to the defendant); United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983) (finding it to be reversible error for the trial court to deny the defendant access to a State witness' sealed mental health materials, which suggested that the witness suffered from psychiatric illness, including delusions, as the materials were relevant to the witness' credibility).  Such otherwise privileged or sealed information concerning government "snitch" witnesses has long been recognized as relevant, material and subject to disclosure or provision to the defense for impeachment purposes. Gonzalez v. Wong, 667 F.3d 965, 976 (9th Cir. 2011) (finding under seal and

protected psychological evidence concerning government cooperator relevant and material under Brady, when evidence showed that witness had personality disorder, was mentally unstable, and had repeatedly lied).

We believe the government's case rest heavily on the cooperated testimony of co-defendants (and other individuals) who are providing testimony in exchange for plea agreements. The credibility of these witnesses is of paramount concern to Mr. Paiz Guevara's defense team, and we must be allowed fully exercise his due process, confrontation and fair trial rights, by accessing the PSI and plea agreement information.

Mr. Paiz Guevara's fate should not rest on the testimony of witnesses who are being so richly rewarded, without a full opportunity to investigate and attack their credibility as it pertains to the information in the PSIs, PSI interviews, or their plea agreements.  See, United States v. Robinson, 583 F.3d 1265, 1270-74 (10th Cir. 2009) (citing United States v. Payne, 63 F.3d 1200, 1210 (2d Cir. 1995) ("In general, impeachment evidence has been found to be material where the witness at issue supplied the only evidence linking the defendant(s) to the crime.")  The *leading* cause of the approximate 150 judicially recognized false convictions in capital murder cases are the testimonial lies of government cooperators.   See Center Of Wrongful Convictions, *The Snitch System: How Snitch Testimony Sent*

*Randy Steidl and Other Innocent Americans to Death Row* (2004). See U.S. v. Levenite, 277 F.3d 454, 461 (4th Cir. 2002) (recognizing that compensated testimony "create(s) fertile fields from which truth-bending or even perjury could grow, threatening the core of a trial's legitimacy.")

> Criminals are likely to say and do almost anything to get what they want, especially when what they want is to get out of trouble with the law. This willingness to do anything includes not only truthfully spilling the beans on friends and relatives, but also lying, committing perjury, manufacturing evidence, soliciting others to corroborate their lies with more lies, and double crossing anyone with whom they come into contact.

U.S. Department of Justice, Prosecution of Public Corruption Cases, 117-18 (Fed. 1988).

Additionally, given the fact that Mr. Paiz Guevara faces a mandoatory sentence life in prison if convicted – and that the United States Supreme Court has indeed recognized that – like the death penalty – life sentences are different, and thus subject to constitutional limitations.  See, e.g., Miller v. Alabama, 567 U.S. ____ 132 S.Ct. 2455 (2012) (holding that mandatory sentences of life without the possibility of parole are unconstitutional for juvenile offenders).  Because of its severity, mandatory life sentences have found a special place in Supreme Court Jurisprudence, and they have been recognized as a qualitatively different

punishment from other types of sentences.[1]   Accordingly, procedural protections such as the one we request here should be afforded.

**WHEREFORE**, Mr. Paiz Guevara, by counsel, respectfully asks this Court to issue an Order for the provision or access to the PSI and plea agreements of co-defendants (or other separately charged or investigated individuals) who have entered or agreed to enter guilty pleas in exchange for their future testimony – or alternatively, for an *in camera* review of such information.

Respectfully submitted,

**MANUEL ERNESTO PAIZ GUEVARA**

By:   _____/s/_____

David P. Baugh, Learned Counsel
2025 East Main Street, Suite 108
Richmond, Virginia  23223
804.743.8111
dpbaugh@dpbaugh.com

W. Michael Chick, Jr.
Law Offices of W. Michael Chick, Jr
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030

_____

[1]     Indeed, some of the most important recent developments in Eighth

571.276.8279
mike@chicklawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served via ECF, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Tobias Tobler, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria,Virginia 22314

And all other defendants in this matter by the Court's electronic filing system.

_____/s/_____
W. Michael Chick, Jr.