IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:14-CR-306 |
| v. | ) | |
| | ) | The Honorable Gerald Bruce Lee |
| PEDRO ANTHONY ROMERO CRUZ, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT DURAN CERRITOS'S MOTION TO DISMISS COUNT FOUR

The United States of America, by and through its attorneys, Dana J. Boente, the United States Attorney, Stephen M. Campbell, Julia K. Martinez, and Tobias D. Tobler, Assistant United States Attorneys, hereby files this response to defendant Duran Cerritos's motion to dismiss Count Four of the third superseding indictment, Doc. No. 358.[1]

Relying on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the defendant argues that he cannot be charged with murder in aid of racketeering because he was under the age of 18 at the time of the offense and the statute, 18 U.S.C. § 1959(a)(1), provides for a mandatory life sentence. Doc. No. 358 at 1-3. The government respectfully submits that this Court should hold this motion in abeyance pending the Fourth Circuit's decision in *United States v. Under Seal*, 15-

---

[1] Though defendants Alejandro Chavez and Lemus Cerna moved to adopt all motions filed by their co-defendants in this case, *see* Doc. Nos. 316 & 378, neither are charged in Count Four, and this motion thus has no bearing on them.

1

4265.  Alternatively, the Court should deny the motion on the grounds that settled principles of statutory construction allow the Court to read the statute to allow for lesser sentences for a juvenile defendant.

   A.  Defendant's Motion Should Be Held in Abeyance Pending the Fourth Circuit's Resolution of the Same Issue

   The argument the defendant raises is presently pending before the Fourth Circuit in *United States v. Under Seal*, 15-4265.  In that case, this Court declined to transfer a juvenile defendant accused of murder in aid of racketeering to adult status because Section 1959(a)(1) does not provide for a sentence less than life imprisonment.  The government filed an interlocutory appeal, and the parties are scheduled to complete briefing by August 27, 2016.  The Fourth Circuit's decision will necessarily resolve the argument Duran Cerritos raises here.  Indeed, *Under Seal* involves the exact same offense charged in Count Four: the murder in aid of racketeering of Nelson Omar Quintanilla Trujillo.  Because briefing in that appeal will be complete nearly seven months prior to the start of this trial, there is good reason to believe that the Fourth Circuit will reach a resolution before trial commences.  Duran Cerritos will face no prejudice if this Court delays adjudicating his motion, because he is also charged in Count Six – an offense he committed after turning 18 – and thus will proceed to trial in any event.  For these reasons, the Court should hold the motion in abeyance until the Fourth Circuit issues its decision in *United States v. Under Seal*, 15-4265**.**

   B.  Alternatively, Defendant's Motion Should Be Denied

   In the event the Court determines to resolve the defendant's motion at this time, or the Fourth Circuit has not issued its opinion in *Under Seal* by the start of trial, the Court should deny the defendant's motion.  Though Section 1959(a)(1)'s sentencing scheme cannot be applied to a defendant who was under the age of 18 at the time of the offense, the conclusion the defendant

urges, that he may not be prosecuted for that offense, is drastic and unnecessary.  Instead, this Court should allow the defendant to proceed to trial and in the event he is convicted, should apply settled principles of statutory interpretation to sever the impermissible portion of the statute's penalty provision.

i.     *Severance Is Preferable to Invalidating the Statute in Its Entirety with Respect to Juvenile Offenders*

As the Supreme Court has explained in cases like *United States v. Booker*, 543 U.S. 220 (2005), if a portion of a statute is deemed unconstitutional, the court must consider whether the offending portion can be severed.  In doing so, the court "must refrain from invalidating more of the statute than is necessary" and retain those portions that are "(1) constitutionally valid, (2) capable of functioning independently, and (3) consistent with Congress' basic objectives in enacting the statute."  *Booker*, 543 U.S. at 258-59 (internal citations and quotation marks omitted).  Or to put it another way, the choice between severing an unconstitutional portion of a statute and invalidating the entire statute depends on whether "the legislature [would] have preferred what is left of its statute to no statute at all."  *Ayotte v. Planned Parenthood of Northern New England*, 546 U.S. 320, 330 (2006); *see also Buckley v. Valeo*, 424 U.S. 1, 108 (1976) ("[u]nless it is evident that the legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law").

In *Booker*, the Supreme Court applied this principle to the Sentencing Reform Act.  After ruling that the mandatory nature of the Sentencing Guidelines was unconstitutional, the Court considered whether to invalidate the entire Guidelines system or to excise two provisions, 18 U.S.C. §§ 3553(b)(1) and 3742(e), and leave the remainder of the Act intact.  *Booker*, 543 U.S. at 258.  Concluding that the remainder of the statute was constitutional and capable of

functioning independently, and that Congress would prefer an advisory Sentencing Guidelines system over none at all, the Court elected to excise the offending subsections. *Id.* Thus, subsequent to *Booker*, sentencing judges are required to consider the range provided by the Guidelines, but are also allowed to "tailor the sentence in light of other statutory concerns." *Id.* at 245.

In the event Duran Cerritos is convicted at trial of Count Four, this Court should apply that same principle to sever part of the penalty provision of Section 1959(a)(1) so as to permit a sentence of any term of years or life for Duran Cerritos. Section 1959(a) provides penalties for certain violent crimes in aid of racketeering. Subsection (a)(1) provides the following: "for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both." § 1959(a)(1). That statute is not facially unconstitutional – it can be applied to adult offenders in its entirety. Severing the "death or life" provision in the case of a juvenile offender leaves a statute that can function independently – the penalty for murder would simply convert to the penalty provided in that same subsection for kidnapping: imprisonment for any term of years or life. And leaving the remainder of the statute intact is undoubtedly most consistent with Congress's basic objectives.

By enacting the Federal Juvenile Delinquency Act, Congress expressed its clear intent that some juveniles who commit serious, and especially violent, federal offenses be prosecuted as adults. Not only does the Act direct courts to grant transfer when it is in the interest of justice in cases such as this, the Act makes transfer *mandatory* under certain circumstances, such as when a juvenile 16 years or older with a sufficient criminal history commits a violent felony like murder in aid of racketeering. *See* 18 U.S.C. § 5032 ¶ 4. The transfer statute thus clearly contemplates that some juvenile defendants who have committed serious crimes should be tried

as adults.    Additionally, as the Fourth Circuit has recognized, the government has a substantial federal interest in prosecuting juvenile gang members for RICO offenses because "Congress intended RICO to be a potent tool in halting the infiltration of organized crime into the American economy."  *United States v. Juvenile Male*, 554 F.3d 456, 465-66 (4th Cir. 2009).  Given that Congress intended RICO to be a potent tool against criminal organizations, and that criminal organizations like MS-13 frequently use juveniles to carry out the gang's violent goals, there should be no serious question that Congress would prefer to preserve the ability to charge a juvenile who commits murder in aid of racketeering as an adult, rather than prohibit the adult prosecution entirely.

ii.    *Severance Is Most Consistent with the Supreme Court's Reasoning in Miller*

Severing a portion of the penalty provision of Section 1959(a)(1) is also most consistent with the Supreme Court's reasoning in *Miller*.  The defendant in *Miller* was convicted of capital murder in Alabama state court for a murder he committed at age 14.  In applying the Eighth Amendment's limitation on cruel and unusual forms of punishment, the Supreme Court did not question the validity of the *Miller* defendant's conviction itself, merely the constitutionality of imposing the Alabama statute's mandatory life sentence on a juvenile defendant.  The Court was careful to clarify that it was not categorically precluding the imposition of a sentence of life without parole for juveniles.  *Miller*, 132 S. Ct. at 2469.  Instead, the Court mandated an individualized sentencing process, wherein the sentencing court is required to consider a range of factors regarding the offense conduct and the defendant's background, similar to what is required under 18 U.S.C. § 3553(a).  Nothing in the Supreme Court's analysis suggested that juveniles may not be prosecuted as adults for particular crimes.  Indeed, the Court recognized that juveniles who commit serious crimes often are transferred for adult prosecution and it did not

question that practice. *See id.* at 2462-2463, 2473. The focus in *Miller* was on the sentence imposed on a juvenile defendant and, more specifically, the consideration that must go into determining that sentence. On remand to the Court of Appeals of Alabama, the defendant's conviction was left undisturbed, and the case was remanded to the trial court for resentencing. *See Miller v. State*, 148 So.3d 78 (Ala. Crim. App. 2013).

   iii.   *Courts Around the Country have Taken the Approach Urged by the Government*

Finally, although courts have not had long to interpret and apply *Miller*, the existing case law supports the approach we advocate. Numerous federal and state statutes provide for sentences of mandatory life imprisonment.[2] As a result of *Miller*, those sentences cannot be imposed on juvenile offenders. But courts have not refused to convict and sentence juvenile offenders under those statutes. Rather, they have taken the more sensible step of reading those statutes to permit sentences of a term of years or life for juvenile offenders.

For example, in a post-*Miller* sentencing in the Southern District of New York, the district court found that a juvenile defendant who was convicted under 18 U.S.C. § 1958, which carries a mandatory life sentence, should face a discretionary sentence up to life imprisonment. *See United States v. Maldonado*, No. 09 Cr. 339-02, 2012 WL 5878673 (Nov. 21, 2012) (S.D.N.Y., Sweet, J.) (unpublished). The district court observed that:

---

[2] Congress has mandated sentences of at least life imprisonment for many federal homicide offenses. *See* 18 U.S.C. § 34; 18 U.S.C. § 115(b)(3); 18 U.S.C. § 175c(c)(3); 18 U.S.C. § 229A; 18 U.S.C. § 351(a); 18 U.S.C. § 924(c)(1)(C)(ii); 18 U.S.C. § 930(c); 18 U.S.C. § 1091(b)(1); 18 U.S.C. §1111; 18 U.S.C. § 1114; 18 U.S.C. §1116(a); 18 U.S.C. § 1118(a); 18 U.S.C. § 1119(b); 18 U.S.C. § 1120(a); 18 U.S.C. § 1121(a); 18 U.S.C. § 1201(a); 18 U.S.C. § 1203(a); 18 U.S.C. § 1503(b)(1); 18 U.S.C. § 1512(a); 18 U.S.C. § 1513(a); 18 U.S.C. § 1651; 18 U.S.C. § 1716(j)(3); 18 U.S.C. § 1751(a); 18 U.S.C. § 1841(a)(2); 18 U.S.C. § 1958(a); 18 U.S.C. § 2113(e); 18 U.S.C. § 2332g(c)(3); 18 U.S.C. § 2332h(c)(3); 18 U.S.C. § 3559(d)(1); 18 U.S.C. § 3559(f)(1); 21 U.S.C. § 461(c); 21 U.S.C. § 675; 21 U.S.C. § 1041(b); 42 U.S.C. § 2272(b); 49 U.S.C. § 46502. Congress also has mandated sentences of life imprisonment for certain serious non-homicide offenses. *See* 18 U.S.C. § 3559(c)(1);  21 U.S.C. § 841(b)(1)(A)-(C); 21 U.S.C. § 960(b)(1)-(3).

> Since Maldonado was under the age of 18 when he committed the crimes charged . . . under *Miller* it would be unconstitutional for him to be sentenced to life imprisonment without parole pursuant to 18 U.S.C. § 1958's mandatory sentencing scheme.  However, as noted above, Maldonado may still be given a sentence of life imprisonment provided that such a sentence is imposed with due consideration of his "chronological age [at the time of the offense] and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences."

*Id.* at *10 (citations omitted).   After considering the *Miller* factors, along with the advisory Guidelines range and § 3553(a) factors, the *Maldonado* court concluded that "the imposition of a sentence of life imprisonment [was] nonetheless warranted" in light of the "extreme nature of the conduct."  *Id*.

The district court's sentence in *Maldonado* was affirmed by the Second Circuit, which held, in relevant part:

> Though mandatory life imprisonment sentences for minors are unconstitutional, there is no *per se* foreclosure of a life sentence without the possibility of parole for a juvenile convicted of murder. *See Miller*, 132 S. Ct. at 2469.   The district court properly considered all of the *Miller* factors; Maldonado's repeated history of violent aggression after the age of majority, including a murder and attempted murder; and other mitigating factors under 18 U.S.C. § 3553(a) in sentencing Maldonado.

*United States v. Guerrero et al.*, 560 F. App'x 110, 112 (2d Cir. 2014), *cert denied* 135 S. Ct. 995 (2014).

Likewise, numerous courts have granted defendants' petitions for resentencing in cases where the conviction and sentence were imposed pre-*Miller*.[3]  Affirming one such resentencing,

---

[3] The Supreme Court recently granted cert. to resolve the question of whether *Miller* applies retroactively to cases pending on collateral review.  *See Montgomery v. Louisiana*, No. 14-280 (Petition Granted March 23, 2015); *see also Johnson v. Ponton*, 780 F.3d 219, 226 (4th Cir.

the Ninth Circuit recently held that the district court properly understood that *Miller* permitted it to depart from a life sentence for a juvenile defendant convicted of murder in aid of racketeering. *United States v. Bryant*, --- Fed. Appx. ---, 2015 WL 1884376 (9th Cir. 2015) (affirming sentence of 80 years, including 40 years for murder in aid of racketeering count).  *See also, e.g.*, *United States v. Angel Alejandro*, No. S4 98 CR 290 (S.D.N.Y.) (resentenced to 20 years on a murder in aid of racketeering count, with a total term of 25 years), JA 498-530; *United States v. Branden Bruce Pete*, No. CR 03-00355 (D. Ariz.) (resentenced to 59 years for a number of offenses including felony murder in violation of 18 U.S.C. § 1111), JA 532-46; *United States v. Dwayne Stone*, No. CR-05-401 (E.D.N.Y.) (resentenced to 40 years, including 10 years for murder in aid of racketeering), JA 548-90; *United States v. Kamil Johnson*, No. 02-CR-0013 (D. Minn.) (resentenced to 42 years for murder in aid of racketeering), JA 592-600.  Implicit in all of these resentencings is the courts' recognition that if the sentences Congress has authorized are unconstitutional, the statutes should be interpreted to permit lesser sentences of imprisonment.

*Miller* holds that a sentencing court must be able to take into account a defendant's status as a juvenile when imposing a sentence for a homicide offense.  In this case, if Duran Cerritos is convicted of Count Four, the Court will be able to take into account his age and related factors by treating the life sentence provision in Section 1959(a)(1) as a maximum – rather than mandatory – sentence.  *Miller* thus does not require dismissing Count Four.

---

2014) (holding *Miller* does not apply retroactively).  Because a conviction in this case would become final after *Miller* was decided, there is no issue concerning retroactivity here.

For all of these reasons, defendant Duran Cerritos's motion to dismiss Count Four should be held in abeyance pending the Fourth Circuit's decision in *United States v. Under Seal*, 15-4265, or alternatively be denied.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY


                    /s/
_____
Stephen M. Campbell
Julia K. Martinez
Tobias D. Tobler
Assistant United States Attorneys
Counsel for the Government
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
(703)739-9556 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

     I HEREBY CERTIFY that on August 21, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will then send electronic notification of such filing (NEF) to defense counsel on the case.

                                                                /s/

Julia K. Martinez
Assistant United States Attorney
Counsel for the Government
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703)299-3700
(703)739-9556 (fax)

.