IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEDRO ANTHONY ROMERO CRUZ, | ) | Case Nos. 1:14-cr-00306-GBL-1 |
| JOSE LOPEZ TORRES, | ) | 1:14-cr-00306-GBL-2 |
| JAIME ROSALES VILLEGAS, | ) | 1:14-cr-00306-GBL-3 |
| ALVIN GAITAN BENITEZ, | ) | 1:14-cr-00306-GBL-4 |
| CHRISTIAN LEMUS CERNA, | ) | 1:14-cr-00306-GBL-5 |
| OMAR DEJESUS CASTILLO, | ) | 1:14-cr-00306-GBL-6 |
| DOUGLAS DURAN CERRITOS, | ) | 1:14-cr-00306-GBL-7 |
| MANUEL ERNESTO PAIZ GUEVARA, | ) | 1:14-cr-00306-GBL-8 |
| JOSE DEL CID, | ) | 1:14-cr-00306-GBL-9 |
| JESUS ALEJANDRO CHAVEZ, | ) | 1:14-cr-00306-GBL-10 |
| JUAN CARLOS MARQUEZ AYALA, | ) | 1:14-cr-00306-GBL-11 |
| ARAELY SANTIAGO VILLANUEVA, | ) | 1:14-cr-00306-GBL-12 |
| GENARO SEN GARCIA, | ) | 1:14-cr-00306-GBL-13 |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on various non-evidentiary motions pending before the Court. Having reviewed the pleadings,

**IT IS HEREBY ORDERED** that Defendant Manuel Ernesto Paiz Guevara's Motion for Video Recording of All Foreign Witnesses (Doc. 334) is **DENIED**. Should counsel have any issues with the interpretation of witness statements, counsel is invited to make contemporaneous objections on the record;

**IT IS FURTHER ORDERED** that Defendant Juan Carlos Ayala's Motion to Authorize Reasonable Professional Visits with Mr. Ayala (Doc. 326) is **DENIED**. The Court has no control over the operations of the Alexandria Adult Detention Center. Defense counsel should

therefore contact the Office of the Sheriff of Alexandria and Captain Williams to redress any issues concerning visits with their client;

**IT IS FURTHER ORDERED** that Defendants Pedro Anthony Romero, Omar Dejesus Castillo, Christian Lemus Cerna, Juan Carlos Marquez Ayala, Jaime Rosales Villegas, and Jose Lopez Torres's Motion for Leave to File Additional Motions (Doc. 373) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Jaime Rosales Villegas, Omar Dejesus Castillo, Christian Lemus Cerna, Juan Carlos Marquez Ayala, Jose Lopez Torres, and Jesus Alejandro Chavez's Motion for Additional Peremptory Challenges (Doc. 375) is **TAKEN UNDER ADVISEMENT**. Defense counsel are directed to re-notice this motion for hearing two weeks prior to trial;

**IT IS FURTHER ORDERED** that Defendants Manuel Paiz Guevara, Christian Lemus Cerna, Alvin Gaitan Benitez, Douglas Duran Cerritos, Omar Dejesus Castillo, Jaime Rosales Villegas, and Jose Lopez Torres's Motion for Attorney Conducted Voir Dire (Doc. 309) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Jesus Alejandro Chavez, Douglas Duran Cerritos, Pedro Romero Cruz, Omar Dejesus Castillo, Christian Lemus Cerna, Jaime Rosales Villegas, Alvin Gaitan Benitez, Jose Lopez Torres, and Jesus Alejandro Chavez's motions requesting the use of a jury questionnaire (Docs. 319, 338) are **GRANTED**. The parties are directed to submit proposed jury questionnaires by **September 30, 2015**. Any disputes concerning the contents of the proposed jury questionnaires will be addressed at the hearing on evidentiary motions currently scheduled for October 13-15, 2015;

**IT IS FURTHER ORDERED** that Defendant Douglas Duran Cerritos's Motion to Dismiss Count Four of the Third Superseding Indictment (Doc. 358) is **TAKEN UNDER ADVISEMENT** pending the resolution of the appeal by the Fourth Circuit Court of Appeals in *United States v. Under Seal*, 15-4265;

**IT IS FURTHER ORDERED** that Defendants Alvin Gaitan Benitez, Pedro Anthony Romero Cruz, Omar Dejesus Castillo, Christian Lemus Cerna, Jaime Rosales Villegas, Jose Lopez Torres, and Jesus Alejandro Chavez's motion to compel disclosure of subpoena returns (Doc. 350) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Jesus Alejandro Chavez, Pedro Anthony Romero Cruz, and Christian Lemus Cerna's Motion for Notice of Intention to Use Evidence (Doc. 318) is **DENIED**. Defendants request that the Government identify evidence it intends to offer in its case-in-chief pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure. Rule 12 provides, in pertinent part:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under 12(b)(3)(B), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). The purpose of the rule is to "facilitate the timely filing of focused suppression motions and to avoid the needless filing of motions to suppress evidence that the government has no intention of presenting." *United States v. Ishak*, 277 F.R.D. 156, 160 (E.D. Va. 2011) (citing *United States v. Candelaria-Silva*, 162 F.3d 698, 702 (1st Cir. 1998)). Rule 12(b)(4)(B) does not require the Government to disclose, for example, its exhibit and witness list at an early pre-trial stage. *Id.* at 159. Rather, the rule requires the Government to respond to a defendant's request for notice whether the government intends to offer specific evidence that the request identifies; thus, the defendant's request "must identify evidence with sufficient

3

specificity that the government can readily ascertain the particular evidence referenced." *Id.* at 159-161. Defendants' motion merely requests notice of evidence broadly, and therefore fails for lack of specificity;

**IT IS FURTHER ORDERED** that Defendants Juan Carlos Marquez Ayala, Pedro Anthony Romero Cruz, Jaime Rosales Villegas, Omar Dejesus Castillo, Alvin Gaitan Benitez, Douglas Duran Cerritos, Christian Lemus Cerna, and Jesus Alejandro Chavez's motion to reveal the identity of confidential informants (Doc. 328) is **GRANTED in PART** and **DENIED in PART**. When determining whether a confidential informant should be disclosed, the Court considers whether the informant was a participant in the crime, in addition to the safety of the informant. *See Baker v. Lyles*, 904 F. 2d 925, 935 (4th Cir. 1990) (considering the "personal safety of confidential informants."); *McLawhorn v. State of N.C.*, 484 F.2d 1 (4th Cir. 1973). Here, the Government has already conceded, "there is no confidential informant, who was a participant or witness to any of the charged offenses, will not be testifying at trial" (Doc. 439). This eliminates Defendants' concern that a confidential informant may have inherent biases or prejudices, as these may be addressed on cross-examination at trial. The Government shall, however, produce any remaining *Brady* information thirty days before trial and all *Jenks* and *Giglio* material ten business days before trial. This disclosure will allow Defendants the ability to prepare for cross-examination while maintaining the safety of the informants;

**IT IS FURTHER ORDERED** that Defendants Alvin Gaitan Benitez, Juan Carlos Marquez Ayala, Pedro Anthony Romero Cruz, Jaime Rosales Villegas, Omar Dejesus Castillo, Christian Lemus Cerna, and Jesus Alejandro Chavez's motions regarding co-defendant and co-conspirator statements (Docs. 347, 349, 352) are **DENIED**. Relying on the analysis in *United States v. Jackson*, 757 F.2d 1486 (4th Cir. 1985), Defendants request that the Government

provide statements of co-conspirators who they do not intend to call at trial. Defendants argue that any such statements are potentially imputed to Defendants if admitted in evidence under the hearsay exception of the Federal Rules Evidence 801(d)(2)(e). However, in *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987), the Court expressly rejects the holding of *Jackson*, and states plainly that the rule is not intended to apply to the discovery of statements made by co-conspirators. Further, the Government does not anticipate introducing any such statements. To the extent Defendants request admissible testimonial statements, the Government is amenable to disclosing any such statements with thirty days advance notice;

**IT IS FURTHER ORDERED** that Defendants Juan Carlos Marquez Ayala, Douglas Duran Cerritos, Manuel Ernesto Paiz Guevara, Jesus Alejandro Chavez, Jaime Rosales Villegas, Christian Lemus Cerna, Pedro Anthony Romero Cruz, Alvin Gaitan Benitez, Omar Dejesus Castillo, and Jose Lopez Torres's motions for disclosure of Rule 404(b) materials (Docs. 324, 346, 355) are **GRANTED in PART** and **DENIED in PART**. The Government is directed, no later than ten business days before trial, to provide notice to Defendants, in accordance with Federal Rule of Evidence 404(b), the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial;

**IT IS FURTHER ORDERED** that Defendants Jesus Alejandro Chavez, Pedro Anthony Romero Cruz, Jaime Rosales Villegas, Omar Dejesus Castillo, Christian Lemus Cerna, and Jose Lopez Torres's motions to strike (Docs. 331, 364, 286) are **DENIED**. In accordance with Rule 7(d) of the Federal Rules of Criminal Procedure, a court may strike surplusage from the indictment or information upon a defendant's motion. However, a motion to strike should only be granted if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006)

(citing to *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)). If aliases are necessary to connect the defendant to the alias, then aliases cannot be surplusage. *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976). Because the government intends to refer to a notebook and audio recording where the defendants use their aliases almost exclusively, the aliases are not be considered surplusage because it will be necessary to connect the defendant to their alias when the Government refers to the aforementioned material. Furthermore, the language in the introduction and the description of racketeering is relevant to the charge;

**IT IS FURTHER ORDERED** that Defendants Juan Carlos Marquez Ayala, Christian Lemus Cerna, Omar Dejesus Castillo, Alvin Gaitan Benitez, Douglas Duran Cerritos, Jesus Alejandro Chavez, and Pedro Anthony Romero Cruz's motions regarding government sponsored contacts with represented defendants (Docs. 327, 344) are **GRANTED in PART** and **DENIED in PART**. Specifically, Defendants Juan Carlos Ayala Marquez, Omar Dejesus Castillo, Alvin Gaitan Benitez, Douglas Duran Cerritos, Christian Lemus Cerna, and Jesus Alejandro Chavez's motion (Doc. 327) is **GRANTED.** Assistant United States Attorneys and law enforcement agents, excluding United States Marshals, are hereby prohibited from initiating contact with Defendants outside the presence of defense counsel. Defendants Christian Lemus Cerna, Pedro Romero Cruz, Juan Carlos Ayala Marquez, Omar Dejesus Castillo, Alvin Gaitan Benitez, Douglas Duran Cerritos, and Jesus Alejandro Chavez's motion requesting an Order directing the Government to immediately disclose any and all contact between government agents, prosecutors, and information who have been in contact with Defendants is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Pedro Anthony Romero Cruz's Motion to Dismiss the Indictment (Doc. 369) based on claims one and three, is **DENIED**. Under Rule 7(f) of the Federal Rules of Criminal Procedure, an indictment must include "a plain, concise,

and definite written statement of the essential facts constituting the offense charged." Here, the indictment clearly states the elements of the offense outlined in counts one and three. In fact, Defendant himself admits that the indictment "covers the elements of the claims," as mandated by Rule 7(f). Nevertheless, Defendant maintains that it should be dismissed because it does not "fairly inform" him about the nature of the allegations or allow him to prepare his defense since it did not state what role he played in the conspiracy or what overt acts contributed to the conspiracy. However, an indictment does not need to include specific allegations explaining the link between the crime and the particular roles of the conspirators or even overt acts in the conspiracy. *United States v. Cuong Gia Le,* 310 F. Supp. 2d 763, 778, 783-84 (E.D. Va. 2004). Instead, the indictment is sufficient if it, "first, contains the elements of the offense charged and fairly informs a defendant *of the charge against which he must defend*, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Ali,* 735 F.3d 176, 193 (4th Cir. 2013) *cert. denied,* 134 S. Ct. 1357, 188 L. Ed. 2d 357 (2014) (emphasis added). Because the indictment at issue here meets the elements enumerated in *Ali,* the motion fails;

**IT IS FURTHER ORDERED** that Defendants Pedro Anthony Romero Cruz's Motion for a Bill of Particulars (Doc. 371) is **GRANTED**, and Defendant Douglas Duran Cerritos's Motion for a Bill of Particulars (Docs. 336) is **DENIED**. The purpose of a Bill of Particulars is to inform the defendant of the charge against him in sufficient detail and the minimize surprise at trial. *United States v. Butler*, 885 F.2d 195, 199 (4th Cir. 1989). While a bill of particulars is not a substitute for an indictment, it is used to "provid[e] missing or additional information so a defendant may effectively prepare for trial. *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996).

Here, the Third Superseding Indictment identifies the elements of the charged offenses and the dates of the alleged conduct. With respect to Defendant Douglas Duran Cerritos, the Government has provided extensive discovery regarding the murders Defendant is charged with, including photographs and recordings. This discovery plus the indictment's outline of the charges is sufficient to assist Defendant in preparing for trial. *See United States v. Ahmad*, No. 1:14CR164 JCC, 2014 WL 2766121, at *7 (E.D. Va. June 18, 2014) ("If "the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required.") (quoting *United States v. Esquivel,* 755 F.Supp. 434, 436 (D.D.C.1990). Accordingly, the Court finds that a bill of particulars is not necessary to assist Defendant Douglas Duran Cerritos in the preparation for trial.

The Court, however, finds that the Third Superseding Indictment and the discovery produced thus far fail to adequately assist Defendant Pedro Anthony Romero Cruz with preparation for trial. Unlike Defendant Douglas Duran Cerritos, Defendant Pedro Anthony Romero Cruz was, at all relevant times relating to the counts charged against him, incarcerated. This puts Defendant Pedro Anthony Romero Cruz in a particularly vulnerable position of preparing for trial and substantially increases the likelihood that he will be subject to unfair surprise. Although a court "must not direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars," a bill of particulars is necessary when Defendant is not "sufficiently apprised through discovery of the facts and circumstances of the offense." *United States v. Valle*, No. 1:14-CR-135, 2015 WL 4994502, at *7 (E.D. Va. Aug. 18, 2015) (quoting *United States v. Le,* 310 F. Supp. 2d 763, 781 (E.D.Va.2004) (citations omitted)); *see also Cuong Gia Le,* 310 F. Supp. 2d at 782. Accordingly, the Court finds that a bill of particulars is warranted in the case concerning

Defendant Pedro Anthony Romero Cruz. The Government shall produce a bill of particulars within fourteen days of the entry of this Order.

**IT IS SO ORDERED.**

ENTERED this 11th day of September, 2015.

Alexandria, Virginia
9/11/2015

/s/
Gerald Bruce Lee
United States District Judge