IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEDRO ANTHONY ROMERO CRUZ, | ) | Case Nos. 1:14-cr-00306-GBL-1 |
| JOSE LOPEZ TORRES, | ) | 1:14-cr-00306-GBL-2 |
| JAIME ROSALES VILLEGAS, | ) | 1:14-cr-00306-GBL-3 |
| ALVIN GAITAN BENITEZ, | ) | 1:14-cr-00306-GBL-4 |
| CHRISTIAN LEMUS CERNA, | ) | 1:14-cr-00306-GBL-5 |
| OMAR DEJESUS CASTILLO, | ) | 1:14-cr-00306-GBL-6 |
| DOUGLAS DURAN CERRITOS, | ) | 1:14-cr-00306-GBL-7 |
| MANUEL ERNESTO PAIZ GUEVARA, | ) | 1:14-cr-00306-GBL-8 |
| JOSE DEL CID, | ) | 1:14-cr-00306-GBL-9 |
| JESUS ALEJANDRO CHAVEZ, | ) | 1:14-cr-00306-GBL-10 |
| JUAN CARLOS MARQUEZ AYALA, | ) | 1:14-cr-00306-GBL-11 |
| ARAELY SANTIAGO VILLANUEVA, | ) | 1:14-cr-00306-GBL-12 |
| GENARO SEN GARCIA, | ) | 1:14-cr-00306-GBL-13 |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on various non-evidentiary motions pending before the Court. Having reviewed the pleadings, the Court rules as follows. To the extent that items sought by Defendants are not addressed in this Order, the specific request is **DENIED**.

### I. Defendants' Requests for Brady Material

**IT IS HEREBY ORDERED** that Defendants Romero Cruz, Lopez Torres, Rosales Villegas, Gaitan Benitez, Lemus Cerna, DeJesus Castillo, Duran Cerritos, Alejandro Chavez, and Marquez Ayala's requests for early disclosure of Brady materials (Doc. Nos. 317, 325, 333, 340, 357) shall be **GRANTED in Part** and **DENIED in Part**. Specifically, the Court directs the Government to comply with its obligations to produce promptly exculpatory material to each

Defendant as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976). This material includes, but is not limited to:

1. All documents and tangible objects favorable to the Defendant;

2. Any and all information of whatever form, source or nature that tends to exculpate the Defendant whether by indicating his innocence or impeaching the credibility of a potential Government witness, and all information which may affect the punishment of the Defendant for the crimes charged in the indictment;

3. All information relative to informant misconduct of all witnesses who have agreed to cooperate with the Government;

4. All information concerning payments and/ or other incentives offered by the Government in relation to any witness who has agreed to cooperate with the Government;

5. Disciplinary reports on any police witnesses which reflect on witness credibility;

6. The names, addresses, and telephone numbers of all witnesses interviewed by an agent of the Government, to include the Alexandria Police, who failed to identify and/ or mention the accused as being engaged in any and all of the alleged criminal activity charged in the indictment;

7. All mental health exams concerning any and all cooperating witnesses who have entered, or have sought entry into, the Witness Protection Program and the results of those examinations;

8. All evidence which suggests that someone other than the Defendant committed the crimes charged in the Indictment;

9. All information from any source asserting that the Defendant was not involved in any or all of the offenses and/ or acts charged in the indictment;

10. All information from any source asserting that the Defendant lacked guilty knowledge concerning any and all of the offenses and/ or acts charged in the indictment;

11. All information from any source concerning failures on the part of any persons, whether law enforcement employees or civilians, to identify the Defendant or any photographs or likenesses of the Defendant or any recordings or reproduction of the Defendant's physical appearance or voice, in connection with identification procedures or investigative procedures undertaken in connection with this or any other related case;

12. All information from any source indicating that the Defendant was not present at any location the Defendant is alleged to have been present at any times the Defendant is alleged to have been so present by other Government witnesses; and

13. Voice and/ or visual identifications, however tentative or equivocal, by any witness or potential witness of some person other than the Defendant, or the likeness of some person, as the person, or resembling the person, involved in activities related to the charges in the indictment which the Government asserts were performed by the Defendant.

**IT IS FURTHER ORDERED** that the Government shall produce all such material to each Defendant no later than **Wednesday, February 10, 2016**, which is thirty (30) business days before the start of trial.

## II. Defendants' Requests for Jencks and Giglio Material

**IT IS HEREBY ORDERED** that Defendants Romero Cruz, Lopez Torres, Rosales Villegas, Gaitan Benitez, Lemus Cerna, DeJesus Castillo, Duran Cerritos, Paiz Guevara, Alejandro Chavez, and Marquez Ayala's motions (Doc. Nos. 317, 325, 333, 340, 353, 357), insofar as they request early disclosure of Jencks Act and Giglio materials, shall be **GRANTED in Part** and **DENIED in Part**. Specifically, the Court directs the Government to produce to each Defendant all Jencks Act and Giglio material, including, but not limited to:

1. Drug and Alcohol use:

    a. Information that any witness is or has been addicted to, or is or has been a chronic user of, any medication, controlled substance or alcohol; and

    b. Information that any witness had used, or was under the influence of, any medication, controlled substance or alcohol at the time of any event relevant to this case, or at the time any witness provided information or testimony or any kind in connection with this case;

2. History of Mental Health

    a. Information concerning the history, if any, of any emotional, psychological, and/or psychiatric condition affecting, or possibly affecting, the veracity, reliability, behavior, perception or memory of any witness, including diagnoses, prognoses and treatment;

3

    b. Information concerning the history, if any, of any physical condition affecting, or possibly affecting, the veracity, reliability, behavior, perception or memory of any witness, including diagnoses, prognoses and treatment;

3. All information relating to the plea agreements with witnesses or potential witnesses in this case; Information, including case numbers and dates of police and court action, concerning any arrests or prosecutions, criminal, juvenile or forfeiture proceedings, occurring or pending against any witness at any time between the inception of the alleged conspiracy and the time the witness testifies at trial;

4. Information concerning probation, parole or custodial status of any witness existing at any time between the inception of the alleged conspiracy and the time the witness testifies at trial;

5. Information concerning any agreement between any witness and any local, state or federal agency made in connection with this case;

6. Information concerning any agreement between any witness in this case and any local, state or federal agency made in connection with any other prosecution;

7. Information concerning all grants of immunity, whether statutory or informal, to any witness or potential witness in connection with this case;

8. Information concerning all grants of immunity, whether statutory or informal, to any witness or potential witness in this case in connection with any other investigation or case;

9. Specification of all requests for statutory or informal immunity made by or on behalf of any witness or potential witness in this case to any local, state or federal agency;

10. Information concerning any promise made to, or threat made against, any witness or potential witness by any local, state or federal agent in connection with this case;

11. Specification of all monetary consideration and/or payments made by any local, state or federal agency, or by any private person or organization, to any person for information provided in connection with this case;

12. Specification of all monetary considerations and/or payments made by any local, state or federal agency, or by any private person or organization, to any witness or potential witness in this case for information provided in any other case;

13. Prior false statements;

4

14. Information concerning all prior testimony or statements made by any prospective Government witness and/or any Government informant in connection with this case which the witness/informant has acknowledged to be, or which the United States has reason to believe are, false;

15. Information concerning all prior testimony or statements by any prospective Government witness and/or Government informant in this case made in connection with any other criminal prosecution which the witness/informant has acknowledged to be, or which the United States has reason to believe are false;

16. All grand jury testimony relating in any way to the allegations contained in this indictment of any witness and/or informant at any grand jury proceeding, which grand jury testimony conflicts with or contradicts testimony made before the grand jury which handed down the instant indictment or which conflicts with or contradicts any other statements made to Government agents in the investigation of this matter; and

17. All aliases and false dates of birth known or believed to have been used by any person from whom the United States has taken a statement or who the United States intends to call as a witness in this prosecution.

**IT IS FURTHER ORDERED** that the Government shall produce all such material to each Defendant no later than **Thursday, March 3, 2016**, which is twelve (12) business days before the start of trial. The Court recognizes that the Government offered to provide such materials to each Defendant no later than ten (10) days before the start of trial. However, due to the complexity of the case, the number of witnesses, and the burdens on all parties, the Court finds that twelve (12) business days is appropriate.

### III. Defendants' Request for Plea Agreements and Pre-Sentence Investigation Reports

**IT IS HEREBY ORDERED** that Defendants Paiz Guevara, Romero Cruz, Lopez Torres, Rosales Villegas, DeJesus Castillo, Alejandro Chavez, and Marquez Ayala's Motion for Provision or Access to PSI and Plea Agreements of Co-Defendants or Other Individuals Who Have Entered or Agreed to Enter Guilty Pleas in Exchange for Testimony (Doc. No. 367) is **GRANTED in Part** and **DENIED in Part**. Specifically, the Motion is **GRANTED** insofar that plea agreements constitute <u>Jencks</u> Act material and they will be disclosed to each Defendant no

later than **Thursday, March 3, 2016**, which is twelve (12) business days before the start of trial. The Motion is **DENIED** insofar that it requests pre-sentence investigation reports ("PSI"), which do not constitute Jencks Act material and for which the Defendants have not made sufficiently specific requests.

### IV. Defendants' Request for Preservation of Electronic Messages

**IT IS HEREBY ORDERED** that Defendants Alejandro Chavez, Rosales Villegas, Gaitan Benitez, Lemus Cerna, DeJesus Castillo, and Duran Cerritos's Request for Preservation of Electronic Mail (Doc. No. 332), insofar as it asks for law enforcement personnel to preserve all emails, text messages, and other electronic messages from witnesses that constitute Brady, Giglio, or Jencks Act material, is **GRANTED**.

### V. Defendants' Requests for Index or Designation of Recorded Telephone Calls

**IT IS HEREBY ORDERED** that Defendants Lemus Cerna, Paiz Guevara, Romero Cruz, Lopez Torres, Rosales Villegas, Gaitan Benitez, DeJesus Castillo, Duran Cerritos, and Alejandro Chavez's motions (Doc. Nos. 348, 359) requesting an index or designation of recorded telephone calls that the Government intends to use at trial are **DENIED**.

Defense counsel argue that they have received audio recordings of over 1,000 phone calls, conducted in Spanish by unknown parties, from the Government. At the hearing on September 15, 2009, defense counsel represented that they have translated only 25% of these calls. They ask the Government to provide an index of the calls it will use at trial, preferably, identifying the speakers on each call, to lessen the burden of translating these calls.

The Court notes that in December 2014, the Government identified the recorded phone calls it considered to be most pertinent (Doc. 439 at 8), and in May 2015, this Court issued Order providing defense counsel with funds for the translation of recorded phone calls and text

6

messages. (Doc. 271 at 1.) Defense counsel has seven additional months before the start of trial to translate these calls. Further, the Government has offered to provide defense counsel a list of the calls it intends to use at trial, along with court-certified transcripts of these calls, when the parties exchange their exhibit lists. The Court will not require the Government to provide such a list, such transcripts, or its beliefs of who is speaking on the calls. However, the Government is free to do so.

**IT IS FURTHER ORDERED** that the validity of the audio recordings, their transcription and translation, and the identities of the speakers on those recordings are factual issues reserved for trial.

### VI. Defendants' Request for Investigative Materials Pertaining to PVLS and MS-13

**IT IS HEREBY ORDERED** that Defendants Paiz Guevara, Romero Cruz, Lopez Torres, Rosales Villegas, Lemus Cerna, DeJesus Castillo, Alejandro Chavez, and Marquez Ayala's Brady Discovery Motion for Investigative Materials Pertaining to the Park View Locos Salvatruchas Clique of MS-13 (Doc. No. 361) is **DENIED**. Defendants have not demonstrated support for this request and the Court cannot conclude these materials are exculpatory under Brady or any other law. The Government has engaged an expert witness to testify about gangs and defense counsel may do so the same.

**IT IS SO ORDERED.**

ENTERED this 18th day of September, 2015.

Alexandria, Virginia
9/18/ 2015

/s/
Gerald Bruce Lee
United States District Judge