IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| PEDRO ANTHONY ROMERO CRUZ, *et al.* ) | Case No. 1:14-cr-306-GBL |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

THIS MATTER is before the Court on Defendant Pedro Anthony Romero Cruz's Motion for Relief from Prejudicial Joinder (Doc. No. 372), Defendant Jesus A. Chavez's Motion for Severance (Doc. No. 320), Defendant Jaime Rosales Villegas' (Doc No. 387)[1] motion to adopt and incorporate Mr. Cruz's motion to sever, and Defendant Lemus Cerna (Doc. No. 378) and Defendant DeJesus Castillo's (Doc. No. 377) motion to adopt their co-defendants' severance motions.[2]  This case involves a seven-count indictment charging thirteen individuals for a series of offenses relating to their membership in the MS-13 street gang.  The question before the Court is whether the movants' trials should be severed from their co-defendants' trials under Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure.  The Court **DENIES** the Defendants' motions because the Defendants were properly joined under Rule 8(b) and because Defendants fail to persuade the Court with a strong showing of prejudice that discretionary severance is

---

[1] Defendant Jaime Rosales Villegas (Doc. No. 387) filed a motion to adopt and incorporate Mr. Cruz's motion to sever, wherein he seeks to adopt Mr. Cruz's severance argument as it pertains to Mr. Villegas but does not object to being tried jointly with Mr. Cruz and Defendant Jose Lopez Torres on Counts 1, 2, and 3.

[2] Defendant Lemus Cerna (Doc. No. 378) and Defendant DeJesus Castillo (Doc. No. 377) also moved to adopt their co-defendants' severance motions but do not specify which Defendants they seek to sever.

necessary under Rule 14 to avoid a miscarriage of justice or that curative jury instructions would not adequately safeguard the Defendants' rights.

Defendant Cruz argues severance is necessary because a joint trial will result in prejudice to his defense and jury confusion; similarly, Defendant Mr. Chavez argues that the Defendants were improperly joined under Rule 8(b) and prejudice to his defense will result if he is tried jointly. There is a well-established preference that defendants indicted together be tried jointly. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992) ("[T]he general rule is that defendants indicted together should be tried together for the sake of judicial economy."); *see also United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). Federal Rule of Criminal Procedure 8(b) provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction." The Court finds that a joint trial is proper under Rule 8(b) in this case because, as discussed in the Government's Opposition (Doc. No. 439), the indictment alleges a series of offenses that were committed by the Defendants in furtherance of the same criminal racketeering enterprise, within a limited period of time and geographic area, and as alleged members of the same MS-13 gang.

When defendants are properly joined under Rule 8(b), Rule 14 permits severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007) (stating that severance is only available to a defendant who makes a "strong showing of prejudice"); *see also United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992) (holding that severance is required only to avoid a "miscarriage of justice"). Even where prejudice is shown,

the trial court has discretion to tailor appropriate relief, generally in the form of limiting instructions to the jury which the Court could employ in this case to mitigate prejudice if necessary. *See Zafiro*, 506 U.S. at 539; *United States v. Hayden*, 85 F.3d 153, 160 (4th Cir. 1996); *United States v. Le Compte*, 599 F.2d 81, 82 (5th Cir. 1979), *cert denied*, 445 U.S. 927 (1980) ("[T]he Constitution does not require that in a charge of group crime a trial be free of any prejudice but only that the potential for transferability of guilt be minimized to the extent possible.").

The Court **DENIES** the Defendants' motions for severance and holds that the Defendants' trial will proceed jointly because the Defendants were properly joined under Rule 8(b) and because the Defendants fail to persuade the Court with a strong showing of prejudice that discretionary severance is necessary under Rule 14 to avoid a miscarriage of justice or that curative jury instructions would not adequately safeguard the Defendants' rights.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Pedro Anthony Romero Cruz's Motion for Relief from Prejudicial Joinder (Doc. No. 372), Defendant Jesus A. Chavez's Motion for Severance (Doc. No. 320), Defendant Jaime Rosales Villegas' (Doc No. 387) motion to adopt and incorporate Mr. Cruz's motion to sever, and Defendant Lemus Cerna (Doc. No. 378) and Defendant DeJesus Castillo's (Doc. No. 377) motions are **DENIED**.

**IT IS SO ORDERED.**

ENTERED this \_\_17\_\_ day of September, 2015.

Alexandria, Virginia
9/ 17 / 2015

/s/
Gerald Bruce Lee
United States District Judge