IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 1:14-CR-306 |
| ) | |
| PEDRO ANTHONY ROMERO ) | |
| CRUZ, et al. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ROMERO CRUZ'S MOTION TO DISMISS
BASED ON INSUFFICIENT BILL OF PARTICULARS**

The Defendant, Pedro Anthony Romero Cruz, through counsel, respectfully moves this Court to dismiss the charges against him. The Indictment, as amplified by the Government's Bill of Particulars (Dkt. 504[1]), fails to allege any crime by Mr. Cruz. It does not state any facts which would support an inference that Mr. Cruz *participated in the alleged murder conspiracy*, or that Mr. Cruz had *foreknowledge* of the presence of a gun during the co-defendant's alleged attempt to murder the victim. Accordingly, this Court should dismiss the charges.

**Background**

Mr. Cruz is charged with conspiracy to commit murder in aid of racketeering and possession of a firearm in connection with a crime of violence. The crimes relate to an attempted murder of a former MS-13 gang member, identified in pleadings as D.F. At all relevant times, Mr. Cruz was a prisoner incarcerated at the Powhatan Correctional Center

---

[1] The Government actually filed two Bill of Particulars in this case. There appears to be no substantive difference between the two versions, and this motion addresses both documents as though it was a single filing.

in Virginia. The indictment itself did not allege any facts specific to the charges against Mr. Cruz, setting forth instead only general allegations tracking the statutory language. As a result, Mr. Cruz moved for a Bill of Particulars. (Dkt. 371).

Noting Mr. Cruz's unique status as an incarcerated defendant at the time of the offense, this Court granted the motion without qualification. (Dkt. 482). Mr. Cruz's motion specifically sought the following information in a bill of particulars:

1. "With respect to Count One…[a description] of Mr. Cruz's role in the conspiracy and *any actions he allegedly took* in furtherance of the conspiracy.

2. With respect to Count Two…factual support for the allegation that Mr. Cruz…aided or abetted in the possession of a firearm, or otherwise had knowledge that a firearm would be possessed by anyone in connection with Count One."

Def. Mot. For Bill of Particulars at 1. The Court's Order thus clearly required the Government to respond to those two concerns.

The Government responded with a document purporting to be a Bill of Particulars on September 25, 2015. That document contained six paragraphs. Paragraph 1 alleged that Mr. Cruz was a leader of the PVLS clique of MS-13. Paragraph 2 confirmed that he was in prison at all relevant times. Paragraph 3 alleged that, from September 2013 to December 2013, Mr. Cruz communicated with MS-13 members using a contraband cellphone. Paragraph 4—the only paragraph describing specific actions by Mr. Cruz—alleged that:

"From on or about September 28, 2013, to on or about October 1, 2013, the defendant engaged in phone conversations with other members and associates of MS-13, including Jaime Rosales Villegas (a/k/a "Lil Demente") and Jose Lopez Torres (a/k/a "Grenas"), during which they discussed how, when, and where to murder "D.F.""

(Gov't Bill of Particulars at 1). Paragraph 5 then alleged that co-defendants Villegas and Torres drove to a school to commit the murder, and paragraph 6 alleged that the police intercepted them and found weapons in the car.

The Bill of Particulars is notable for what it does *not* allege. First, the critical paragraph—Paragraph 4—fails to allege that Mr. Cruz said anything during the phone conversation to encourage, authorize, direct, or otherwise coordinate the activities of his alleged co-conspirators. This paragraph is thus entirely consistent with Mr. Cruz being no more than a knowing bystander, rather than a participant of the conspiracy.

Second, nowhere else in the Bill of Particulars does the Government allege that Mr. Cruz ever issued a "green light"—i.e., authorization to kill—against the target of the attempted murder. The Government's apparent reluctance to make this particular allegation is troubling when the FBI agent who sought a search warrant to search Mr. Cruz's cell phone specifically alleged that the "green light" came from Mr. Cruz. This is of obvious importance to Mr. Cruz's defense, and even now it remains unclear whether the Government will allege at trial that he was the one who issued a "green light."

Finally, the Government does not describe Mr. Cruz's role as it relates to the murder conspiracy.[2] Nor does the Government describe any actions by Mr. Cruz—other than the phone calls—which would conceivably make him a participant of the murder conspiracy. The Defendant's motion for a Bill of Particulars clearly and specifically asked for a statement of <u>all actions</u> that Mr. Cruz allegedly took in furtherance of the conspiracy. Assuming that the Government's Bill of Particulars complied with this

---

[2] While the Government generally alleged that Mr. Cruz was a leader of the PVLS clique, it should be obvious that being the leader of a gang does not automatically make one the leader—or even a participant—of a conspiracy.

request in good faith, and viewing these allegations in the light most favorable to the prosecution, all they establish is that Mr. Cruz was on the phone with gang members when the murder conspiracy was discussed. As noted, however, one cannot be guilty of conspiracy by being a participant in a phone conversation, at least not without additional facts to show that the defendant actively contributed to the conspiracy by making plans, authorizing actions, or issuing orders. As a result, the Government's allegations are insufficient, and this Court should therefore dismiss the charges.

## ARGUMENT

For an indictment to be legally sufficient, it must not only set forth the elements of the offense, but also "fairly inform the defendant of the nature of the charges against him." *United States v. Cuong Gia Le*, 310 F. Supp. 2d at 772 (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). This Court may dismiss the charges where the indictment lacks specificity or fails to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B). The Government was ordered to furnish a bill of particulars responsive to the defendant's request. Assuming that the Government has done so, it is clear that the facts alleged are legally insufficient to constitute a crime.

**I.    The Government has failed to state an offense of conspiracy, because its allegations pertain solely to Mr. Cruz's knowledge of the conspiracy and does not show any agreement or actions in furtherance of the conspiracy.**

The principal charge against Mr. Cruz is conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959. To prove a conspiracy under 18 U.S.C. § 1959, the Government must show, among other things, that "the defendant (1) agreed with others to commit a violent crime…and (2) entered into that agreement for the purpose of gaining entrance to or maintaining or increasing position in an enterprise

engaged in racketeering activity." *United States Basciano*, 599 F.3d 184 (2nd Cir. 2010). In this case, the Government must therefore allege and prove that Mr. Cruz agreed with others, including the two co-defendants, to kill D.F.

It is well established that mere knowledge of illegal activity by others is insufficient for conspiracy. *United States v. Townsend*, 924 F.2d 1385, 1393 (7th Cir. 1991)("One may know of, and assist (even intentionally), a substantive crime without joining a conspiracy to commit the crime"). Indeed, one can be guilty of aiding and abetting a crime without being a co-conspirator to the crime. *See id.; Nye & Nissen v. United States*, 336 U.S. 613, 620 (1949)("Aiding and abetting rests on a broader base [than does conspiracy]; it states a rule of criminal responsibility for acts which one assists another in performing."). Thus, in *Townsend*, the Seventh Circuit found the evidence insufficient to establish a drug conspiracy where the the defendants were aware of each other's illegal drug-dealing and sometimes bought and sold drugs to each other, but otherwise operated on their own. *Townsend*, 924 F.2d at 1410.

More analogously, in *United States v. Hernandez*, 141 F.3d 1042 (11th Cir. 1998), the Court of Appeals reversed a defendant's conviction for conspiracy to commit murder for hire where the only evidence of his participation in the conspiracy was his presence at a conversation where the murder was discussed. *Id.* at 1054.

In this case, the Government was ordered by the Court to submit a Bill of Particulars describing all actions Mr. Cruz allegedly took in furtherance of the conspiracy. The only action so identified by the Government was Mr. Cruz's alleged participation in several phone calls, when the attempted murder was discussed by gang members. Although according to the Government, the conversations related to the "how,

when, and where" of the attempted murder, (See Gov't Bill of Particulars at 1), nothing in these conversations was attributed to Mr. Cruz.  Indeed, the Government is reluctant to even allege that Mr. Cruz authorized the attempted murder or gave a "green light."

The Government's allegations, if true, establish only Mr. Cruz's knowledge of a plan by gang members to kill D.F.  These allegations do not come close to showing his status as a co-conspirator in the plan.  Because the Government has not alleged sufficient facts for a conspiracy, this Court should dismiss the two charges against Mr. Cruz, both of which depend upon the Government's ability to allege sufficient facts to show that Mr. Cruz was a co-conspirator in the alleged murder plot.

**II.     The Government has failed to state an offense for aiding and abetting the possession of a firearm in furtherance of a crime of violence.**

The Government also charged Mr. Cruz with aiding and abetting the possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c).[3]  In *Rosemond v. United States*, 134 S. Ct. 1240 (2014), the Supreme Court explained that an aiding and abetting offense generally has two components: (1) an affirmative act in furtherance of the offense, and (2) an intent to facilitate the offense's commission.  *Id.* at 1245.  In the context of "combination crimes" such as § 924(c), the first element is satisfied when the defendant facilies either the underlying crime (i.e., drug crime or crime of violence), or the possession of the firearm. *Id.* at 1247.  The second element requires advance knowledge that a gun will be used, at an early enough time when the defendant has a realistic option of altering the plan or withdrawing from the crime. *Id.* at 1249-50.

---

[3]     Although this is not explicit in the Indictment, it is clear that the only plausible theory would be aiding and abetting liability under 18 U.S.C. § 2, since it is undisputed that Mr. Cruz never possessed any firearms himself.

Here, the Government has failed to alleged sufficient facts with respect to either element of aiding and abetting liability under § 924(c).  As to the first element, the Government's only allegation in this case is that Mr. Cruz participated in several phone calls with co-defendants discussing the "how, when, and where" of the murder. However, for the reasons discussed in Part I, there are no specific allegations regarding any statements by Mr. Cruz that would show that he counseled, encouraged, directed, or authorized other individuals to (1) either commit a crime of violence against the victim; or (2) use a gun in connection with the offense.  Thus, the Government's allegations fail to establish an affirmative act in furtherance of the § 924(c) offense.

More importantly, the Government has not alleged sufficient facts to show foreknowledge by Mr. Cruz that a gun would be used—an essential element for a § 924(c) conviction.  The Government does not allege that the use of a gun was ever discussed during the phone calls, or that Mr. Cruz learned of the gun by other means.

Mr. Cruz's motion specifically asked the Government to identify facts that would support the allegation that he knew that a firearm would be used in connection with the attempted murder.  That the Government could only identify telephone conversations in which no firearm was ever discussed shows that the Government can not allege a § 924(c) offense as to Mr. Cruz.  Accordingly, this Court should also dismiss Count 3 of the indictment against Mr. Cruz.

## CONCLUSION

For the foregoing reasons, this Court should grant Mr. Cruz's motion and dismiss the charges against him.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, D.C. 20005
(202) 386-6920 (phone)
(267) 390-7587 (fax)
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed through the Court's ECF/CM system, which automatically sends a notice of the filing to all registered parties.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, D.C. 20005
(202) 386-6920 (phone)
(267) 390-7587 (fax)
charles@burnhamgorokhov.com