# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case no. 1:14-CR-GBL-8 |
| | ) | |
| MANUEL E. PAIZ GUEVARA | ) | |

**DEFENDANT'S SUPPLIMENTAL MEMORANDUM OF AUTHORITIES IN SUPPORT OF THE MOTION TO SUPPRESS**

### QUESTION

**IF A SEARCH WARRANT, SUBSTANTIALLY PREDICATED ON FACTS OBTAINED IN AN UNCONSTITUTIONAL SEARCH, MUST BE SUPPRESSED AS FRUIT OF THE POISONOUS TREE?**

Background law

The Exclusionary Rule

Without getting into a lengthy history of the exclusionary rule and the scope of the objectives established in Weeks v. United States, 232 U.S. 383 (1984), since the 1984 opinion in Leon v. California, 468 U.S. 897 (1984), the purpose of the exclusionary rule is to suppress evidence obtained as a consequence of police misconduct. "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." Leon, 468 U.S. at 916.

1

"Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations, Leon, 468 U.S. at 921.

## The Fruits of the Poisonous Tree Doctine

The fruit of the poisonous tree doctrine works with the exclusionary rule to exclude secondary evidence obtained as the "fruit" of an unconstitutional act: evidence obtained as a secondary or indirect result of the unconstitutional intrusion or derivative evidence.

The three exceptions to this doctrine, suppressing indirect or secondary evidence obtained as a consequence of unconstitutional conduct are (1) the independent source doctrine, (2) the inevitable discovery doctrine, and the dissipation of the taint doctrine.

## Status of the Law

There exists, or cannot be found, any U. S. Supreme Court or Fourth Circuit law on this issue.

There is case law from some of the various circuits, but the circuits are in conflict.

The Fifth and Sixth Circuits apply the good-faith exception. The Ninth and Eleventh Circuits do not apply the exception and the Second and Eighth Circuits vary in their conclusions as to whether the good-faith exception applies.

The defendant would assert good faith exception should apply only when the original search or seizure was warrantless, and unreasonable and unconstitutional,[1] and (2) the officers who subsequently applied for the warrant were not in any capacity the same officers who committed the initial unconstitutional act[2] and (3) the officers executing the search warrant relied upon the warrant in good faith.[3] Each of those three prongs of the question presuppose that the officers were not deliberately dishonest, by omission or commission, in the affidavit presented to the magistrate. [4]

Those Circuits holding the Good-Faith Exception Applies

The Sixth Circuit

In United States v. McClain, 444 F. 3d 556 (6th Cir. 2006) the Sixth Circuit held that the application of the good-faith exception would apply permitting admission of evidence seized pursuant to a search warrant based on an unconstitutional search and seizure.

In McClain, briefly, officers responded to a complaint that lights were on in a vacant residence. The officers responding saw the door was ajar. The officers entered the house and found evidence of marijuana farming. The local drug task force was

---

[1] See Hill v. California, 401 U.S. 797, 803-04 (1971) (Upholding a search incident to an arrest even though the arrest was made of the wrong person.
[2] Leon, 468 U.S. 897 *1984)
[3] Segura v. United States, 468 U.S. 796, 805 (1984) (Establishing the independent source doctrine.
[4] Franks v. Delaware, 438 U.S. 154 (1978).

informed. Weeks later, the drug task force obtained warrants for several other of the defendant's properties. The application in support of the warrant, specifically relied on the warrantless search of the first house. The subsequent warrants netted marijuana plants.

The Sixth Circuit on finding the search warrant to be valid found that the first entry into the house in response to the complaint was "close enough to the line of validity that an objectively reasonable officer preparing the affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct." [5]

The Sixth Circuit's rationale was the, inasmuch as the drug task force officer was not involved in the initial intrusion, officer's belief that the initial intrusion was legally permissible, was "close enough to the line to validity" to justify good faith reliance on the subsequent warrant objectively reasonable. McClain at 566.

Note should be made that the original officers responding and entering were not officers from the drug task force.

The Fifth Circuit

In United States v. Woerner, 709 F.3d 527 (5th Cir. 2013) a defendant was convicted of possession and distribution of child pornography. Independent state and federal investigations monitored websites. State police officers advised local officers

---

[5] See Id. at 563.

4

that the defendant might be distributing child pornography. The local officers conducted a search of the defendant's computers utilizing a warrant the officers knew to have expired. Child pornography was found.

Federal Bureau of Investigations agents obtained a search warrant of the defendant's property after conducting their own undercover investigation. Prior to the F.B.I search, they were made aware of the earlier search and arrest by local officers. The federal agents proceeded with the search and arrest. The federal search warrant was partially based on evidence obtained by the local law enforcement search.

The defendant moved to suppress arguing the federal warrant was the fruit of the poisonous tree from the local warrant. That court found that the two investigations were independent and parallel. It further found that the local officers did not attempt to circumvent the exclusionary rule by giving the illegally obtained evidence to the F.B.I. The local officers did know that, at the time of the execution of their warrant that the warrant was stale, and proceeded regardless. The court found that, inasmuch as the F.B.I was not aware of the illegal source of the information provided by locals, the good-faith exception applied.

The Fifth Circuit went on to discuss the application of Leon to the facts in Woerner. Leon and the good-faith exception would not apply (1) when the issuing magistrate was misled by information in an affidavit that the affiant know or

reasonably should have known was false. Woerner, 709 F.3d at 533-34, when the issuing magistrate wholly abandoned his juridical role, Woerner, Id., when the affidavit is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, id., and when the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that executing officers cannot reasonably presume it to be valid. Id.

The issue not raised in the Fifth Circuit's opinion is whether good-faith applies when the magistrate's probable cause is finding is based on the product of an illegal search or seizure. In short, the Fifth Circuit permitted the application of the good-faith exception but declined or failed to set forth its reason for withholding application. It did note generally that the good-faith exception would not apply for a warrant if the officer applying for the warrant knew or should have known the information was tainted and included that information anyway, omitted full disclosure or explanation, that is, the first officer knowing the information was tainted and intentionally not mentioning or concealing from the officers obtaining the warrant.

In another case, United States v. Maisi, 761 F.3d 512 (5th Cir, 2014) Marine law enforcement conducted a "ramp check" on the defendant's airplane when the plane was stopped in Texas, traveling from Las Vegas. The defendant, and his pilot, refused permission to conduct the search. A federal agent requested a search warrant.

6

The defendant argued that the time of detention, from the time the plane and defendant were seized and the time of the arrival of the warrant and the conducting of the search amounted to an illegal seizure tainting the subsequent search and seizure.

The Fifth Circuit found that the efforts of the agent, to obtain a search warrant, did not amount to misconduct by the agent. No valid Leon purpose of punishing misconduct by the police would be met by suppression. The fruits of the search warrant execution were admitted.

Those Circuits holding the Good-Faith Exception Applies

Ninth Circuit

In United States v. Vasey, 834 F. 2d 782 (9th Cir. 1987) a police officer pulled a driver for speeding. The driver acted suspiciously, and was handcuffed and the car searched. The driver had refused consent to search, but the original officer and an additional responding officer conducted a search regardless. The officers then obtained a warrant to search the car more thoroughly. A large amount of cash was recovered and three kilograms of cocaine.

The U. S. District Court for the Western District of Washington found but the warrantless and warrant backed searches violated the Fourth Amendment. The government appealed and the Ninth Circuit found the initial warrantless search to be unconstitutional. It went on to state that the warrant obtained was based was not

supported by probable cause without the evidence obtained during the unreasonable warrantless search.

The Ninth Circuit distinguished Vasey from Leon stating that in Leon the officers did not do something they knew to be illegal. By veiling that information from the magistrate the court refused to apply the good-faith exception.

Again, this opinion holds with the stated purpose of Leon of punishing officer misconduct and not court mistake.

## Eleventh Circuit

In United States v. McGough, 412 F. 3d 1232 (11th Cir. 2005) the Eleventh Circuit addressed the issue of whether the good-faith exception applied when an earlier unconstitutional search of a defendant's home tainted a subsequently obtained search warrant. Officers responded to a defendant's home after an accidental call from the defendant's daughter, when she was locked outside the home while the defendant was away. Upon his return the defendant was arrested for reckless conduct. The officers requested permission to search the home, which the defendant refused. Escorting the daughter into the home to obtain her belongings the officers observed marijuana and a gun. The officers then obtained a search warrant and upon execution of the warrant observed and seized marihuana and cash. The United States District Court denied the defendant's motion to suppress.

The Eleventh Circuit ruled the re-entry on the warrant as unconstitutional and that the good-faith exception did not apply, finding the officers' conduct did not meet an "objectively reasonable enforcement activity, specifically that the reentry to have the daughter obtain her belongings was objectively unreasonable. "[T]he search affidavit was tainted with evidence obtained as a result or a prior, warrantless, presumptively unlawful entry into a person dwelling." Id., quoting United States v. Meixner, 128 F. Supp. 2d 1070, 1078 (E.D. Mich. 2001).

Circuits That Have Found Both Ways

Second Circuit

In United States v. Thomas, 757 F.2d 1359 (2d Cir. 1985) eight defendants were charged with several drug offenses, firearm violations and RICO. The United States presented evidence offering evidence obtained from several undercover investigations and several searches conducted over a nine month period, including searches of two of the defendant's homes. One of these searches was pursuant to a warrant, obtained, in part, upon the sniff of a canine search conducted outside of the residence. No drugs were recovered, but various records and a bullet resistant vest were seized. The defendant claimed the canine search was unconstitutional and the evidence seized from the residence should be suppressed.

The Second Circuit found the dog search to be unconstitutional and the evidence recovered could not be relied upon for the obtaining of the warrant. The

court found the good-faith exception did apply and permitted admission. The rationale being that there was "nothing more the officer could have or should have done under these circumstances to be sure his search was legal." Id. The officer thought as the dog was only permitted to sniff outside of the residence there was no Fourth Amendment intrusion. The facts of the nature of the dog sniff was disclosed to the magistrate who issued the warrant. It was reasonable the officer could rely upon the findings and issuance of the magistrate. In short, the magistrate made a mistake armed with all pertinent facts.

Again, the source of the misconduct, as in the officer or the magistrate, determined the applicability of the good faith exception.

In United States v. Reilly, 76 F.3d 1271 (2d Cir. 2006), officers smelled marijuana coming from a cottage on the defendant's property. In a clearing, some one hundred yards from the cottage, the police found growing marihuana plants. The police later that day obtained a warrant for the defendant's main residence, as opposed to the cottage, and found more marihuana.

The Second Circuit found that the officers violated the defendant's Fourth Amendment rights in the search of the curtilage and that the good-faith exception did not apply saving the search.

Interestingly, it did not reverse its earlier ruling or logic in Thomas, but rather found a difference in the facts of the two cases. Unlike Thomas wherein the officers

advised the magistrate of the drug sniff conducted outside the residence in good faith, the officers in Reilly should have been mindful that the Fourth Amendment protected that defendant's curtilage and "undertook a search which caused them to invade that they could not fail to have known was potentially [the defendant's] curtilage." "[T]here was a lot more the officers could have or should have done … to be sure [their] search was legal." To apply the good-faith exception "requires a sincerely held and objectively reasonable belief that the warrant was based on a valid application of the all to all the known facts." Id. at 1273.

Without the magistrate being informed of the layout of the land, the relative location of the residence, the cottage and the marihuana by the officers the magistrate could not make a valid assessment of the legality of the warrant he was being asked to issue.

Again, the issue turned on who, the officers or the magistrate, was responsible for the mistake. It found the officers failed to advise the magistrate and therefore the officers made the mistake and the purposes to prevent officer misconduct of Leon required suppression.

## Eighth Circuit

In United States v. White, 890 F. 2d 1413 (8th Cir. 1989) a defendant was observed at the airport acting suspiciously. The defendant agreed to speak with the officers but refused to grant permission for a search of his baggage. The officers told

11

the defendant he was free to leave, but his bags would have to remain. A dog was put on the bags and alerted on the defendant's carry-on bags. The carry-on bag was found to contain cocaine. The officers used this information to obtain a search warrant for the remainder of the defendant's luggage. Evidence of drug trafficking was found in that larger bag.

The Eighth Circuit found there was insufficient basis justifying the Terry stop: the suspicious behavior and that any resulting detention was unlawful. The court did apply the good faith exception to the warrant for the larger bag.

The Court found that, although legally incorrect, the officers could have good faith belief that the information in the affidavit for the warrant was lawfully obtained. The original search of the carry-on bag were "close enough to the line of validity" that the Fourth Circuit violation permitted the application of the good-faith exception to the fruits of the poisonous tree search of the larger bag.

In United States v. O'Neal, 17 F.3d 239 (8th Cir. 1994), officers were at a bus stop watching for drug violations when approached by the defendant and his brother. While the defendant and his brother were being questioned, one of the officer seized the defendant's bag in order to have a dog sniff it. Before the dog alerted, the defendant admitted the bag contained drugs. The dog then alerted and the officer obtained a search warrant for the bag.

The Eighth Circuit found the officers did not have sufficient reasonable suspicion to seize the bag, but the defendant's admission regarding the drugs provided sufficient valid basis for the issuance of a warrant.

It should be noted the court, while admitting the evidence, rejected the government's good faith exception claim. It found that the officers' conduct was not "close enough to the line of validity" to bring it under the good faith exception.

It appears the case turned on the defendant's admission, ignored the reasonable suspicion aspect of the case, but found that, absent the admission, the good faith exception would not have applied. The police misconduct caused the issue and not the magistrate. The good faith exception would not have applied, but the defendant's admission was sufficient to justify the admission of the contents of the bag.

## Application To and Prayer in the Instant Case

This court must determine if the circumstances of the initial stop of the defendant and the search of the contents of his jacket pocket was lawful. If not, the court must determine that eligibility of the good faith exception to the search of the contents of the defendant's cellular, weeks later, remembering that both the stop and the search warrant were conducted by the gang unit.

Respectfully submitted,

**MANUEL E. PAIZ GUEVARA**

By: _____/S/_____

David P. Baugh, Esq.
Va. Bar No. 22528
2025 East Main Street, Suite 108
Richmond, Virginia  23224
804.743-8111
Email: dpbaugh@dpbaugh.com

W. Michael Chick, Jr. Esq.
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia  22030
571.276.8279
Email:  mike@chichlawfirm.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Motion for Designation of Law Enforcement Agencies was duly served, October 13, 2015, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia  22314,

And all other defendants in this matter by the Court's electronic filing system.

/s/  *David P. Baugh*

**David P. Baugh**