IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

        v.

PEDRO ANTHONY ROMERO CRUZ,
JOSE LOPEZ TORRES,
JUAN CARLOS MARCOS AYALA,          No. 1:14-CR-306 - GBL
JAIME ROSALES VILLEGAS,
ALVIN GAITAN BENITEZ,
CHRISTIAN LEMUS CERNA,
ARAELY SANTIAGO VILLANUEVA,
OMAR DEJESUS CASTILLO,
DOUGLAS DURAN CERRITOS,
**MANUEL ERNESTO PAIZ GUEVARA**,
GENARO SEN GARCIA,
OSE DEL CID,
JESUS ALEJANDRO CHAVEZ,
        Defendants

### MANUEL ERNESTO PAIZ GUEVARA'S FORMAL OBJECTION TO COURT'S RULING UNDER UNITED STATES V. BOONE 245 F3d 352 (4th Cir. 2001)

Manuel Ernesto Paiz Guevara, by counsel, files this formal objection to the court's ruling on his motion to sever and continue. Mr. Manuel Paiz Guevara adopts and incorporates – without restating herein – all that has previously been filed and stated on the record concerning these issues. Concerning both Boone and Mr. Paiz Guevara's constitutional right to effective assistance of counsel:

In denying Paiz Guevara's motion, this Court has reasoned that (1) Boone does not apply to Mr. Paiz Guevara's circumstances; and that (2) even if Boone does apply, its requirements have been satisfied under the circumstances of this case, because Mr. Paiz Guevara has had two lawyers up to this point. The Court is wrong on both accounts. First, in addition to the ineffective assistant of counsel (IAC) issue, this case involves the exact issue confronted in Boone. As presented in Boone, the issue was "whether Boone was entitled to the assistance of two attorneys under 18 U.S.C. § 3005 because he was indicted under a statute that carries the death penalty as a maximum sentence, even though the government did not seek the death penalty." Boone, 245 F3d at 358. The Fourth Circuit held that "[b]ecause we are of opinion that 18 U.S.C. § 3005 provides an absolute statutory right to two attorneys in cases where the death penalty may be imposed, we vacate Boone's conviction and remand to the district court for retrial."[1]

This Court has reasoned first that Boone does not apply, because the majority of circuits have determined that Boone is an "outlier" on this issue. This Court is not bound by those other circuits or their opinions; rather, this Court is bound by Boone, which in no uncertain terms held as we stated above, and in doing so found that, while "[w]e also acknowledge that our interpretation of § 3005 disagrees with the interpretation espoused by several of our sister circuits. . .

---

[1] We have previously noted that the relevant statute and 2002 Fourth Circuit Order also unequivocally requires one of those lawyers to be Learned Counsel.

[u]ntil, however, Congress rewrites § 3005 mandating that it apply only in cases where the death penalty is actually sought by the government, we will not ignore the plain language of the section with its statutory trigger that § 3005 applies upon indictment for a capital crime. Id. at 361. We note that despite the decision, long after Boone's ruling in 2001, the Congress has not rewritten the statute.

Next, this Court has concluded that even if Boone did apply to this case, it has been satisfied, because Mr. Paiz Guevara, who requests two counsel, has indeed had two counsel (and other resources typically afforded to capital defendants) leading up to this point in the case. The Court's finding on this issue ignores several important truths. First, the trial itself is the most critical stage of the proceedings against Mr. Paiz Guevara and the entitlement to second counsel, who is learned, clearly includes the trial stage. Nowhere does Boone, 18 U.S.C. § 3005, or Section F, paragraph 3 of the Fourth Circuit Order of October 1, 2002 (entitled Plan for Providing Representation for Eligible Persons Under the Criminal Justice Act of 1964, as amended) limit the mandatory requirement of a second learned counsel to only those stages before trial, while excluding the requirement during the trial itself. And in fact, the issue of mandatory compliance with the statute addressed in Boone, was of course in the context of Boone's actual trial. Id. at 385.

The more important distinction between this case and <u>Boone</u> is that Boone's objection, which resulted in a reversal of his conviction, appears to have been solely based on the statute, without expressly asserting a constitutional IAC issue.[2] Here, Paiz Guevara, objects on both statutory grounds and under his constitutional rights to effective assistance of counsel and a fair trial.

Mr. Paiz Guevara is proceeding to trial without learned counsel, under his objection to this Court's decision.

Respectfully submitted,

**MANUEL ERNESTO PAIZ GUEVARA**

By: _____/s/_____
W. Michael Chick, Jr.
VSB: 70892
Attorney for Defendant Manuel Paiz Guevara
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102 Fairfax, Virginia 22030
Tel: 571.276.8279
Fax: 571.748.4399
mike@chicklawfirm.com

---

[2] Boone was the only defendant in his trial, and he was represented over his objection by a sole Assistant Federal Public Defender, William Fletcher Nettles. Mr. Paiz Guevara on the other hand, will be represented at trial with Mr. Chick – who has no federal trial experience and who, up to now, less than two months before trial, has had a secondary role in the case – while approximately a dozen indicted co-defendants involved in Paiz Guevara's trial will be represented by federal-experienced learned counsel, along with their secondary co-counsel.

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served via ECF, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Tobias Tobler, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria,Virginia 22314

And all other defendants in this matter by the Court's electronic filing system.

_____/s/_____
W. Michael Chick, Jr.