IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>PEDRO ANTHONY ROMERO CRUZ, *et al.* )<br><br>Defendants. ) | No. 1:14-CR-306<br><br>The Honorable Gerald Bruce Lee |

GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE FROM OFFERING
EVIDENCE OF NON-PARTY'S INVOCATION OF HIS FIFTH AMENDMENT RIGHTS

The United States of America, by and through its attorneys, Dana J. Boente, United

States Attorney, Stephen M. Campbell, Julia K. Martinez, and Tobias D. Tobler, Assistant

United States Attorneys, hereby files this motion in limine to preclude any defendant from

proffering as evidence                                   ("the Witness") assertion of his Fifth

Amendment rights.[1]  Such evidence has no probative value but carries an impermissible danger

of unfair prejudice.  The evidence is therefore inadmissible under Rule 403 of the Federal Rules

of Evidence.

ARGUMENT

Count Seven of the Third Superseding Indictment charges Defendants Del Cid, Alejandro

Chavez, and Sen Garcia with crimes arising out of the murder of Julio Urrutia on June 19, 2014.

On October 20, 2015, the Witness appeared before this Honorable Court for a deposition

regarding the circumstances of this crime.  When questioned by counsel for defendant Alejandro

---

[1] The deposition proceeding in which the witness testified was conducted under seal to protect the
identities of witnesses from premature disclosure.  Accordingly, the government has redacted the
witness's name from its public filing of this motion.  The government will file under seal an unredacted
motion and serve it on all counsel present at the deposition.  The government requests that this version
remain under seal, consistent with the Court's order sealing the deposition proceedings.

Chavez, the Witness refused to answer, invoking his Fifth Amendment privilege against self-incrimination.  In the coming trial, defendants may attempt to offer the Witness's assertion of this privilege as evidence.  Such evidence is plainly inadmissible, and the Court should therefore bar its introduction.

Evidence of a witness's assertion of his Fifth Amendment rights is inadmissible under Rule 403 of the Federal Rules of Evidence.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").  First, the probative value of such evidence is minimal to non-existent.  As the Supreme Court has held, jurors may draw no legitimate inferences from a witness's legal assertion of his right against self-incrimination.  *See Johnson v. United States*, 318 U.S. 189, 196–97 (1943) ("The claim of privilege and its allowance is properly no part of the evidence submitted to the jury, and no inferences whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right.").  Accordingly, the Fourth Circuit, like numerous other courts of appeal, has concluded that any inferences a jury could draw from of a witness's assertion of his Fifth Amendment privilege are "only minimally probative . . . and likely improper."  *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008).  *See also United States v. McLean*, 145 F.3d 1327, 1998 WL 225133, at *2 (4th Cir. 1998) ("When a witness invokes his Fifth Amendment privilege not to testify and incriminate himself, a jury may not draw any inferences from that decision."); *United States v. Rivas-Macias*, 537 F.3d 1271, 1275 n.3 (10th Cir. 2008) ("[A] jury may not draw any legitimate inferences from a witness' decision to exercise his Fifth Amendment privilege."); *United States v. Loggins*, 486 F.3d 977, 982 (7th Cir. 2007) ("We have never found that it is permissible for a jury to make an

inference from the invocation of a witness's assertion of the Fifth Amendment."); *United States v. Deutsch*, 987 F.2d 878, 884 (2d Cir. 1993) ("[N]either party may properly draw . . . inferences" from assertion of Fifth Amendment privilege).

While the probative value of a witness's invocation of his Fifth Amendment privilege is minimal, the potential for unfair prejudice from such evidence is acute.  As the Fourth Circuit has observed, evidence of a witness's privilege assertion causes "unfair prejudice" in the form of "unwarranted speculation by the jury" coupled with the non-proponent's inability to probe the witness's reasons for invoking the right.  *Branch*, 537 F.3d at 342.  The D.C. Circuit has expounded on this deficiency as follows:

> It is well settled that the jury is not entitled to draw any inferences from the decision of a witness to exercise his constitutional privilege whether those inferences be favorable to the prosecution or the defense.  The rule is grounded not only in the constitutional notion that guilt may not be inferred from the exercise of the Fifth Amendment privilege but also in the danger that a witness's invoking the Fifth Amendment in the presence of the jury will have a disproportionate impact on their deliberations. The jury may think it high courtroom drama of probative significance when a witness "takes the Fifth."  In reality the probative value of the event is almost entirely undercut by the absence of any requirement that the witness justify his fear of incrimination and by the fact that it is a form of evidence not subject to cross-examination

*Bowles v. United States*, 439 F.2d 536, 541–42 (D.C. Cir. 1970) (internal citations omitted).  *See also United States v. Reyes*, 362 F.3d 536, 542 (8th Cir. 2004) ("[D]ue to the courtroom drama an invocation creates, the jury is likely to place far too much emphasis upon an ambiguous invocation."); *United States v. Griffin*, 66 F.3d 68, 70–71 (5th Cir. 1995) ("[A] claim of Fifth Amendment privilege is likely to be regarded by the jury as high courtroom drama and a focus of ineradicable interest, when in fact its probative force is weak and it cannot be tested by cross-examination.").

Weighing the minimal probative force of a witness's assertion of his Fifth Amendment privilege against the danger of unfair prejudice, courts have widely rejected attempts to introduce such assertions as evidence at trial.  *See, e.g.*, *Branch*, 537 F.3d at 342 (affirming district court's decision denying defendant's request to call witness who would invoke Fifth Amendment privilege); *Rivas-Macias*, 537 F.3d at 1275 n.3 ("[W]e have repeatedly held that neither the prosecution nor the defense may call a witness to the stand simply to compel him to invoke the privilege against self-incrimination."); *Loggins*, 486 F.3d at 982 (affirming district court's denial of defendant's request that her codefendants exercise their Fifth Amendment privilege before the jury); *United States v. Castro*, 129 F.3d 226, 231 (1st Cir. 1997) ("At least in the absence of exceptional circumstances . . . trial courts should not permit witnesses who have indicated that they will refuse to answer questions on legitimate Fifth Amendment grounds to take the witness stand and assert the privilege in front of the jury."); *Bowles*, 439 F.2d at 541 (affirming district court instruction that counsel "refrain from any mention of the decision made by [non-party] to invoke the Fifth Amendment").

The legal reasoning and conclusions from these authorities apply fully to the matter before the Court.  Evidence that the Witness has asserted his Fifth Amendment privilege against self-incrimination would support no legitimate inferences by the jury, but would carry an impermissible danger of unfair prejudice.  The Court should therefore reject any effort to introduce such evidence.

CONCLUSION

For the reasons set forth above, the Court should preclude any defendant from proffering

as evidence the Witness's invocation of his Fifth Amendment rights.

Respectfully Submitted,

Dana J. Boente
United States Attorney

_____/s/_____
Stephen M. Campbell
Julia K. Martinez
Tobias D. Tobler
Assistant United States Attorneys
Counsel for the Government
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314
(703) 299-3700
(703) 739-9556 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to counsel of record.

_____/s/_____

Tobias D. Tobler
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
tobias.tobler@usdoj.gov