IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:14-CR-306 |
| v. ) | |
| ) | The Honorable Gerald Bruce Lee |
| PEDRO ANTHONY ROMERO CRUZ, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
REFERENCES TO THE DEFENDANTS' POTENTIAL SENTENCES

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney, Stephen M. Campbell, Julia K. Martinez, and Tobias D. Tobler, Assistant United States Attorneys, hereby files this motion in limine to preclude defense counsel and defendants from making reference—through questioning of witnesses, during argument, or in testimony—to the criminal sentences the defendants may receive if convicted. Any such references are irrelevant, unfairly prejudicial, and inadmissible.

ARGUMENT

Under clearly established law, unless a jury has a role in sentencing, the jury must "reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). *See also United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) ("The jury must reach its verdict without considering possible sentences."). This principle reflects "the basic division of labor in our legal system between judge and jury." *Shannon*, 512 U.S. at 579. The jury must find facts and determine "whether, on those facts, the defendant is guilty of the crime charged." *Id.* "The

judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.*  See also *United States v. Robinson*, 583 Fed. Appx. 53 (4th Cir. 2014) ("It is settled law that it is the exclusive function of the jury to determine the guilt or innocence of the accused and the sole province of the court to determine punishment."). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task," *Shannon*, 512 U.S. at 579, and the jury must reach its decision "without knowledge of possible sentences," *Robinson*, 583 Fed. Appx. at 54 (citing *Rogers*, 422 U.S. at 40).

Furthermore, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579.  As courts have observed, such information may "open the door to compromise verdicts," *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991), invite jury nullification, *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997), or otherwise cause the jury to disregard the strength of the evidence, *see Meredith*, 824 F.2d at 1429 ("a suggestion that a defendant may receive a light sentence may make the jury willing to convict on weaker evidence than it would otherwise require").

Because information regarding a defendant's potential punishment is irrelevant to a jury's fact-finding responsibilities, and would only serve to distract the jury, cause confusion, and open the door to improper considerations, such information is plainly inadmissible. *See Robinson*, 583 Fed. Appx. at 53–54 ("Informing a jury of the penalty for an offense is prejudicial, and breach of this well-grounded principle may constitute reversible error." (citing *Meredith*, 824 F.2d at 1429)). The Court should therefore preclude the defendants from making any reference at trial to the sentences they may receive if convicted.[1]

---

[1] The government does not seek to preclude questions posed to cooperating defendants regarding the sentences they received or will receive.

## CONCLUSION

For the reasons set forth above, the Court should preclude the defendants and defense counsel from making any reference to the sentences they may receive if convicted.

Respectfully Submitted,

Dana J. Boente
United States Attorney

_____/s/_____
Stephen M. Campbell
Julia K. Martinez
Tobias D. Tobler
Assistant United States Attorneys
Counsel for the Government
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314
(703) 299-3700
(703) 739-9556 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to counsel of record.

                                                    /s/
                                   Tobias D. Tobler
                                   Assistant United States Attorney
                                   Justin W. Williams U.S. Attorney's Building
                                   2100 Jamieson Ave.
                                   Alexandria, VA 22314
                                   Tel: (703) 299-3700
                                   Fax: (703) 299-3981
                                   tobias.tobler@usdoj.gov