IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. 1:14-CR-306 |
| v. | ) ) | The Honorable Gerald Bruce Lee |
| PEDRO ANTHONY ROMERO CRUZ, *et al.* | ) ) |  |
| Defendants. | ) ) |  |

GOVERNMENT'S NOTICE OF INTENT
TO OFFER VIDEO GLORIFYING MS-13 AND GANG VIOLENCE

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney, Stephen M. Campbell, Julia K. Martinez, and Tobias D. Tobler, Assistant United States Attorneys, hereby files this notice of intent to offer evidence and testimony of videos found on the cell phone of Defendant Lemus Cerna that glorify MS-13 and gang violence.

THE VIDEOS

In August 2014, investigators obtained a warrant from Fairfax County Circuit Court to search a cell phone investigators seized during the execution of a search warrant at Lemus Cerna's residence. Lemus Cerna had previously used the phone during a controlled purchase of methamphetamine. Upon searching the phone, investigators found a large volume of video files with images and lyrics best described as glorifying MS-13 and gang violence.

The government intends to offer forensic analysis and related testimony concerning these files. The government also intends to offer, and ask to publish for the jury, one of these videos, or alternatively a partial clip of the video, as evidence of the defendant's membership and participation in the MS-13 racketeering enterprise, the role violence plays in MS-13 culture, and

the defendant's state of mind with respect to the murder in aid of racketeering offense with which he is charged. *See* Third Superseding Indictment (the "Indictment"), at 13 (Count Six).

The 3-minute and 43-second video, set to music with Spanish lyrics, opens with a scene depicting multiple bloodied bodies strewn across the ground bearing various wounds. The next image is a close-up of a body with a gaping wound to the neck. As the video progresses, it depicts many additional bodies, with a variety of gruesome wounds. These images are interspersed with MS-13 related images, including apparent gang members flashing gang signs, tattoos, and graffiti and digital displays of "Salvatrucha," "MS," "MS-13," "Mara Salvatrucha," and various gang symbols. The video also shows firearms and other weapons, and ends with an image of the devil and the words "La Mara Salvatrucha Controla."

Counts Four and Six of the Indictment charge defendants with the murders of Nelson Omar Quintanilla Trujillo and Gerson Adoni Martinez Aguilar, respectively. Evidence at trial will show that defendants, including Lemus Cerna,[1] killed these victims with knives and machetes, stabbing them repeatedly in the torso and neck, slashing Quintanilla Trujillo's neck and jaw, and severing Martinez Aguilar's head. The defendants then buried the victims in shallow graves in Holmes Run Park.

Many of the bodies depicted in the first 25 seconds of the video have wounds that bear a striking resemblance to those inflicted on Quintanilla Trujillo and Martinez Aguilar. And 26 seconds into the video there is an image of the skeletal remains of a body buried in a shallow grave eerily similar to the graves in which Quintanilla Trjuillo and Martinez Aguilar were found.

---

[1] For the reasons stated in the Government's Notice of Intent to Introduce Evidence that Defendants Romero Cruz and Lemus Cerna Participated in the Murder of Nelson Omar Quintanilla Trujillo, the government will offer evidence of defendant Lemus Cerna's participation in the murder of Quintanilla Trujillo, though he is not charged in the Indictment with that offense.

Based upon the date associated with the video file, it appears the video was downloaded or modified on March 16, 2014, approximately two weeks before Martinez Aguilar's murder.

ARGUMENT

The video is powerful evidence of defendant Lemus Cerna's association with MS-13, of his state of mind around the time of the two murders in which he participated, and of the role that violence plays in gang culture. It further tends to prove the defendant's motive, intent, preparation, plan, *modus operandi*, and identity. For the reasons asserted at length in the Government's Notice of Intent to Introduce Enterprise and Racketeering Act Evidence and the Government's Notice of Intent to Introduce Evidence that Defendants Romero Cruz and Lemus Cerna Participated in the Murder of Nelson Omar Quintanilla Trujillo, such evidence is relevant and admissible to prove elements of the offense with which the defendant is charged and is also admissible under Federal Rule of Evidence 404(b). For the sake of brevity, the government will not repeat those arguments and supporting case law and incorporates the relevant portions of those notices herein.

Rather, the government's focus in this notice is on the admissibility of the video and related forensic evidence under Federal Rule of Evidence 403. The government acknowledges that the video is disturbing and that the extreme violence depicted in the video is prejudicial. Nonetheless, the government submits that the probative value of this evidence greatly outweighs such prejudice, and that the video thus should not be excluded under Rule 403.

Under Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" refers to "prejudice that damages an opponent for reasons other than its

3

probative value, for instance, an appeal to emotion." *United States v. Mohr*, 318 F.3d 613, 620 (4th Cir. 2003). To exclude evidence on this ground, "the district court must be convinced that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Van Metre*, 150 F.3d 339, 351 (4th Cir. 1998) (internal quotation marks omitted).

The probative value of the videos found on the defendant's phone is extremely high. The defendants in this case are charged with a number of violent crime in aid of racketeering ("VICAR") offenses, in violation of 18 U.S.C. § 1959. To establish a violation of Section 1959, the government must prove, among other elements, that the defendant's general purpose in committing the offense was "to maintain or increase his position in the enterprise." *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994). The video's glorification of the violent acts depicted therein and of MS-13's violent culture more broadly is plainly an endorsement of similar crimes as a means of achieving more exalted status within the gang. The presence of the video, along with the many similar videos, on the defendant's cell phone, is thus highly probative of the defendant's motive and state of mind. Moreover, given the similarities between the crimes depicted in the video and the Martinez Aguilar murder, the evidence is also probative of the defendant's intent, preparation, and plan, among other things, at and near the time of this crime. *See, e.g.*, *United States v. Abu-Jihaad*, 553 F. Supp. 2d 121, 127–28 (D. Conn. 2008) (admitting partially-redacted videos of graphic violence that "glorify martyrdom" and "the killing of non-believers" as relevant to demonstrating defendant's motive and intent in material support case), *aff'd,* 630 F.3d 102, 133 (2d Cir. 2010); *United States v. Salameh,* 152 F.3d 88, 110–11 (2d Cir. 1998) (video depicting embassy bombing and instructions for making explosive devices admitted as relevant to motive and nature of conspiratorial agreement).The possibility that the video

evidence will "unfairly prejudice" the defendants does not "substantially outweigh" its probative value. At trial, the jury will hear extensive evidence regarding the brutal murders of Quintanilla Trujillo and Martinez Aguilar that is no less "sensational" or "disturbing" than the videos. *United States v. Boyd*, 53 F.3d 631, 637(4th Cir. 1995). As the Fourth Circuit has recognized, evidence of brutal and deplorable behavior poses a reduced risk of unfair prejudice where the jury will hear similar evidence regarding the charged offenses. In *United States v. Van Metre*, for instance, the Fourth Circuit admitted over a Rule 403 challenge testimony regarding a violent and prolonged sexual assault, concluding that the uncharged crime "was no more disturbing than the circumstances of Blake's kidnapping and murder as related by Van Metre himself" in his confession. *Van Metre*, 150 F.3d at 351. The court further observed that the extrinsic evidence of an "abduction and violent repeated rape was certainly prejudicial to Van Metre," but determined that "the significant probative value of the evidence," along with the district court's limiting instructions, justified its admission. *Id*. *See also United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008) (affirming admission of Rule 404(b) evidence over a Rule 403 objection because "[t]he government's considerable evidence of Branch's distribution of cocaine base in September 2004 alleviated the risk that the jury might react irrationally to the evidence of drug possession from 2001"). Indeed, the Fourth Circuit has regularly found that even evidence a defendant participated in an uncharged murder – which is certainly more prejudicial than evidence of violence depicted in a cell phone video – is not unduly prejudicial. *See, e.g.*, *United States v. Barefoot*, 754 F.3d 226, 237 (4th Cir. 2014) (upholding district court determination that probative value of defendant's participation in uncharged murder was not substantially outweighed by risk of unfair prejudice); *United States v. Williams*, 445 F.3d 724, 733 (4th Cir.

5

2006) (same); *United States v. Myers*, 280 F.3d 407, 413–14 (4th Cir. 2002) (same); *United States v. Melton*, 970 F.2d 1328, 1336 (4th Cir. 1992) (same).

The danger of any unfair prejudice is also mitigated by the fact that the government seeks to publish to the jury only one of the videos found on the defendant's phone. The government is also amenable to publishing only a clip of the video, rather than playing the entire video for the jury, if the Court finds a shorter clip to be more appropriate. If the Court is disinclined to admit the entire video, the government would suggest a clip starting at 0:14, which shows graffiti displaying "Salvatrucha," and ending at 0:26, with the skeletal remains in the shallow grave. The video depicts one mutilated body in that 12-second duration, in addition to the body in the grave. For the Court's convenience, the government will submit to chambers a DVD containing the entire video file, as Exhibit 1 to this motion. The video, along with the other content seized from the defendant's phone, has been provided to all defense counsel in discovery.[2]

Lastly, a limiting instruction from the Court would further "dissipate the emotional impact" of the evidence at issue. *Van Metre*, 150 F.3d at 351. *See also United States v. Powers*, 59 F.3d 1460, 1468 (4th Cir. 1995) ("cautionary or limiting instructions generally obviate any such prejudice").

---

[2] For defense counsel's convenience, the video can be found on the discovery disc labeled "Search Warrant Documents Produced 12/19/2104 DVD #2 of 3." Within that disc, the video can be found at the following filepath: Christian Lemus Cerna\Lemus Cerna phones\Lemus Cerna Samsung\Prop ID # 832697 Samsung Galaxy SIII\Samsung GSM_SGH-i747 Galaxy S III\files\Video. The file name is pZKvQgprJQ0.mp4.

CONCLUSION

For the reasons set forth above, the probative value of the proffered evidence greatly outweighs any unfair prejudice, and it should therefore not be excluded under Rule 403.

> Respectfully Submitted,
>
> Dana J. Boente
> United States Attorney
>
> _____/s/_____
> Stephen M. Campbell
> Julia K. Martinez
> Tobias D. Tobler
> Assistant United States Attorneys
> Counsel for the Government
> United States Attorney's Office
> 2100 Jamieson Ave.
> Alexandria, VA 22314
> (703) 299-3700
> (703) 739-9556 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 12th of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to counsel of record.

                                                          /s/
                                         Julia K. Martinez
                                         Assistant United States Attorney
                                         Justin W. Williams U.S. Attorney's Building
                                         2100 Jamieson Ave.
                                         Alexandria, VA 22314
                                         Tel: (703) 299-3700
                                         Fax: (703) 299-3981
                                         julia.martinez@usdoj.gov