IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 14cr306 |
| | : | |
| JOSE LOPEZ TORRES, | : | |
| Defendant. | : | |

## MOTION TO ADOPT DEFENDANT OMAR DEJESUS CASTILLO'S MOTION TO CONTINUE TRIAL DATE

Comes now the defendant, JOSE LOPEZ TORRES, by and through counsel and moves this Honorable Court to adopt the request of defendant Omar Dejesus Castillo to continue the trial date in this matter.  In support of which counsel states the following:

1.    On February 22, 2016, defendant Omar Dejesus Castillo filed a request to continue the trial date in this matter. (Dkt. 656).  In support of which defendant Castillo properly notes that due to the government's failure to disclose in a timely manner more than 900 recorded telephone calls of the alleged conspirators charged in the superseding indictment counsel's ability to render effective legal representation has been impaired.

2.    In response to defendant Castillo's motion to continue the trial date the government filed a response which in essence attempts to excuse the neglect and apprise this Honorable Court of the remedial efforts it has employed since committing the significant oversight of more than approximately 150 hours of calls. (Dkt. 657).[1]

---

[1] This estimate is based on the assumption that the length of each call is consistent with those previously disclosed to the defense.

3.      While the government's response may offer this Court some relief as to whether the untimely disclosure was intentional, it does very little to address the issue concerning defense counsel's obligation to review each call prior to the beginning of trial.

4.      The government's efforts to mitigate the prejudice to the defense also does not resolve the issue concerning defense counsel's independent obligation to review the calls and prepare an adequate defense.

5.      The defendant appreciates the government's view that a significant portion of the total calls is not relevant to the issue of guilt or innocence.  However, the defendant is not obliged to accept the government's view on this matter. What may appear to the government as irrelevant may in fact be highly probative of a genuine issue of fact that the defendant intends to advance at trial.  The government is not informed concerning what matters the defendant intends to advance as part of his defense.  Therefore, it is impossible for the government to independently determine the relevancy of any particular call. *Wolfs v. Britton*, 509 F.2d 304 (8th Cir. 1975)(The careful investigation of a case and the thoughtful analysis of the information it yields may disclose evidence of which even the defendant is unaware and may suggest issues and tactics at trial which would otherwise not emerge…)  *Id.*. at 309

6.      The government's mitigation efforts also do not offer much relief.  While the defendant welcomes the government's efforts to summarize as many of the calls as possible within the extraordinary short timeframe between now and trial, the defendant should not be required to accept the government's

summary.  Defense counsel has an obligation to independently investigate all facts in preparation for the defense.  *McCleskey v. Zant,* 111 S.C. 1454 (1991) (Defense counsel must take reasonable steps to investigate all potential legal and factual issues).

7.      In fact in *McCleskey,* the Court excused the state's failure to reveal critical information to the condemned's lawyers on the grounds that the lawyers themselves had an obligation to ferret out this information on their own— however difficult that might be.

8.      The ethical duty to adequately prepare on defendant's behalf is clear.  In the ABA STANDARS FOR CRIMINAL JUSTICE, The Defense Function, it is stated:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.  Standard 4-4-1.

9.      Adequate investigation and preparation is an indispensable prerequisite to effective assistance, since a lawyer who "does not seek out all the facts relevant to his client's case is prepared to do little more than stand still at the time of trial." *McQueen v. Swenson,*  498 F.2d 207, 217 (8th Cir. 1974).  *See also Jones v. Murrary,* 947 F.2d 1106 (4th Cir. 1991); *Goodwin v. Balkom*, 684 F.2d 794, 805 (11th Cir. 1982)(At the heart of effective representation is the "independent duty to investigate and prepare."); *American Bar Association Standards for Criminal Justice,* section 4-4-1 (1980)(specifically detailing counsel'' duty to investigate).

10.     It must also be noted that more than 400 of the subject calls are alleged to have been made by the defendant.  This Honorable Court should not require counsel to proceed with the current trial date without adequate opportunity to review calls allegedly made by the defendant.

11.     The current trial date is less than 30 days from the time of this filing.  In order to merely listen to the calls it would require a devotion of approximately 5 hours per day.  This of course does not account for time necessary to make use of any information discovered in which the defendant believes is admissible and helpful to his defense.  In the event the defendant learns information from one of the nearly 450 calls in which another alleged co-conspirator made that requires further investigation, time would simply not permit the defendant to take the necessary steps to secure compulsory process to put him in a position to take full advantage of such evidence.

Wherefore, the defendant urges this Honorable Court to grant defendant Omar Dejesus Castillo's request to continue the trial date in this matter.  The defendant relies on the 5th, 6th, and 8th amendments to the United States Constitution.

Respectfully submitted,
JOSE LOPEZ TORRES,
By Counsel


_____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins
901 North Pitt Street, Suite 320
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JOSE LOPEZ TORRES

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2016, I caused a true ad accurate copy of the foregoing was not served on all counsel of record via ECF.

_____/S/_____
Robert L. Jenkins, Jr.
Bynum & Jenkins
901 North Pitt Street, Suite 320
Alexandria, VA  22314
703 309 0899 Telephone
703 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JOSE LOPEZ TORRES