IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

        v.

PEDRO ANTHONY ROMERO CRUZ,
JOSE LOPEZ TORRES,
JUAN CARLOS MARCOS AYALA,         No. 1:14-CR-306 - GBL
JAIME ROSALES VILLEGAS,
ALVIN GAITAN BENITEZ,
CHRISTIAN LEMUS CERNA,
ARAELY SANTIAGO VILLANUEVA,
OMAR DEJESUS CASTILLO,
DOUGLAS DURAN CERRITOS,
**MANUEL ERNESTO PAIZ GUEVARA**,
GENARO SEN GARCIA,
OSE DEL CID,
JESUS ALEJANDRO CHAVEZ,
        Defendants

## MANUEL ERNESTO PAIZ GUEVARA'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO THE DEFENDANTS' POTENTIAL SENTENCES

Manuel Ernesto Paiz Guevara, by counsel, offers this response, requesting that the Court deny the Government's motion.

The Government routinely seeks to impassion juries with enough fear and emotion to detract each individual juror's responsibility, even ever so slightly, from holding the Government to its high burden of proof in a criminal case. And

much to the Government's satisfaction here, the alleged facts of this case are certainly likely to create the risk that fear and emotional decision-making will interfere with each individual juror's consideration of the Government's burden. The Government fears that if the jury knows the simple truth that this charge (Count Six) carries a life sentence, the jury may look at the Government's evidence with a more keen and skeptical eye. The jury's knowledge of the truth concerning the stakes involved in this case helps to ensure that the jury takes its responsibility solemnly to hold the government accountable to the very high reasonable doubt burden of proof that it has.[1] In the words of Martin Luther, "there is no wisdom save truth."

The Supreme Court has recognized the importance of a party's ability to use facts that will help remind the jury of the earnestness of its responsibility. See Old Chief v. United States, 519 U.S. 172, 187-88 (1997) (explaining that the prosecution must generally be permitted to introduce evidence that impresses the jury with the solemnity of its task). Old Chief also notes, that in this context, there can be difficulty faced by a defense juror "to hold out conscientiously for

---

[1] See, e.g., State v. McMorris, 225 S.E.2d 553, 554-55 (N.C. 1976) (explaining that under North Carolina law, "[i]t is proper for [a] defendant to urge upon the jury the possible consequence of imprisonment following conviction to encourage the jury to give the matter its close attention and to decide it only after due and careful consideration" and contrasting this justification with an improper argument "that because of the severity of the statutory punishment the jury ought to acquit").

acquittal," and that establishing the "human significance" involved in a case, can thus hopefully "implicate the law's moral underpinnings and a juror's obligation to sit in judgment." Id at 187-88. Mr. Paiz Guevara's constitutional right to a fair trial and to present a defense, entitles him to strengthen the resolve of such a juror with the introduction of evidence of the severe stakes involved. In other words, the introduction of the potential punishment would not – as the Government suggests – be sought or used to interfere with the jury's exclusive function to determine the merits of the government's case; rather, it serves to strengthen that function, and encourage jurors to hold the Government to its high burden under the law. It is "essential to the capacity of jurors to satisfy the obligations that the law places on them." Id. at 187.

Concerning the Government's suggestion that such information is prejudicial, we note that there are a number of areas of evidence law where similar concerns are remedied not by exclusion of relevant evidence, but rather by limiting instructions. For example, a defendant's prior convictions are often admitted solely to impeach the credibility of his testimony. And although commentators generally agree that jurors are just as likely to use this evidence as improper propensity evidence (i.e., to conclude that the defendant is a bad person and thus probably guilty of the charged offense), the law considers this difficulty resolved by instructing jurors to utilize the evidence solely as impeachment and not as

3

substantive propensity evidence. Likewise, here, there is no reason why the prosecution should not have to rely on the protections of analogous limiting instructions if and when such punishment evidence is introduced.

Because of the foregoing, and because it will help ensure Mr. Paiz Guevara's rights to a fair jury trial and to present a defense, we respectfully ask this Court to exercise its discretion in favor of Mr. Paiz Guevara, and to deny the Government's motion.

Respectfully submitted,

**MANUEL ERNESTO PAIZ GUEVARA**

By: _____/s/_____
W. Michael Chick, Jr.
VSB: 70892
Attorney for Defendant Manuel Paiz Guevara
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102 Fairfax, Virginia 22030
Tel: 571.276.8279
Fax: 571.748.4399
mike@chicklawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served via ECF, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Tobias Tobler, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria,Virginia 22314

And all other defendants in this matter by the Court's electronic filing system.

                                              _____/s/_____
                                              W. Michael Chick, Jr.