IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEDRO ANTHONY ROMERO CRUZ, | ) | Case Nos. 1:14-cr-00306-GBL-1 |
| JOSE LOPEZ TORRES, | ) | 1:14-cr-00306-GBL-2 |
| ALVIN GAITAN BENITEZ, | ) | 1:14-cr-00306-GBL-4 |
| CHRISTIAN LEMUS CERNA, | ) | 1:14-cr-00306-GBL-5 |
| OMAR DEJESUS CASTILLO, | ) | 1:14-cr-00306-GBL-6 |
| DOUGLAS DURAN CERRITOS, | ) | 1:14-cr-00306-GBL-7 |
| MANUEL ERNESTO PAIZ GUEVARA, | ) | 1:14-cr-00306-GBL-8 |
| JESUS ALEJANDRO CHAVEZ, | ) | 1:14-cr-00306-GBL-10 |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on various pretrial motions pending before the Court. Having reviewed the pleadings,

**IT IS HEREBY ORDERED** that the Government's Motion for Notice of Intent to Offer Video Glorifying MS-13 and Gang Violence (Doc. 639) is **DENIED**. The Government seeks to offer into evidence a video file discovered on a cell phone used by Defendant Lemus Cerna that was seized during the execution of a search warrant at Lemus Cerna's residence. The 3-minute, 43-second video appears to glorify the MS-13 gang and gang violence, depicting MS-13 related images including tattoos, gang signs, and graffiti, along with gruesome images of bodies with severe wounds. The video does not depict Defendant Lemus Cerna or any other Defendant before the Court. The question, therefore, is whether the probative value of the video is substantially outweighed by a danger of unfair prejudice to the Defendant under Federal Rule of Evidence 403.

Pursuant to Rule 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" is "prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion." *United States v. Mohr*, 318 F.3d 613, 620 (4th Cir. 2003). A court is required to exclude evidence under Rule 403 "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998) (quoting *United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995)).

The Government contends that the video is admissible as evidence of Defendant's membership and participation in the racketeering enterprise, of the violence nature of MS-13 culture, and of Defendant's state of mind with respect to the murder in aid of racketeering offense with which he is charged.[1] (Doc. 639). Defendant Christian Lemus Cerna, joined by Defendant Jose Lopez Torres, (Docs. 674, 705) argue that the video must be excluded under Rule 403 because it has low probative value as to the charges against the Defendant and creates a significant risk of unfair prejudice. Defendant asserts, *inter alia*, that the video lacks probative value because there is no allegation that Mr. Cerna, or any other defendant, appears in or created the video, and further, Defendant asserts that the video's graphic content is unfairly prejudicial. (Doc. 674).

The Court holds that the video must be excluded because it has little probative value and the danger of unfair prejudice is substantial. The video, although discovered on Defendant's cell phone, has low probative value because the video bears scant relation to the present case: there

---

[1] *See* Third Superseding Indictment, at 13 (Count Six).

2

is no allegation that Mr. Cerna or other defendants appear in the video, nor that they produced it, participated in the violent acts depicted therein, or even that the Defendants endorsed or viewed the video. However, the series of inflammatory and graphic images of mutilated bodies present a distinct danger of evoking strong emotions of fear and disgust that present a high risk of unfair prejudice to Defendant if viewed by the jury. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (noting that "unfair prejudice" as described in the Rule 403 Advisory Committee's Note means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Because the possibility of unfair prejudice substantially outweighs what little probative value the video may have, the Government Government's Motion for Notice of Intent to Offer Video Glorifying MS-13 and Gang Violence (Doc. 639) is **DENIED**;

**IT IS FURTHER ORDERED** that the Government's Motion for Notice of Intent to Admit Recorded Statements (Doc. 640) is **GRANTED in part** and **DENIED in part**. The Government seeks to admit into evidence recorded statements made by defendants and government cooperators to confidential sources and others during consensually-recorded conversations and recorded jail calls. The Government asserts that these recordings are admissible, variously, as opposing party admissions, statements against the declarant's penal interest, and statements made in furtherance of a conspiracy. (Doc. 640 at 1). The Court grants the Government's Motion to Admit Recorded Statements, but denies the motion to the extent that the recordings referenced in the motion include any of the approximately 920 phone calls produced on February 12, 2016. Pursuant to the Court's Amended Order dated March 3, 2016, the Government may not use those calls in its case-in-chief, for cross-examination purposes, or in rebuttal. (Doc. 708). Defendant Alvin Gaitan Benitez, in is response (Doc. 672) to the

Government's motion, requests the Court to compel immediate disclosure of translations of the recordings the Government seeks to admit at trial, or in the alternative, for disclosure of all translations that specifically include statements by Defendant Alvin Gaitan Benitez. The Court denies Defendant's request because the Court has already denied such requests and ruled that it would not compel the Government to immediately provide a list of calls or transcripts. *See* March 3, 2016 Order at Doc. 711. The Government has represented that it will provide defense counsel a list of recordings it intends to use at trial, with court-certified transcripts of those recordings, when the parties exchange exhibit lists. *Id.*;

**IT IS FURTHER ORDERED** that the Government's Motion in Limine to Preclude References to the Defendants' Potential Sentences (Doc. 636) is **GRANTED**. The Government seeks to preclude defense counsel and Defendants from making references to the criminal sentences Defendants may receive if convicted. The Government argues that knowledge of potential sentencing is irrelevant to the jury's exclusive function; determining Defendants' guilt or innocence based on evidence and facts presented at trial. Defendant Manuel Paiz Guevara requests the jury be informed that the charges found in Count Six carry a life sentence. Paiz Guevara argues that knowledge of the potential sentence's significant punishment will result in the jury looking more closely at evidence presented by the Government during trial.

When a jury has no sentencing function, it should be admonished to "reach a verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). *See also United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) ("The jury must reach its verdict without considering possible sentences."). Furthermore, imposing sentences is the task of the judge after a verdict has been reached by the jury. *Shannon*, 512 U.S. at 579. *See also United States v.*

*Robinson*, 583 Fed. Appx. 53 (4th Cir. 2014) ("It is settled law that it is the exclusive function of the jury to determine the guilt or innocence of the accused and the sole province of the court to determine punishment.").

The Court grants the Government's motion in limine because sentencing is a function that belongs to the court. Information regarding the potential sentences facing Defendants has no part in the jury's fact-finding mission. It is the duty of the jury to reach a verdict without considering the sentence that might be imposed, and providing this information would not affect the jury's ability to reach a verdict; and

**IT IS FURTHER ORDERED** that Defendant Alvin Gaitan Benitez's Motion to Sever Trial or, Alternatively, Exclude Statements of Co-Defendants Which Incriminate Him (Doc. 627) is **DENIED**. The question before the Court is whether the Court should sever Defendant's trial or exclude statements made by co-defendants which incriminate him on the grounds that introduction of such statements would violate Defendant's Sixth Amendment rights under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Bruton v. United States*, 391 U.S. 123 (1968). The Court **DENIES** Defendant's motion because the Government does not intend to introduce testimonial statements that would infringe Defendant's constitutional rights and Defendant cannot make a showing of prejudice that severance is necessary under Federal Rule of Criminal Procedure 14.

Defendant argues that he will be prejudiced if he is tried along with co-defendants whose inculpatory statements are admitted in evidence, and accordingly, requests that the Court either sever his trial or exclude all statements from non-testifying co-defendants which incriminate him. (Doc. 627). Defendant asserts that admission of statements by a non-testifying co-defendant would violate his Sixth Amendment confrontation rights. *Id.*

Federal Rule of Criminal Procedure 14 permits severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007) (stating that severance is only available to a defendant who makes a "strong showing of prejudice"); *see also United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992) (holding that severance is required only to avoid a "miscarriage of justice"). Even where prejudice is shown, the trial court has discretion to tailor appropriate relief, generally in the form of limiting instructions to the jury which the Court could employ in this case to mitigate prejudice if necessary. *See Zafiro*, 506 U.S. at 539; *United States v. Hayden*, 85 F.3d 153, 160 (4th Cir. 1996); *United States v. Le Compte*, 599 F.2d 81, 82 (5th Cir. 1979), *cert denied*, 445 U.S. 927 (1980) ("[T]he Constitution does not require that in a charge of group crime a trial be free of any prejudice but only that the potential for transferability of guilt be minimized to the extent possible.").

The Sixth Amendment Confrontation Clause does not bar admission of statements which are not testimonial. *See United States v. Dargan*, 738 F.3d 634, 649 (4th Cir.) ("As *Crawford* and later Supreme Court cases make clear, a statement must be 'testimonial' to be excluded under the Confrontation Clause.").

The Court denies the Defendant motion because the Government has represented that it does not intend to introduce any testimonial statements made by a defendant which directly incriminates another defendant at trial; instead, the Government will introduce recorded statements made to individuals whom the declarants believed to be trusted criminal associates. (Doc. 673 at 3 (citing Government Notice, Doc. No. 640)). Statements such as these that are "made unwittingly to a Government informant" are "clearly nontestimonial." *Davis v.*

*Washington*, 547 U.S. 813, 825 (2006) (citing *Bourjaily v. United States*, 483 U.S. 171, 181-84 (1987)). Thus, introduction of those non-testimonial statements at Defendant's trial will not violate Defendant's Sixth Amendment rights. For that reason, Defendant cannot make a sufficient showing of prejudice that severance is necessary under Rule 14 to avoid a "miscarriage of justice." *Rusher*, 966 F.2d at 878.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Alvin Gaitan Benitez's Motion to Sever Trial or, Alternatively, Exclude Statements of Co-Defendants Which Incriminate Him (Doc. 627) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 4th day of March, 2016.

Alexandria, Virginia
3/ 4 / 2016

/s/
Gerald Bruce Lee
United States District Judge