IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:14-CR-306 |
| v. | ) | |
| | ) | The Honorable Gerald Bruce Lee |
| PEDRO ANTHONY ROMERO CRUZ, *et al.* | ) | |
| | ) | Trial: March 21, 2016 |
| Defendants. | ) | |
| | ) | |

JOINT PROPOSED JURY INSTRUCTIONS

The United States hereby proposes the attached jury instructions in the above-captioned

matter.  Pursuant to this Court's Final Pretrial Order, dated January 8, 2016, the government has

shared the attached instructions with the defendants, and the defendants have not objected to

them.  At least one defendant has reserved his right to object to these instructions at a later date.


Respectfully Submitted,

Dana J. Boente
United States Attorney


_____/s/_____

Stephen M. Campbell
Julia K. Martinez
Tobias D. Tobler
Assistant United States Attorneys
Counsel for the Government
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314
(703) 299-3700
(703) 739-9556 (fax)

JOINT PROPOSED INSTRUCTION NO. 1

Introduction to the final charge—Province of the court and of the jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.  In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:01 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 2

Judging the evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:02 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 3

Evidence received in the case—Stipulations, judicial notice, and inferences permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case (unless made as an admission or stipulation of fact).

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to

what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:03 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 4

Direct and circumstantial evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:04 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 5

Inferences from the evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:05 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 6

Jury's recollection controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:07 (6th ed. 2008))

9

JOINT PROPOSED INSTRUCTION NO. 7

The question is not evidence

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:08 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 8

Objections and rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11:03 (6th ed. 2008))

11

JOINT PROPOSED INSTRUCTION NO. 9

Court's comments to counsel (*if applicable*)

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11:04 (6th ed. 2008))

12

JOINT PROPOSED INSTRUCTION NO. 10

Court's questions to witnesses (*if applicable*)

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11:05 (6th ed. 2008))

<u>JOINT PROPOSED INSTRUCTION NO. 11</u>

<u>Court's comments on certain evidence (*if applicable*)</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 11:06 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 12

Evidence admitted for a limited purpose only

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11:09 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 13

Impeachment of a defendant's testimony—Prior conviction of a crime (*if applicable*)

Evidence of a defendant's previous conviction of a crime may be considered by the jury only insofar as it may affect the credibility of the defendant as a witness and must never be considered as any evidence of his guilt of the crime for which the defendant is now on trial.

You may, in other words, consider this evidence in attempting to determine if you should believe his testimony.  You must not consider this evidence in attempting to determine if the government has proven the guilt of the defendant for the charges in the indictment.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 11:12 (6th ed. 2008))

16

JOINT PROPOSED INSTRUCTION NO. 14

Consider only the offense charged

The defendants are not on trial for any act or any conduct not specifically charged in the indictment.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:09 (6th ed. 2008))

<u>JOINT PROPOSED INSTRUCTION NO. 15</u>

<u>Presumption of innocence, burden of proof, and reasonable doubt</u>

I instruct you that you must presume each defendant to be innocent of the crimes charged. Thus each defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense— the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that a defendant has committed each and every element of the offense charged in the indictment, you must find that defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:10 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 16

Verdict as to defendant only

You are here to determine whether the government has proven the guilt of the defendants for the charges in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendants for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendants not guilty.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:11 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 17

Consider each count separately

A separate crime is alleged against one or more of the defendants in each count of the indictment.  Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury.  The fact that you find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant or against any other defendant.

You must give separate and individual consideration to each charge against each defendant.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:13 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 18

The indictment is not evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Each defendant has pled "Not Guilty" to this indictment and, therefore, each denies that he is guilty of the charges.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 13:04 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 19

"On or about"—Explained

The indictment charges that the offenses alleged were committed "on or about" or "in or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 13:05 (6th ed. 2008)

23

JOINT PROPOSED INSTRUCTION NO. 20

Opinion evidence—The expert witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence (including that of other "expert witnesses"), you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 14:01 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 21

Charts and summaries—Not admitted; admitted (*if applicable*)

*Charts and Summaries Not Admitted Into Evidence*

Charts or summaries have been prepared by [*the parties*] and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case.  Such charts or summaries are not evidence in this trial or proof of any fact.  If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

*Charts and Summaries Admitted Into Evidence*

Charts or summaries have been prepared by [*the parties*], have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 14:02 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 22

Number of witnesses called is not controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 14:16 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 23

Credibility of witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

27

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 15:01 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 24

Credibility of witnesses—Informant

The testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his own misdeeds or crimes or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of this case, or by prejudice against the defendant.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:02 (6th ed. 2008))

<u>JOINT PROPOSED INSTRUCTION NO. 25</u>

<u>Credibility of witnesses—Immunized witness (*if applicable*)</u>

The testimony of an immunized witness, someone who has been told either that his crimes will go unpunished in return for testimony or that his testimony will not be used against him in return for that cooperation with the government, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.

The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement he has with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

(1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 15:03 (6th ed. 2008))

30

JOINT PROPOSED INSTRUCTION NO. 26

Credibility of witnesses—Accomplice

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:04 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 27

Credibility of witnesses—Drug or alcohol abuser (*if applicable*)

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:05 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 28

Credibility of witnesses—Inconsistent statement (*if applicable*)

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:06 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 29

Credibility of witnesses—Conviction of felony

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:07 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 30

Credibility of witnesses—The defendant as a witness (*if applicable*)

You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness in this case.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:12 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 31

Effect of the defendant's decision not to testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 15:14 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 32

"Knowingly"—Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 17:04 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 33

"Willfully"—Defined

The term "willfully," as used in these instructions to describe the alleged state of mind of a defendant, means that he knowingly performed an act, deliberately and intentionally ("on purpose"), as contrasted with accidentally, carelessly, or unintentionally.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 17:05 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 34

Proof of knowledge or intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 17:07 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 35

Verdict—Election of foreperson—Duty to deliberate—Unanimity—Punishment—
Form of verdict—Communication with the court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.  Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the

verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.  A verdict form has been prepared for your convenience and reads as follows:

[The verdict or a summary should be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court— how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 20:01 (6th ed. 2008))

41

JOINT PROPOSED INSTRUCTION NO. 36

"Enterprise" defined—Counts One, Two, Four, Six, and Seven

The first element of the charges in Counts One, Two, Four, Six, and Seven requires the government to prove beyond a reasonable doubt the existence of an "enterprise."  As used in these instructions the term "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

The term "enterprise," as used in these instructions, may include a group of people associated in fact, even though this association is not recognized as a legal entity.  A group or association of people can be an "enterprise" if these individuals have joined together for the purpose of engaging in a common course of conduct.  Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up the association functioned as a continuing unit.  Such an association of individuals may retain its status as an "enterprise" even though the membership of the association change by adding or losing individuals during the course of its existence.

(2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 56:04 (6th ed. 2008))

42

<u>JOINT PROPOSED INSTRUCTION NO. 37</u>

<u>"Engaged in, or the activities of which affect, interstate or foreign commerce" defined—
Counts One, Two, Four, Six, and Seven</u>

The first element of the charges in Counts One, Two, Four, Six, and Seven further requires the government to prove beyond a reasonable doubt that the alleged "enterprise" engaged in or affected interstate or foreign commerce. Interstate commerce means trade, or business, or travel between the states. The phrase "engaged in, or the activities of which affect, interstate … commerce," as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states.

To establish the requisite effect on interstate or foreign commerce, the government is not required to prove a significant or substantial effect on foreign commerce. Rather, a minimal effect on interstate or foreign commerce is sufficient.

An enterprise's effect on interstate or foreign commerce may be established through the effects caused by the individual racketeering acts. However, it is not necessary for the government to prove that the individual racketeering acts themselves affected interstate or foreign commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect.

Moreover, it is not necessary for the government to prove that the defendant knew that the enterprise would affect interstate or foreign commerce, that the defendant intended to affect interstate or foreign commerce, or that the defendant engaged in, or his activities affected, interstate or foreign commerce.

To satisfy this element, the government need only prove beyond a reasonable doubt either that the activities of the enterprise considered in their entirety had some minimal effect on

interstate or foreign commerce, or that the enterprise was "engaged in" interstate or foreign commerce.

(2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 56:05 (6th ed. 2008); <u>United States v. Cornell</u>, 780 F.3d 616, 622–23 (4th Cir. 2015); <u>United States v. Gray</u>, 137 F.3d 765, 772–73 (4th Cir. 1998); <u>United States v. Long</u>, 651 F.2d 239, 241–42 (4th Cir. 1981); <u>United States v. Fernandez</u>, 388 F.3d 1199, 1249–50 (9th Cir. 2004); <u>Fed. Crim. Jury Instr. 7th Cir.</u>, Instr. No. 1962 (2012))

<u>JOINT PROPOSED INSTRUCTION NO. 38</u>

<u>Conspiracy—Existence of an agreement</u>

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law or laws by means of some common plan or course of action as alleged in Count One of the indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendants of the charge in Count One.

(2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31:04 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 39

Conspiracy—Membership in an agreement

Before the jury may find that a defendant, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that a defendant knowingly and deliberately entered into an agreement to murder D.F., as charged in Count One, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:05 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 40

Acts and declarations of co-conspirators (*if applicable*)

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of defendants PEDRO ANTHONY ROMERO CRUZ, a/k/a "Payaso," and JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals. Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against these defendants.

Since these acts may have been performed and these statements may have been made outside the presence of one or both of these defendants and even done or said without one or both of these defendants' knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 41

Success of conspiracy immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:08 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 42

Nature of the offense charged—Count Two—Attempted murder in aid of racketeering

Count Two of the Third Superseding Indictment realleges and incorporates paragraphs one through 13 and further charges that:

On or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendant JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," together with others known and unknown to the grand jury, knowingly and intentionally attempted to murder D.F., in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

JOINT PROPOSED INSTRUCTION NO. 43

Essential elements of the offense—Count Two

Count Two charges defendant JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," with a violent crime, that is, with attempted murder in aid of racketeering.  To sustain its burden of proof against the defendant, the government must prove the following three essential elements beyond a reasonable doubt:

One:    That, on or about the date charged in Count Two of the indictment, an enterprise engaged in, or the activities of which affect, interstate or foreign commerce existed;

Two:    That the enterprise was engaged in racketeering activity;

Three:  That the defendant had a position in the enterprise;

Four:   That the defendant knowingly and unlawfully attempted to murder or aided and abetted the attempted murder of D.F.; and

Five:   That one of the defendant's purposes in doing so was to maintain or increase his position in the enterprise.

As I mentioned before, the first, second, third, and fifth elements of this count are also elements of the racketeering charges in Counts One, Four, Six, and Seven.  My prior instructions regarding these four elements apply to all five of these counts, including the present count.

(United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994); United States v. Umana, 750 F.3d 320, 334–35 (4th Cir. 2014); 18 U.S.C. § 1959)

JOINT PROPOSED INSTRUCTION NO. 44

The violent crime—Count Two

The fourth element of the charge in Count Two requires the government to prove beyond a reasonable doubt that Defendant JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," unlawfully and knowingly attempted to murder or aided and abetted the attempted murder of D.F.  To sustain its burden of proof against the defendant for the crime of attempted murder, the government must prove the following essential elements beyond a reasonable doubt:

One:   The defendant intended to commit the crime of murder; and

Two:   Thereafter, the defendant did an act constituting a substantial step towards the commission of that crime.

My prior instructions regarding the definition of murder under Virginia law apply to this count.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 21:03 (6th ed. 2008))

51

JOINT PROPOSED INSTRUCTION NO. 45

"A substantial step"—Defined

A defendant may be found guilty of attempting to commit a federal crime even though no one actually did all of the acts necessary in order to commit that crime.  A defendant may not be found guilty of attempting to commit any crime, however, merely by thinking about it or even by making some plans or some preparation for the commission of a crime.

The difference between conduct which violates the law and conduct which does not violate the law, in this regard, is what is referred to as "a substantial step" towards the commission of a crime.  In determining whether or not the defendant took "a substantial step" towards the commission of a crime, you must consider all of the evidence admitted in the case concerning that defendant and the alleged commission of that crime.

In order to find Defendant JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," guilty of committing the crime of attempted murder in aid of racketeering, the government must prove beyond a reasonable doubt, that the mental processes of Defendant JOSE LOPEZ TORRES passed from the stage of thinking about the crime to actually intending to commit that crime and that the physical process of Defendant JOSE LOPEZ TORRES went beyond and passed from the stage of mere preparation to some firm, clear, and undeniable action to accomplish that intent.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 21:04 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 46

Nature of the offense charged—Count Three—
Possession of a firearm in furtherance of a crime of violence

Count Three of the Third Superseding Indictment charges that:

On or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, defendants PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," and JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," knowingly possessed a firearm, to wit: a short-barreled shotgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: conspiracy to commit murder in aid of racketeering, as set forth in Count One of this Indictment, and attempted murder in aid of racketeering, as set forth in Count Two of this Indictment, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A), (B)(i), and 2.)

JOINT PROPOSED INSTRUCTION NO. 47

Statute defining the offense charged—Count Three

Section 924(c) of Title 18 of the United States Code provides, in pertinent part:

[A]ny person who . . . in furtherance of any [crime of violence], possesses a firearm, shall . . ."

be guilty of an offense against the United States.

(18 U.S.C. § 924(c)(1)(A))

JOINT PROPOSED INSTRUCTION NO. 48

"Possess"—Defined

The word "possess" means to own or to exert control over.  The law recognizes two kinds of "possession"—actual possession and constructive possession.  A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole.  If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession," as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

(2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 39:12 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 49

"Firearm"—Defined

The term "firearm" means (A) any weapon, (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.  The term firearm does not include an antique firearm.

(2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 39:11 (6th ed. 2008))

56

JOINT PROPOSED INSTRUCTION NO. 50

Nature of the offense charged—Count Four—Murder in aid of racketeering

Count Four of the Third Superseding Indictment realleges and incorporates paragraphs one through 13 and further charges that:

On or about October 7, 2013, in Fairfax County, within the Eastern District of Virginia, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," OMAR DEJESUS CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," and DOUGLAS DURAN CERRITOS, also known as "Lil Poison," also known as "Guason," together with others known and unknown to the grand jury, knowingly and intentionally murdered Nelson Omar Quintanilla Trujillo, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>JOINT PROPOSED INSTRUCTION NO. 51</u>

<u>Essential elements of the offense—Count Four</u>

Count Four charges defendants JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," OMAR DEJESUS CASTILLO, a/k/a "Lil Payaso," a/k/a "Lil Slow," and DOUGLAS DURAN CERRITOS, a/k/a "Lil Poison," a/k/a "Guason," with a violent crime, that is, murder in aid of racketeering.  To sustain its burden of proof against a defendant for this crime, the government must prove the following essential elements beyond a reasonable doubt:

One: That, on or about the date charged in Count Four of the indictment, an enterprise engaged in, or the activities of which affect, interstate or foreign commerce existed;

Two: That the enterprise was engaged in racketeering activity;

Three: That the defendant had a position in the enterprise;

Four: That the defendant knowingly and unlawfully murdered, or aided and abetted the murder of, Nelson Omar Quintanilla Trujillo; and

Five: That one of the defendant's purposes in doing so was to maintain or increase his position in the enterprise.

As I mentioned before, the first, second, third, and fifth elements of this count are also elements of the racketeering charges in Counts One, Two, Six, and Seven.  My prior instructions regarding these four elements apply to all five of these counts, including the present count.  My prior instructions regarding the definition of murder under Virginia law and the federal law of aiding and abetting also apply to the fourth element of the present count.

(<u>United States v. Fiel</u>, 35 F.3d 997, 1003 (4th Cir. 1994); <u>United States v. Umana</u>, 750 F.3d 320, 334–35 (4th Cir. 2014); 18 U.S.C. § 1959)

58

JOINT PROPOSED INSTRUCTION NO. 52

Nature of the offense charged—Count Five—Accessory after the fact

Count Five of the Third Superseding Indictment charges that:

In or about October 2013, in Fairfax County, within the Eastern District of Virginia, defendant ALVIN GAITAN BENITEZ, also known as "Pesadilla," also known as "Lil Pesadilla," also known as "Lil Tuner," also known as "Tooner," also known as "Lil Tunnel," knowing that an offense against the United States had been committed, namely the murder of Nelson Omar Quintanilla Trujillo on or about October 7, 2013, as described in Count Four of this Indictment, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, knowingly received, relieved, comforted, and assisted the offenders in order to hinder and prevent their apprehension, trial, and punishment, to wit: the defendant, together with others known and unknown to the grand jury, reburied the body of Nelson Omar Quintanilla Trujillo.

(In violation of Title 18, United States Code, Section 3.)

JOINT PROPOSED INSTRUCTION NO. 53

Statute defining the offense charged—Count Five

Section 3 of Title 18 of the United States Code provides, in pertinent part:

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

(18 U.S.C. § 3)

JOINT PROPOSED INSTRUCTION NO. 54

Essential elements of the offense—Count Five

Count Five charges defendant ALVIN GAITAN BENITEZ, a/k/a "Pesadilla," a/k/a "Lil Pesadilla," a/k/a "Lil Tuner," a/k/a "Tooner," a/k/a "Lil Tunnel," with accessory after the fact. To sustain its burden of proof against the defendant for this crime, the government must prove the following three essential elements beyond a reasonable doubt:

One:    The crime of murder in aid of racketeering, as charged in Count Four, was committed by one or more offenders;

Two:    The defendant knew that this crime had been committed and that one or more offenders had committed it; and

Three:  The defendant thereafter intentionally received, relieved, comforted, or assisted one or more of these offenders in order to hinder and prevent that offender's apprehension, trial, or punishment for the crime of murder in aid of racketeering.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 23:03 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 55

Nature of the offense charged—Count Six—Murder in aid of racketeering

Count Six of the Third Superseding Indictment realleges and incorporates paragraphs one through 13 and further charges that:

On or about March 29, 2014, in Fairfax County, within the Eastern District of Virginia, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants OMAR DEJESUS CASTILLO, also known as "Lil Payaso," also known as "Lil Slow," ALVIN GAITAN BENITEZ, also known as "Pesadilla," also known as "Lil Pesadilla," also known as "Lil Tuner," also known as "Tooner," also known as "Lil Tunnel," DOUGLAS DURAN CERRITOS, also known as "Lil Poison," also known as "Guason," CHRISTIAN LEMUS CERNA, also known as "Leopardo," also known as "Guepardo," also known as "Gatito," also known as "Bago," also known as "Vago," also known as "Christian Josue Lemus Alfaro," and MANUEL ERNESTO PAIZ GUEVARA, also known as "Solitario," also known as "Colita," together with others known and unknown to the grand jury, knowingly and intentionally murdered Gerson Adoni Martinez Aguilar, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

JOINT PROPOSED INSTRUCTION NO. 56

Nature of the offense charged—Count Seven—Murder in aid of racketeering

Count Seven of the Third Superseding Indictment realleges and incorporates paragraphs one through 13 and further charges that:

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendant JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," together with others known and unknown to the grand jury, knowingly and intentionally murdered Julio Urrutia, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. 18.2-32 and 18.2-18, and did aid, abet, counsel, command, induce, and cause another to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>JOINT PROPOSED INSTRUCTION NO. 57</u>

<u>Nature of the offense charged—Count Eight—</u>
<u>Use of a firearm during a crime of violence causing death</u>

Count Eight of the Third Superseding Indictment charges that:

On or about June 19, 2014, in the City of Alexandria, within the Eastern District of Virginia, defendant JESUS ALEJANDRO CHAVEZ, also known as "Chuy," also known as "Taliban," also known as "Taliman," knowingly used, carried, brandished, and discharged a firearm during and in relation to, and in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, to wit: murder in aid of racketeering, as set forth in Count Seven of this Indictment, which is re-alleged and incorporated by reference herein, thereby knowingly and willfully causing the death of Julio Urrutia, which killing was murder, as defined in 18 U.S.C. § 1111, in that the defendant, with malice aforethought, did unlawfully kill Julio Urrutia by shooting him with the firearm.

(In violation of Title 18, United States Code, Sections 924(c) and (j)(1).)

JOINT PROPOSED INSTRUCTION NO. 58

Statute defining the offense charged—Count Eight

Section 924(c)(1)(A) of Title 18 of the United States Code provides, in pertinent part, that:

> [A]ny person who, during and in relation to any crime of violence . . ., uses or carries a firearm, shall, . . .

be guilty of an offense against the United States.

Furthermore, Section 924(j) of Title 18 of the United States Code provides, in pertinent part, that:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm . . . if the killing is a murder (as defined in Section 1111) . . . .

shall also be guilty of an offense against the United States.

For purposes of Count Eight only, murder is defined by federal law in Section 1111 of Title 18 of the United States Code.  That provision defines murder as follows:

> Murder is the unlawful killing of a human being with malice aforethought.  Every murder perpetrated by . . . any . . . kind of willful, deliberate, malicious, and premeditated killing . . . or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

(18 U.S.C. §§  924(c)(1)(A), 924(j), and 1111)

65

JOINT PROPOSED INSTRUCTION NO. 59

"Use or carries a firearm"—Defined

The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime identified in Count Eight of the indictment.

In determining whether defendant JESUS ALEJANDRO CHAVEZ, a/k/a "Chuy," a/k/a "Taliban," a/k/a "Taliman," used or carried a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of violence alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

The government is required to prove beyond a reasonable doubt that the firearm was in the defendant's possession or under the defendant's control at the time that a crime of violence or drug trafficking crime was committed.

The government is also required to prove beyond a reasonable doubt that the defendant actively employed the firearm.  Examples of how a defendant may "use" a firearm include, but are not limited to, brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, the firearm.

(2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 39:20 (6th ed. 2008); United States v. Chen, 131 F.3d 375, 381 (4th Cir. 1997))

JOINT PROPOSED INSTRUCTION NO. 60

Statute defining the offense charged—Count Nine

Section 922(g) of Title 18 of the United States Code provides, in pertinent part, that:

It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(18 U.S.C. § 922(g)(1))

<u>JOINT PROPOSED INSTRUCTION NO. 61</u>

<u>Essential elements of the offense—Count Nine</u>

Count Nine charges defendant JESUS ALEJANDRO CHAVEZ, a/k/a "Chuy," a/k/a "Taliban," a/k/a "Taliman," with unlawful possession of a firearm.  To sustain its burden of proof against the defendant for this crime, the government must prove the following essential elements beyond a reasonable doubt:

One:　The defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Two:　After this conviction, the defendant knowingly possessed the firearm described in Count Nine of the indictment; and

Three:　Such possession was in or affecting interstate or foreign commerce.

My prior instructions regarding the definitions of "possess" and "firearm" apply to this count.

(2A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 39:09 (6th ed. 2008))

JOINT PROPOSED INSTRUCTION NO. 62

"In or affecting commerce"—Defined

The phrase "in or affecting commerce" includes commerce between any place in a State and any place outside of that State.

The government may meet its burden of proof on the question of being "in or affecting commerce" by proving to you, beyond a reasonable doubt, that the firearm identified in the indictment had traveled across a state boundary line.

(2A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 39:14 (6th ed. 2008))

## JOINT PROPOSED INSTRUCTION NO. 63

### Proof may be disjunctive—All counts

The Court instructs the jury that although the indictment may charge a defendant with committing an offense in several ways, using conjunctive language (*i.e.*, "and"), it is sufficient if the government proves the offense in the disjunctive (*i.e.*, "or"), that is to say, the jury may convict on a unanimous finding of any of the alternative acts of a conjunctively charged offense. Therefore, I instruct you that it is not necessary for the government to prove that the defendant did each of those things, named in that particular count of the indictment.  It is sufficient if the government proves beyond a reasonable doubt that the defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed.

(<u>United States v. Perry</u>, 560 F.3d 246, 256 (4th Cir. 2009); <u>United States v. Dickerson</u>, 27 Fed. Appx. 236, 245 (4th Cir. 2001) (affirming proposed instruction); <u>United States v. Champion</u>, 387 F.2d 561, 563 n.6 (4th Cir. 1967))

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to counsel of record.

/s/

Tobias D. Tobler
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
tobias.tobler@usdoj.gov