IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

       v.

PEDRO ANTHONY ROMERO CRUZ,
JOSE LOPEZ TORRES,
JUAN CARLOS MARCOS AYALA,      No. 1:14-CR-306 - GBL
JAIME ROSALES VILLEGAS,
ALVIN GAITAN BENITEZ,
CHRISTIAN LEMUS CERNA,
ARAELY SANTIAGO VILLANUEVA,
OMAR DEJESUS CASTILLO,
DOUGLAS DURAN CERRITOS,
**MANUEL ERNESTO PAIZ GUEVARA**,
GENARO SEN GARCIA,
JOSE DEL CID,
JESUS ALEJANDRO CHAVEZ,
      Defendants

## MANUEL ERNESTO PAIZ GUEVARA'S
## PROPOSED JURY INSTRUCTIONS

      Defendant Manuel Ernesto Paiz Guevara, by undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury (along with a brief argument in support of each, as instructed by the Court in its Final Pretrial Order). These instructions were drafted before the full contours of the government's case were known, and we therefore reserve the right to modify, withdraw,

supplement or substitute instructions as may be suggested by the evidence in the case until the charge conference.  Mr. Paiz Guevara also reserves the right to supplement these instructions with an appropriate "Theory of the Defense" instruction prior to the charge conference.

Respectfully submitted,

**MANUEL ERNESTO PAIZ GUEVARA**

By: _____/s/_____
W. Michael Chick, Jr.
VSB: 70892
Attorney for Defendant Manuel Paiz Guevara
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102 Fairfax, Virginia  22030
Tel: 571.276.8279
Fax: 571.748.4399
mike@chicklawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served via ECF, upon:

Stephen M. Campbell, Esq.
Julia K Martinez, Esq.
Tobias Tobler, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria,Virginia 22314

And all other defendants in this matter by the Court's electronic filing system.

_____/s/_____
W. Michael Chick, Jr.

# TABLE OF DISPUTED INSTRUCTIONS PROPOSED BY DEFENDANT MANUEL ERNESTO PAIZ GUEVARA

| No. | Instruction | Authority |
|---|---|---|
| MPG-1 | Admonition by Court at Recesses – Short Form | 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.02 |
| MPG-2 | Law Enforcement Witnesses | Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Vol. I, §7-16 |
| MPG-3 | Essential Elements of the Offense – Count Six | 18 U.S.C. § 1959 |
| MPG-4 | Murder Under Virginia Code Section 18.2-32 – Fourth Element Of Counts Four, Six And Seven | Virginia Model Jury Instruction 33.320<br><br>Virginia Code Section 18.2-32 |
| MPG-5 | Circumstantial Evidence | Virginia Model Jury Instruction 2.400 |
| MPG-6 | Inference of Malice From Use of Deadly Weapon | Virginia Model Jury Instruction 33.240 |
| MPG-7 | Malice Defined | Virginia Model Jury Instruction 33.220 |
| MPG-8 | Burden of Proof On Heat of Passion | Walshaw v. Commonwealth, 44 Va. App. 103 (2004);<br>Miller v. Commonwealth, 5 Va. App. 22 (1987);<br>Mullaney v. Wilbur, 421 U.S. 684 (1975). |

PROPOSED JURY INSTRUCTION NO. MPG-1

**ADMONITIONS AT COURT RECESSES - SHORT FORM**

During this recess and all other recesses, you must not discuss this case with anyone. This includes your family, other jurors, and anyone involved in the trial. If anyone attempts in any way to talk to you about this trial during a recess, it is your obligation to tell me immediately.

Do not watch or listen to any news reports concerning this trial on television or on radio and do not read any news accounts of this trial in a newspaper or on the Internet. Do not speak at all with any of the parties, the witnesses or the attorneys.

You are required to keep an open mind until you have heard all of the evidence in this case, the closing arguments of counsel, and the final instructions of law provided by the Court.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.02 (6th ed. 2008).

**BRIEF ARGUMENT IN SUPPORT**: Such a reminder for the jury is important throughout the trial to ensure that outside information is not tainting the decision-making of the jury in this case.

PROPOSED JURY INSTRUCTION NO. MPG-2

**LAW ENFORCEMENT WITNESSES**

You have heard the testimony of multiple law enforcement officials. The fact that a witness may be employed by the federal, state or local government as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of each law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

AUTHORITY: Sand, Siffert, Loughlin, and Reiss, Modern Federal Jury Instructions, Vol. I, §7-16 (June 2004)

**BRIEF ARGUMENT IN SUPPORT**: We anticipate several law enforcement witnesses and seek to prevent the danger that the testimony of those witnesses is not given any undue or unfair weight or credibility, simply because of the fact that they are law enforcement witnesses.

PROPOSED JURY INSTRUCTION NO. MPG-3

**ESSENTIAL ELEMENTS OF THE OFFENSE – COUNT SIX**

Count Six alleges that defendants Omar Dejesus Castillo, Alvin Gaitan Benitez, Douglas Duran Cerritos, Christian Lemus Cerna and Manuel Ernesto Paiz Guevara, committed murder in aid of racketeering, in violation of federal law 18 U.S.C. § 1959.  In order for you to find a defendant guilty under Count Six, the government must prove beyond a reasonable doubt each of the following elements of that crime:

(1) that on or about the dates of the alleged murder, an enterprise engaged in, or the activities of which affect, interstate or foreign commerce existed;

(2) that the enterprise was engaged in racketeering activity;

(3) that the defendant had a position in the enterprise;

(4) that the defendant knowingly and unlawfully murdered Gerson Aguilar Martinez in violation of Virginia Code Section 18.2-32, and aided and abetted in the murder; and

(5) that one of the defendant's purposes in doing so was to maintain or increase his position in the enterprise.

The first, second, third, and fifth elements of this count are also elements of

the racketeering charges in Counts One, Two, Four, and Seven.  My prior instructions regarding these four elements apply to all five of these counts, including Count Six.  My instructions regarding the elements of murder under Virginia law and the federal law of aiding and abetting also apply to the fourth element above.

If you find from the evidence that the government has proved beyond a reasonable doubt, with respect to any defendant, each of the above elements, then you shall find that defendant guilty of murder in aid of racketeering.

With respect to each individual defendant in Count Six, if you find that the government has failed to prove beyond a reasonable doubt any one or more of the above elements of the crime, then you shall find the defendant not guilty of murder in the aid of racketeering (Counts Four, Six and Seven).

AUTHORITY: 18 U.S.C. § 1959

**BRIEF ARGUMENT IN SUPPORT**:  This instruction is substantively the same as the government's proposed Instruction P; however, ours is cleaner and more concise as to the essential elements of the offense than what is proposed by the government.

PROPOSED JURY INSTRUCTION NO. MPG-4

## MURDER UNDER VIRGINIA CODE SECTION 18.2-32 – FOURTH ELEMENT OF COUNTS FOUR, SIX AND SEVEN

In order for you to find that a defendant committed murder under Virginia Code Section 18.2-32 (Counts Four, Six and Seven), the government must prove beyond a reasonable doubt each of the following elements of that crime:

(1)  that the defendant killed the alleged victim; and

(2)  that the defendant's killing of the victim was done with malice.

If you find from the evidence that the government has proved beyond a reasonable doubt, with respect to any defendant, each of the above elements, then you shall find that defendant to have committed murder in violation of Virginia Code Section 18.2-32.

With respect to each individual defendant in Counts Four, Six or Seven, if you find that the government has failed to prove beyond a reasonable doubt either or both of the above elements of murder, then you shall find that defendant not guilty of murder in the aid of racketeering (Counts Four, Six and Seven).

AUTHORITY: Virginia Model Jury Instruction 33.320

**BRIEF ARGUMENT IN SUPPORT**: To obtain a conviction for Count Six, the government must prove a violation of murder under Virginia Section 18.2-32. The government need not prove first-degree murder (i.e. that the killing was "willful, deliberate and premeditated"), as the government includes in its Instruction G. The above is what the minimum of what must be proved by the government to establish a second degree murder in Virginia. The additional language is superfluous. Further, the government's Instruction G crams the finding instructions concerning the essential elements of the offense with definitions of malice, etc. into one complicated five-page instruction (the government's proposal also includes language that goes well beyond the model language of those legal definitions as applied under Virginia law). Our proposal of breaking these instructions up is cleaner, more concise and easier for a jury to understand and apply.

PROPOSED JURY INSTRUCTION NO. MPG-5

**CIRCUMSTANTIAL EVIDENCE**

It is not necessary that each element of the alleged Virginia murder offenses (Counts Four, Six, and Seven) be proved by direct evidence, for an element may also be proved by circumstantial evidence. You may convict a defendant on circumstantial evidence alone, or on circumstantial evidence combined with other evidence, if you believe from all the evidence that a defendant is guilty beyond a reasonable doubt.

When the government relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the circumstances proved create a suspicion of guilt, however strong, or even a probability of guilt.

The evidence as a whole must exclude every reasonable theory of innocence.

AUTHORITY: Virginia Model Jury Instruction 2.400

**BRIEF ARGUMENT IN SUPPORT**: To obtain a conviction for Count Six, the government must prove a violation of murder under Virginia Section 18.2-32. This is the law of Virginia to be applied when the government is relying on any circumstantial evidence to prove a murder under 18.2-32.

PROPOSED JURY INSTRUCTION NO. MPG-6

**INFERENCE OF MALICE FROM USE OF DEADLY WEAPON**

You may infer malice from the deliberate use of a deadly weapon unless, from all the evidence, you have a reasonable doubt as to whether malice existed.

A deadly weapon is any object or instrument, not part of the human body, that is likely to cause death or great bodily injury because of the manner and under the circumstances in which it is used.

AUTHORITY: Virginia Model Jury Instruction 33.240

**BRIEF ARGUMENT IN SUPPORT**: To obtain a conviction for Count Six, the government must prove a violation of murder under Virginia Section 18.2-32. This is the law of Virginia to be applied in determining whether the necessary element of malice exists under 18.2-32.

PROPOSED JURY INSTRUCTION NO. MPG-7

**MALICE DEFINED**

Malice is that state of mind which results in the intentional doing of a wrongful act to another without legal excuse or justification, at a time when the mind of the actor is under the control of reason.  Malice may result from any unlawful or unjustifiable motive including anger, hatred or revenge.  Malice may be inferred from any deliberate willful and cruel act against another, however sudden.

Heat of passion excludes malice when that heat of passion arises from provocation that reasonably produces an emotional state of mind such as hot blood, or rage, anger, resentment, terror or fear so as to cause one to act on impulse without conscious reflection.  Heat of passion must be determined from circumstances as they appeared to defendant but those circumstances must be such as would have aroused heat of passion in a reasonable person.

If a person acts upon reflection or deliberation, or after his passion has cooled or there has been a reasonable time or opportunity for cooling, then the act is not attributable to heat of passion.

AUTHORITY: Virginia Model Jury Instruction 33.220

**BRIEF ARGUMENT IN SUPPORT**:  To obtain a conviction for Count Six, the government must prove a violation of murder under Virginia Section 18.2-32.  This is the law of Virginia to be applied in determining whether the necessary element of malice exists under 18.2-32.  The

government's proposed Instruction S is the federal law concerning malice, which is not applicable in determining whether a violation of Virginia Code 18.2-32 has been committed.

PROPOSED JURY INSTRUCTION NO. MPG-8

**BURDEN OF PROOF ON HEAT OF PASSION**

One or more of the defendants may argue that he acted in the heat of passion in defense of the murder allegations (Counts Four, Six and Seven). You are instructed that while a defendant is required to show some evidence of that, he is not required to prove it beyond a reasonable doubt. Rather, in order to find that a defendant has committed murder under Virginia Code 18.2-32, it is the government's burden to prove beyond a reasonable doubt that a defendant acted with malice, and not while in the heat of passion.

AUTHORITY: Walshaw v. Commonwealth, 44 Va. App. 103; 603 S.E.2d 633 (2004); Miller v. Commonwealth, 5 Va. App. 22; 359 S.E.2d 841 (1987),; Mullaney v. Wilbur, 421 U.S. 684 (1975).

**BRIEF ARGUMENT IN SUPPORT**:  To obtain a conviction for Count Six, the government must prove a violation of murder under Virginia Section 18.2-32.  This is the law of Virginia to be applied concerning the burden of proof on the necessary element of malice under Virginia Code Section 18.2-32, when some evidence of heat of passion is present.