## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 1:14-CR-306 |
| ) | |
| Pedro Anthony Romero Cruz, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT PEDRO ROMERO CRUZ'S PROPOSED JURY INSTRUCTIONS

The Defendant, Pedro Anthony Romero Cruz, through counsel, respectfully submits the following proposed jury instructions, and requests that the Court instruct the jury accordingly.

Mr. Cruz has conferred with the Government regarding the jury instructions in this case, and has agreed to a majority of the Government's proposed instructions. To the extent there are unresolved differences, Mr. Cruz respectfully moves the Court to give his proposed instructions in lieu of the Government's instructions on the same points. Finally, Mr. Cruz objects to the Government's instructions' repeated use of "violent crimes" as a descriptor for the various offenses charged.

Respectfully Submitted,

By:
/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, D.C. 20005
(202) 386-6920 (phone)
(267) 390-7587 (fax)
charles@burnhamgorokhov.com

1

## PROPOSED INSTRUCTION No.

## "In furtherance of" - Defined

The term "in furtherance of means that the firearm was possessed by the Defendant to advance or promote his commission of the crime of attempted murder in aid of racketeering, charged in Count Two of the indictment, and that the firearm was strategically located so that it was quickly and easily available for use.

(Sixth Circuit Pattern Jury Instructions No. 12.03 (2013))

## PROPOSED INSTRUCTION No.

## Mere presence insufficient

Merely being present at the scene of a crime, merely knowing that a crime is being committed or is about to be committed by others, merely associating with others and discussing common goals, or mere similarity of conduct between or among such persons, is not sufficient conduct to find that the defendant committed a crime or was a member of the conspiracy or a conspirator.

In order to find the defendant guilty, the government must prove, beyond a reasonable doubt, that the defendant knowingly and deliberately associated himself with the crime charged in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

(*United States v. Love*, 767 F.2d 1052 (4th Cir. 1985); 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 16:09 (6th ed. 2008))

## PROPOSED INSTRUCTION No.

## Responsibility for substantive offense-Count Three

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven defendant PEDRO ANTHONY ROMERO CRUZ, a/k/a "Payaso," and/or defendant JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," guilty of conspiracy beyond a reasonable doubt, as charged in Count One of the indictment, you may also find that defendant guilty of the crime alleged in Count Three of the indictment, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

> One: The substantive offense of possession of a firearm in furtherance of a crime of violence as described in Count Three of the indictment was committed by a member of the conspiracy as detailed in Count One of the indictment;

> Two: The substantive crime charged in Count Three of the indictment was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the

conspiracy detailed in Count One of the indictment;

Three: At the time that this offense was committed, the defendant was a member of the conspiracy detailed in Count One of the indictment; and

Four: It was reasonably foreseeable to the defendant that a member of the conspiracy would possess a short-barreled shotgun in furtherance of the attempted murder of D.F.

(2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:10 (6th ed. 2008); Mr. Cruz added the fourth element for reasonable foreseeability based on *Pinkerton v. United States*, 328 U.S. 640 (1946); Sixth Circuit Pattern Jury Instructions, 3.10 (2013); Federal Criminal Jury Instructions of the Seventh Circuit, No. 5.09 (1999); Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, No. 8.20 (2003)).

PROPOSED INSTRUCTION No.

**Essential elements of the offense—Count Three**

Count Three charges defendants PEDRO ANTHONY ROMERO CRUZ, a/k/a "Payaso," and JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," with possession of a firearm in furtherance of a crime of violence. To sustain its burden of proof against a defendant for this crime, the government must prove the following essential elements beyond a reasonable doubt:

One: That the defendant committed a crime of violence;

Two: That the defendant knowingly possessed a firearm in furtherance of this crime; and

Three: That the firearm was a short-barreled shotgun.

(*United States v. O'Brien*, 560 U.S. 218 (2010)(type of firearm is an element of the offense)).

## PROPOSED INSTRUCTION No.

## Aiding and abetting—Count Three

In order to be found guilty of aiding and abetting the commission of the crime charged in Count Three of the Indictment, the government must prove beyond a reasonable doubt:

One: The defendant knew that the the attempted murder of D.F. was to be committed or was being committed;

Two: The defendant knowingly did some act for the purpose of aiding, commanding, or encouraging the attempted murder of D.F.;

Three: The defendant acted with the intention of causing the attempted murder of D.F. to be committed; and

Four: The defendant had advance knowledge that a firearm would be possessed by someone in furtherance of committing the crime of attempted murder of D.F.

(*Rosemond v. United States*, 134 S. Ct. 1240 (2014)(aiding and abetting under § 924(c) requires advance knowledge that a firearm would be involved)).

## PROPOSED INSTRUCTION No.

## Typewritten transcripts in English of recorded conversations in foreign language (*if applicable*)

During the trial, Spanish language recordings and English transcripts of those recordings were admitted in evidence. You were provided English transcripts of the recordings so you could consider the contents of the recordings.

It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge you may have of the Spanish language. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

(Fed. Crim. Jury Instr. 7th Cir., Instruction No. 3.15 (2012); Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Criminal Cases, Instruction No. 1.42 (2001))

## PROPOSED INSTRUCTION No.

### Essential elements of the offense-Count One

Count One charges defendants PEDRO ANTHONY ROMERO CRUZ, a/k/a "Payaso," and JOSE LOPEZ TORRES, a/k/a "Grenas," a/k/a "Peluca," a/k/a "Peluquin," with conspiracy to commit murder in aid of racketeering. To sustain its burden of proof against a charged defendant, the government must prove the following essential elements beyond a reasonable doubt:

One:   On or about the date charged in Count One of the indictment, there existed an enterprise, as described by the indictment, which was engaged in, or whose activities affected, interstate or foreign commerce;

Two:   The enterprise was engaged in racketeering activity;

Three: The defendant had a position in the enterprise;

Four:   A conspiracy, agreement, or understanding to commit murder, as described in Count One of the indictment, was formed, reached, or entered into by two or more persons;

Five:   At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the objective of the agreement;

9

Six: With knowledge of the objective of the conspiracy, agreement, or understanding, and intending to achieve that objective, the defendant deliberately joined the conspiracy, agreement, or understanding; and

Seven: The defendant did so for the purpose of increasing or maintaining his position in the enterprise.

(United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994); United States v. Umana, 750 F.3d 320, 334–35 (4th Cir. 2014); 18 U.S.C. § 1959; 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:05 (6th ed. 2008))

## PROPOSED INSTRUCTION No.

### Position in the racketeering enterprise

The third element of the charges in Counts One, Two, Four, Six, and Seven requires the government to prove beyond a reasonable doubt that the defendant held a position in the racketeering enterprise.

"Position" is to be given its ordinary meaning, and is not limited to the meaning the enterprise itself may have used. The Government must prove beyond a reasonable doubt that the defendant committed the crimes in question for the purpose of increasing or maintain his position in the enterprise.

(United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994))

## PROPOSED INSTRUCTION No.

## Nature of the offense charged – Count One

Count One of the third superseding indictment charges that:

From on or about September 29, 2013, through on or about October 1, 2013, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, defendants PEDRO ANTHONY ROMERO CRUZ, also known as "Payaso," and JOSE LOPEZ TORRES, also known as "Grenas," also known as "Peluca," also known as "Peluquin," together with others known and unknown to the grand jury, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other and others to murder D.F., in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. §§ 18.2-32 and 18.2-18.

## PROPOSED INSTRUCTION No.

## Specific investigative techniques (if applicable)

During the trial you have heard testimony of witnesses and arguments by counsel that the government did not utilize specific investigative techniques. For example, there was reference to _____.

You may consider these facts in deciding whether the government has met its burden of proof, because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.

(United States v. Mason, 954 F.2d 219, 222 (4th Cir. Md. 1992))

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed March 7, 2016, through the Court's ECF/CM system, which automatically sends a notice of the filing to all registered parties.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, D.C. 20005
(202) 386-6920 (phone)
(267) 390-7587 (fax)
charles@burnhamgorokhov.com