IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| PEDRO ANTHONY ROMERO CRUZ, *et al.* | )  Case No. 1:14-CR-306-GBL |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Pedro Anthony Romero Cruz's ("Defendant") Motion to Dismiss Count Three of the Third Superseding Indictment ("Motion to Dismiss") (Doc. 568). Co-defendants Lopez Torres and Rosales Villegas join the motion. This case involves a nine-count indictment charging thirteen individuals for a series of offenses relating to their membership in the MS-13 street gang. Counts One, Two, and Three of the Third Superseding Indictment charge Defendants Romero Cruz, Lopez Torres, and Rosales Villegas with crimes arising out of their plan to murder D.F., an individual they suspected of attempting to leave MS-13. Count One alleges that Defendants conspired to murder D.F., in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Count Two alleges that Lopez Torres and Rosales Villegas attempted to murder D.F., in aid of racketeering, also in violation of 18 U.S.C. § 1959(a)(5). Count Three charges Defendants with possession of a firearm, in furtherance of a "crime of violence," i.e., the crimes charged in Counts One and Two of the indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A), (B)(i), and (2).

Defendants argue that the Court should dismiss Count Three because neither attempted murder nor conspiracy to commit murder constitute "crimes of violence" under § 924(c)(3). Defendants further assert that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), is applicable here, and that the residual clause of § 924(c)(3) is similarly invalid as unconstitutionally vague.

The question before the Court is whether the predicate offenses underlying Count Three of attempted murder or conspiracy to commit murder constitute a "crime of violence" under § 924(c)(3).

The Court denies Defendant's Motion to Dismiss because attempted murder is a "crime of violence" under the Force Clause of § 924(c) and because Romero Cruz is liable for attempted murder under *Pinkerton* for his co-conspirators' violations of § 924(c). Thus, the Court holds that under the Force Clause Count Three is valid as to all three Defendants. The Court holds in the alternative that even if Count Three was not viable under the Force Clause, Counts One and Two satisfy the Residual Clause of § 924(c)(3) which the Court holds is not unconstitutionally vague under the precedent set in *Johnson*. Accordingly, the Court denies Defendant's Motion to Dismiss Count Three of the Indictment (Doc. 568) as to each of the three Defendants.

## I. BACKGROUND

Counts One, Two, and Three of the Third Superseding Indictment (Doc. 287) charge Defendants Romero Cruz, Lopez Torres, and Rosales Villegas with crimes arising out of their plan to murder D.F., an individual they suspected of attempting to leave MS-13. Count One alleges that the Defendants conspired to murder D.F., in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Count Two alleges that Lopez Torres and Rosales Villegas attempted to

murder D.F., in aid of racketeering, also in violation of 18 U.S.C. § 1959(a)(5).[1] Count Three charges the Defendants with possession of a firearm, in furtherance of a "crime of violence," i.e., the crimes charged in Counts One and Two of the indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A), (B)(i), and (2).

Section 924(c)(1)(A) provides a mandatory consecutive term of imprisonment for "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Section 924(c)(3) defines "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "Force Clause"), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "Residual Clause").

---

[1] The underlying state provisions these racketeering crimes are alleged to have violated are Va. Code Ann. §§ 18.2-32 and 18.2-18, which provide, in pertinent part:

> Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony. All murder other than capital murder and murder in the first degree is murder of the second degree and is punishable by confinement in a state correctional facility for not less than five nor more than forty years.

Va. Code Ann. § 18.2-32.

> In the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree. . . .

Va. Code Ann. § 18.2-18.

3

On December 8, 2015, Defendants filed the present motion requesting the Court to dismiss Count Three on two principal grounds: first, that predicate offenses of conspiracy to commit murder and attempted murder charged in Counts One and Two are not adequate because they do not constitute a crime of violence under the Force Clause, and second, that the predicate offenses to not constitute a crime of violence under the Residual Clause of § 924(c) because the provision is invalid following the Supreme Court's holding in *Johnson* that the residual clause of the ACCA, which defined the term "violent felony," was unconstitutionally vague.

## II. ANALYSIS

### A. Attempted Murder is a "Crime of Violence" Under the Force Clause § 924(c)(3)(A).

The Court denies Defendant's Motion to Dismiss because attempted murder is a "crime of violence" under the Force Clause of § 924(c)(3) and because Romero Cruz is liable for attempted murder under *Pinkerton* for his co-conspirators' violations of § 924(c).

Defendants argue that attempted murder does not qualify as a "crime of violence" under the Force Clause of § 924(c)(3) because, they assert, attempted murder does not include as an element the use, attempted use, or threatened use of force. Defendants contend that committing first degree murder under Virginia law does not categorically require the exertion of "physical force" because it can be committed by non-violent means. Thus, Defendants argue that under a categorical approach, attempted murder does not qualify as a "crime of violence" and therefore, cannot serve as the predicate offense for Count Three. This argument is not persuasive, in part, because of Supreme Court and Fourth Circuit precedent sets forth a more expansive notion of "use of physical force" that leads the Court to conclude that attempted murder necessarily includes an element of physical force and therefore constitutes a crime of violence.

The Supreme Court's decisions in *Johnson v. United States*, 559 U.S. 133 (2010), and *United States v. Castleman*, 134 S. Ct. 1405 (2014) are particularly instructive in understanding

4

the phrase "use of physical force." In *Johnson*, the Supreme Court observed that the phrase "physical force," "plainly refers to force exerted by and through concrete bodies" as distinguished from "intellectual force or emotional force." 559 U.S. 133, 138 (2010). The Court defined "physical force," in the context of 18 U.S.C. § 924(e)(2)(B), as "force capable of causing physical pain or injury to another person." *Id.* at 140. The Court in *Castleman* also addressed "use of physical force" in a way that indicates the phrase refers broadly to force that causes pain or injury to another as a result of purposeful physical action. Refuting the defendant's argument that poison did not constitute "use of physical force," the court explained:

> [Respondent] errs in arguing that although "poison may have forceful physical properties as a matter of organic chemistry, . . . no one would say that a poisoner 'employs' force or 'carries out a purpose by means of force' when he or she sprinkles poison in a victim's drink." The "use of force" in Castleman's example is not the act of "sprinkling" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim. *Leocal* held that the "use" of force must entail "a higher degree of intent than negligent or merely accidental conduct"; it did not hold that the word "use" somehow alters the meaning of "force."

*Id.* at 1415 (internal alterations, citations, and quotation marks omitted). Fourth Circuit precedent supports the same understanding of "use of physical force" articulated in *Johnson* and *Castleman*. *See, e.g., Mbea v. Gonzales*, 482 F.3d 276, 279–80 (4th Cir. 2007) (concluding that "murder" is a "crime of violence" even where the statute at issue does not employ the term "force" in a narrow sense); *see also United States v. Luskin*, 926 F.2d 372, 379 (4th Cir. 1991) (holding that murder for hire is a "crime of violence" under 18 U.S.C. §§ 924(c)(3)(A) and (B) and observing that "[o]ne can hardly conceive of a more coldblooded violent act than murder-for-hire").

5

Defendants' argument primarily relies on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and *United States v.* Gomez, 690 F.3d 194 (4th Cir. 2012), but these cases are not controlling. In *Gomez*, the court found that a Maryland child abuse statute was not a crime of violence because such abuse could be committed not only by an affirmative act, but also by neglecting to act, such as starvation of a child. 690 F.3d at 201. The court in *Torres-Miguel* reasoned that "a crime may result in death or serious injury without involving use of physical force." *Id.* at 168–69. The court stated as an example that a threat to poison another involves "no use or threatened use of force." *Id.* That reasoning was effectively overruled by the holding in *Castleman*, however. *See United States v. McDaniels*, No. 1:15-CR-171, 2015 WL 7455539, at *5 (E.D. Va. Nov. 23, 2015) (explaining that "the Supreme Court in *Castleman* implicitly rejected the rationale of *Torres-Miguel*.")

In the present case, the Court holds that Defendant's narrow definition of "use of physical force" to justify excluding the crime of attempted murder from constituting a "crime of violence" is unpersuasive and contrary to the Supreme Court and Fourth Circuit precedent cited above. Here, the underlying predicate offense of attempted murder is a "crime of violence" that includes "an element of use, attempted use, or threatened use of physical force" under the Force Clause § 924(c)(1)(A).[2] Under *Johnson* and *Castleman*, physical force refers only to the force necessary to cause pain or injury to another, including indirect harm, as a result of purposeful physical action by the perpetrator; attempted murder, by means of firearm or machete such as in the present case, or through starvation or poisoning, therefore qualifies. *See, e.g., United States v. Checora*, 2015 WL 9305672, at *2 (D. Utah Dec. 21, 2015) (citing *Johnson* and *Castleman* and holding that "it is impossible to cause death without applying physical force . . . . Therefore, the

---

[2] *See, e.g., James v. United States*, 550 U.S. 192, 208 (2007) ("attempted murder" is a "prototypically violent crime").

conduct element of second-degree murder—the unlawful killing of another person—is an element constituting the use, attempted use, or threatened use of physical force sufficient for purposes of finding second degree murder a 'crime of violence.'"); *Cf.* 18 U.S.C § 1515(a)(2) (defining "physical force" as "physical action against another . . . includ[ing] confinement"). Although Romero Cruz, unlike Defendants Lopez Torres and Rosales Villegas, is not charged with attempted murder, he is nevertheless liable for his co-conspirators' reasonably foreseeable actions under established principles of conspiracy law as set forth in *Pinkerton v. United States*, 328 U.S. 640 (1946). *See United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The court in *Blackman* held that "[t]he *Pinkerton* doctrine provides that a defendant is 'liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy.'" *Id.* at 141. The court further stated that "the Pinkerton doctrine need not be charged in the indictment, even when it later acts as the legal basis for the defendant's conviction . . . because it 'simply describes the way in which a defendant's conduct resulted in the violation of a particular law.'" *Id.* (quoting *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010)). This doctrine applies to Romero Cruz because he allegedly directed his alleged co-conspirators to murder D.F. with a firearm, and therefore his co-defendants' murder attempt with a sawed-off shotgun undertaken in furtherance of the conspiracy charged in Count One was reasonably foreseeable. Thus, even if Count Three was predicated solely on the attempted murder charged in Count Two, Romero Cruz remains liable for the under Count Three with alleged co-conspirators Lopez Torres and Rosales Villegas.

Accordingly, Defendant's Motion to Dismiss is denied because attempted murder is a "crime of violence" under the Force Clause of § 924(c)(3) and because Romero Cruz is liable for attempted murder under *Pinkerton* for his co-conspirators' violations of § 924(c).

7

## B. The Residual Clause of § 924(c)(3)(B) is Not Unconstitutionally Vague

The Court holds, in the alternative, that even if Count Three was not viable under the Force Clause, Counts One and Two additionally constitute "crimes of violence" under the Residual Clause of § 924(c)(3) which the Court holds is not unconstitutionally vague under the precedent set in *Johnson.*

In *Johnson*, the Supreme Court held that ACCA's residual clause, i.e., the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), is vague and "violates the Constitution's guarantee of due process." *See Johnson,* 135 S. Ct. at 2563. The Court is unpersuaded by Defendants' arguments that the Supreme Court's decision to invalidate the residual clause of the ACCA is applicable in the present case.

Here, as the government asserts, the residual clause of § 924(c)(3)(B) is materially different from ACCA's residual clause in several ways, including: § 924(c)(3)(B) contains no confusing list of enumerated offenses, it has been limited to a narrow risk of force during the commission of the offense, and the Supreme Court never has disagreed about its proper construction. Numerous courts in this district, and in other jurisdictions, have reached the same conclusion. *See, e.g., United States v. Taylor*, --- F.3d---, 2016 WL 537444, at *32-35 (6th Cir. 2016) (holding that the ACCA's residual clause is materially distinguishable from § 924(c)(3)(B) because (1) "the statutory language of § 924(c)(3)(B) is distinctly narrower," (2) "the ACCA residual clause is linked to a confusing set of examples" and "there is no such weakness in § 924(c)(3)(B), (3) the *Johnson* holding was a result of many years of inconsistent interpretations of the ACCA but "no such history has occurred with respect to § 924(c)(3)(B)", and (4) although § 924(c)(3)(B) requires courts to conduct an "ordinary case" analysis, this factor alone does not

8

render a statute unconstitutionally vague); *United States v. McDaniels*, No. 1:15-CR-171, 2015 WL 7455539, at *7 (E.D. Va. Nov. 23, 2015) (Ellis, J.) ("[U]nlike the ACCA Residual clause, the [§ 924(c)] Residual Clause at issue here: (i) is not preceded by four enumerated offenses that create 'uncertainty about how much risk it takes from a crime to qualify as a violent felony,' (ii) has not created significant disagreement among lower courts, and (iii) has not been subject to several failed attempts by the Supreme Court to construe the clause in a 'principled and objective' manner."); *United States v. Hunter*, No. 2:12CR124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 23, 2015) (Jackson, J.) ("The Court cannot find on the record before it or on the law of this Circuit that the Supreme Court in *Johnson* intend[ed] to invalidate the residual clause of § 924(c). The residual clause of the ACCA had faced significantly more confusion in the lower courts, was a much broader clause than § 924(c), and required courts to analyze conduct outside of that conduct required for the charged offense."); *United States v. Wilson*, No 4:15-CR-21, at 8 (E.D. Va. Dec. 8, 2015) (Wright Allen, J.) ("Section 924(c)(3)(B) is not unconstitutionally vague."); *United States v. Checora*, 2015 WL 9305672, at *4 (D. Utah Dec. 21, 2015) ("[N]othing in the Supreme Court's Johnson decision requires this court to find § 924(c)(3)(B)'s residual clause unconstitutionally vague.") *United States v. Prickett*, No. 3:14-CR-30018, 2015 WL 5884904, at *3 (W.D. Ark. Oct. 8, 2015) ("The Court finds that § 924(c)(3)(B) is not unconstitutionally vague."); *Cooper v. Krueger*, No. 15-CV-1425, 2015 WL 8215348, at *3 (C.D. Ill. Dec. 8, 2015) ("As Petitioner pleaded guilty to a [§ 924(c)] crime that is unrelated to the statutory provision addressed by *Johnson*, the *Johnson* case is inapplicable."); *United States v. Lusenhop*, No. 1:14-CR-122, 2015 WL 5016514, at *3 (S.D. Ohio Aug. 25, 2015) ("Nothing in *Johnson* reasonably suggests that if presented with the question, the Supreme Court would conclude that Section 924(c)(3)(B) is unconstitutionally vague."). This Court declines to depart from the sound conclusion reached by the courts cited herein. Thus, because Count One and

Count Two each constitute a "crime of violence" under the residual clause of § 924(c)(3)(B) and plainly involve inherent substantial risk that physical force against another may be used in the crime's commission, there is no basis to dismiss Count Three.

Defendant's Motion to Dismiss is denied because the Residual Clause in § 924(c)(3)(B) is not invalid under *Johnson* and attempted murder is a "crime of violence" as defined by that provision.

### III. CONCLUSION

The Court denies Defendant's Motion to Dismiss because attempted murder is a "crime of violence" under the Force Clause of § 924(c)(3) and because Romero Cruz is liable for attempted murder under *Pinkerton* for his co-conspirators' violations of § 924(c). Thus, the Court holds that under the Force Clause Count Three is valid as to all three Defendants. Regardless, the Court holds in the alternative that even if Count Three was not viable under the Force Clause, Counts One and Two satisfy the Residual Clause of § 924(c)(3) which the Court holds is not unconstitutionally vague under *Johnson*. Accordingly, the Court denies Defendant's Motion to Dismiss Count Three of the Indictment (Doc. 568).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count Three (Doc. 568) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 8th day of March, 2016.

Alexandria, Virginia
3/8/2016

/s/
Gerald Bruce Lee
United States District Judge