IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,   )
                            )
         v.                 )
                            )
PEDRO ANTHONY ROMERO CRUZ *et al.*, )   Case No. 1:14-CR-306-GBL
                            )
Defendants.                 )
                            )
                            )

## ORDER

THIS MATTER is before the Court on the Government's Motion for Admission of Redacted Transcripts and for Jury and Witness Instructions (Doc. 750).

The issue presented is whether the Government may offer testimonial evidence that the Defendant Lemus Cerna lead an FBI Confidential Human Source ("CHS") to the grave site of Quintanilla Trujillo ("Trujillo") and Gerson Adoni Martinez Aguilar ("Aguilar"), where Defendant Cerna is on trial for the murder of Aguilar, but not the murder of Trujillo, and this Court's previous Order excluded any evidence that Defendant Cerna participated in the murder of Trujillo.

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, allegedly Trujillo's murder occurred on or about October 7, 2013, while Aguilar's murder occurred on or about March 29, 2014—months after Trujillo's murder. *See* Counts Four and Six, Third Superseding Indictment. What's more, allegedly, Defendant Cerna did not lead the CHS to the Trujillo and Aguilar's grave sites until May 15, 2015—well over a year after both

murder allegedly were committed. Under this scenario, without offering evidence of Defendant Cerna's participation in the uncharged murder of Trujillo, the Government's proffer to offer evidence that Defendant Cerna led a CHS to both Trujillo and Aguilar's gravesite is relevant and admissible as it, at a minimum, corroborates live testimony of cooperating witnesses that Defendant Cerna was involved in the murder of Aguilar, and that Cerna, through his membership in MS-13, knew the location of the bodies in the park.

Additionally, the Court reiterates that the this Court's March 8, 2016 Order specifically precluded the Government from introducing evidence of Defendant Cerna's involvement in Trujillo's murder *because it is not intrinsic to the Government's ability to prove Defendant Cerna's involvement in Aguilar's murder*—the crime charged in Count Six. However, the Court does not find that a CHS's live testimony that Defendant Cerna led him to the grave site containing Trujillo's body is evidence that Defendant Cerna participated in Trujillo's murder. In other words, Defendant Cerna's ability to—months after their respective murders—lead a CHS to a grave site of Trujillo and Aguilar can indicate a variety of conclusions, but does not necessarily infer the conclusion that Defendant Cerna actually murdered either Trujillo or Agular. Thus, such proffered testimony does not traverse the Court's earlier ruling and the Government's Motion for Admission of Redacted Transcripts (Doc. 750) is GRANTED.

The Court also GRANTS the Government's Request for Jury and Witness Instructions (Doc. 750) and accepts all three of the Government's propositions. However, the Government is restricted from arguing to the jury, in either its opening or closing argument, that because Defendant Cerna knew the location of Trujillo and Aguilar's bodies, he must have committed the Trujillo murder, because the Court's Order regarding Defendant Cerna is undecided on appeal.

Thus, in light of the foregoing, it is hereby

**ORDERED** that Government's Motion for Admission of Redacted Transcripts and for Jury and Witness Instructions (Doc. 750) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government submit proposed jury instructions, regarding the cooperating defendants' testimony and use of the pseudonyms "Homeboy One" and "Homeboy Two," to the Court and defense counsel by Monday, March 21, 2016 at 9:00AM.

**IT IS FURTHER ORDERED** that the hearing on this motion, noticed for March 18, 2016, is cancelled.

**IT IS SO ORDERED.**

**ENTERED** this 17th day of March, 2016.

Alexandria, Virginia
03 / 17 / 16

/s/
Gerald Bruce Lee
United States District Judge