IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:14-CR-306 |
| v.  ) | |
| ) | The Honorable Gerald Bruce Lee |
| PEDRO ANTHONY ROMERO CRUZ, *et al.*, ) | |
| ) | Trial: March 21, 2016 |
| Defendants.  ) | |
| ) | |

GOVERNMENT'S MOTION FOR *FRYE* AND *LAFLER* INQUIRIES

The United States of America, by and through undersigned counsel, respectfully asks this Court to conduct a brief, and private, inquiry with each defendant before the jury is empaneled to ensure that all plea offers have been conveyed.

Under *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), a defense counsel's failure to communicate a formal plea offer, or improper advice to reject a plea offer, may constitute ineffective assistance of counsel. To guard against such claims, the Supreme Court has suggested that "formal offers ... be made part of the record ... before a trial on the merits, ... to ensure that a defendant has been fully advised before those ... proceedings commence." *Frye*, 132 S.Ct. at 1409.

In light of the holdings in *Frye* and *Lafler*, the government has adopted the practice of asking the Court to put plea offers on the record on the first day of trial prior to empaneling a jury. Although the government is confident that all defense counsel in this case have diligently advised their clients of any plea offer, the government submits that it would be prudent to make such a record nonetheless. However, the government is hesitant to ask the Court to make such a record in front of all defendants. As the Court is aware, MS-13 is notorious for seeking revenge

on any member who cooperates with law enforcement.  The government does not wish to cause any conflict between defendants at the start of a lengthy trial and create a possible security issue for the U.S. Marshals and the Court.

Accordingly, the government suggests that the Court allow each defendant and his counsel to approach the bench with government counsel to conduct a private *Frye/Lafler* inquiry, out of the hearing of the other defendants.  Although not every defendant proceeding to trial engaged in plea discussions with the government, the government suggests that the Court call each defendant up to the bench in turn, so as not to single out any particular defendant.  The government believes this process could be accomplished in short order either before jury selection commences or over a break during the jury selection process prior to empaneling the jury.

Respectfully Submitted,

Dana J. Boente
United States Attorney

　　　　　　　/s/　　　　　　　　　
Stephen M. Campbell
Julia K. Martinez
Tobias D. Tobler
Assistant United States Attorneys
Counsel for the Government
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314
(703) 299-3700
(703) 739-9556 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 18th of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to counsel of record.

                                                     /s/
Julia K. Martinez
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
julia.martinez@usdoj.gov