IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 1:14-CR-306 |
| ) | |
| PEDRO ANTHONY ROMERO ) | |
| CRUZ, et al. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY, OR
IN THE ALTERNATIVE, FOR SUPPLEMENTAL RULE 16 EXPERT NOTICES**

Defendant Pedro Anthony Romero Cruz, through counsel, respectfully moves this Court to exclude the government's proposed experts: Sandra D'sa and Liliana Portwine, and the transcripts they prepared. Alternatively, Mr. Cruz respectfully moves this Court to order the government to produce supplemental expert notices that comply with Federal Rule of Criminal Procedure 16(a)(1)(G).

**BACKGROUND**

Count One of the indictment charges the defendant with conspiracy to commit murder in aid of racketeering. The government alleges that Mr. Cruz, while in prison, used a contraband cell phone to communicate with other gang members and thereby issue a "green light"[1] on the victim. The phone calls were recorded. The original calls occurred in Spanish; two FBI linguists translated the calls into English; the government now seeks to admit the translations as substantive evidence at trial.

Because the act of translation requires specialized knowledge and skill, the

---

[1] A "green light" is alleged to be a gang term for an authorization to kill.

government acknowledges that its linguists are expert witnesses. The necessity for specialized knowledge and skill is especially true in this case, where the foreign language conversations: (1) employed jargon, slang, or code; (2) were recorded with clandestine equipment that rendered substantial parts of the conversation inaudible or unintelligible; and (3) involved participants who frequently spoke over one another in overlapping conversations.

For all of the foregoing reasons, the government's linguists necessarily relied on more than just their knowledge of Spanish when they translated the recorded phone calls. The transcripts of the phone calls indicate that they at least relied on the cooperators for identifying information. Common sense suggests that they also may have relied on knowledge they gained from other gang cases, information they obtained from law enforcement agents in this case, or facts they gathered from independent research. *See United States v. Rivera*, 442 F. Supp. 2d 272, 278-9 (E.D. Va. 2005)(expert witness who translated MS-13 calls based her interpretation of certain words on knowledge obtained from online research and in books, as well as services to MS-13 gang members in other cases). It is important for the jury, who must evaluate the reliability of the transcripts, to know what sources of information the government's linguists relied upon, and how they created the transcripts. Likewise, the defendants cannot effectively cross-examine the linguists without understanding how they interpreted the phone calls.

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to provide an expert disclosure in the form of a "written summary" that "describe[s]…the bases and reasons" for the expert's opinions. Despite the clear

language of Rule 16, the government's expert disclosure in this case states merely that each linguist will testify about "the process by which she prepared and reviewed her transcriptions of the recordings." (See Exhibit 1 – Government Rule 16 summary). Not only does the disclosure incorrectly describe the opinion—the linguists translated, not transcribed—it fails to disclose any of the bases and reasons for the linguists' opinions: i.e., what the linguists actually relied upon to provide the translations. When defense counsel contacted the Government about this issue, the Government refused to provide a response.[2]

A district court may exclude expert testimony where the proponent fails to comply with the disclosure provisions of Rule 16. *See United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013)(affirming district court's exclusion of expert testimony as sanction for failure to comply with Rule 16(a)(1)(G)). Given that the trial is already underway, exclusion should be the Court's remedial action in this case. In the alternative, however, the Court should order the government to promptly produce a new expert disclosure that complies with Rule 16.

## ARGUMENT

**I. Governing Law**

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure provides:

> "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of

---

[2] Defense counsel emailed the government on March 16, 2016, specifically pointing out that the expert disclosure failed to disclose the reasons and bases for the expert's opinions, and asked for permission to speak with the linguists in an effort to resolve the issue without the Court's involvement. The Government has not responded to that email.

> Evidence during its case-in-chief at trial…. The summary provided under this subparagraph **must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications**." (emphasis added).

The provision is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, Advisory Committee Note to 1993 Amendment.

In view of the stated purpose of Rule 16(a)(1)(G), courts have held that the requisite "written summary" must be more than a simple list of topics an expert witness may address. *See United States v. Duvall*, 272 F.3d 825 (7th Cir. 2001)("[Rule 16(a)(1)(G)] requires a summary of the expected testimony, not a list of topics."]; *United States v. Edwards*, 887 F. Supp. 2d 63, 69 (D.D.C. 2014)("[Rule 16(a)(1)(G) requires more than just a summary of the topics an expert witness may address."); *accord United States v. Verges*, 2014 U.S. Dist. LEXIS 17969 at *13 (E.D.Va. 2014); *see also United States v. Peel*, 2014 U.S. Dist. LEXIS 150776 at * 5 (E.D. Cal. 2014)(expert disclosure insufficient where it "provides a list of the general subject matters to be covered, but does not identify what opinions the experts will offer on those subjects.").

Some courts have also explained that a proper Rule 16(a)(1)(G) notice should contain at least enough information for the defendant to: (1) frame a *Daubert* or other motion *in limine*, (2) prepare for cross-examination, and (3) allow a counter-expert to meet the government's expert testimony. *United States v. Cerna*, 2010 U.S. Dist. LEXIS 62907 at *8 (Cal. N.D. 2010); *see also United States v. Davis*, 514 F.3d 596

(6th Cir. 2008)(expert disclosure insufficient because it lacked necessary information for defendant's own expert to "analyze the steps that led the government's chemists to their conclusions.").

Accordingly, courts have frequently held that cursory expert notices like the one presented by the government in this case is insufficient. *See, e.g., United States v. Garcia-Laguna*, 2016 U.S. App. LEXIS 2871 (4th Cir. 2016)(finding "viable argument that the government's short and summary notice failed to meet the requirements of Rule 16(a)(1)(G)" where notice simply stated that witness would "testify about drug trafficking investigations and methods utilized by drug traffickers to operate and protect their business."); *United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013)(expert notice insufficient where it merely stated "the conclusion [the expert had reached] and did not give the reasons for those opinions."); *United States v. Duvall*, 272 F.3d at 828 (expert notice insufficient where it simply stated: "[the witness] will identify code language, the manner in which methamphetamine is distributed, tools of the trade in the distribution of methamphetamine, street prices of methamphetamine, and the manner in which 'cut' is added to methamphetamine to increase the amount of profit in the methamphetamine business."); *United States v. Cerna*, 2010 U.S. Dist. LEXIS 62907 at * 18 (expert notice that witness "will testify regarding MS-13 tattoos, symbols, codes, colors and graffiti, and how they are used to communicate" is insufficient because it "did not provide any indication of [the witness's] actual opinions...much less any bases and reasons."); *United States v. Davis*, 514 F.3 596, 612 (government's letter stating that a chemist would testify "consistent with the laboratory report" is insufficient to satisfy Rule 16.); *United*

*States v. Peel*, 2014 U.S. Dist. LEXIS 150776 * 4-5 (expert notice that the witness "will help the jury identify and understand certain systematic acts of manipulation…the defendant used to influence a 16-year old child" is insufficient under Rule 16).

II. **The government's expert disclosure is deficient because it fails to set forth the reasons or bases for the opinions.**

In view of the foregoing cases, it is clear that the Government's "expert notice" in this case fails to comply with Rule 16(a)(1)(G). The disclosures for the two linguists at issue consist of just the following two paragraphs[3]:

> "Ms. D'Sa will be called as an expert witness regarding her English transcription of recordings during which defendants conversed in Spanish. Ms. D'Sa has served as a contract Spanish linguist monitor with the FBI since 2007. She has provided language related services to include translation, interpreting, monitoring, and quality control/compliance review. Ms. D'Sa will testify about the process by which she prepared and reviewed her transcriptions of the recordings.
>
> ***
>
> Ms. Portwine will be called as an expert witness regarding her English transcription of recordings during which defendants conversed in Spanish. Ms. Portwine has served as a contract Spanish linguist monitor with the FBI since 2009. She has provided language related services to include translation, interpreting, monitoring, and quality control/compliance review. Ms. Portwine will testify about the process by which she prepared and reviewed her transcriptions of the recordings.

Nowhere in the disclosure does the government state what sources of information the two linguists relied upon in creating their translations of the recorded phone calls. As noted, the transcripts themselves indicate that the

---

[3] Incidentally, the government's disclosures for all other experts likewise fail to set forth the "bases and reasons" for each expert's opinion. This motion, however, addresses only the two linguists: Ms. D'Sa and Ms. Portwine.

linguists at least relied on cooperators to establish the identity of the speakers.[4] However, it is highly probable that the linguists also relied on other sources of information. For example, the Jencks material reveals that the FBI handlers in this case frequently consulted an individual named "Lilly" during their investigation, a possible reference to Ms. Liliana Portwine. Likewise, Ms. D'Sa's CV states that she has previously "acted as the subject matter/cultural expert [Mexican and MS-13 lingo]." Both linguists could have been involved in the investigation of the case, and may have gained information over the course of that investigation, which they then applied to the translations.

The government's expert disclosure does not provide any of this information, and does not contain even the bare minimum needed for the defendant to frame a *Daubert* challenge or to prepare for cross-examination. In short, the expert notice fails to comply with Rule 16(a)(1)(G). This Court should accordingly hold that the government is precluded from introducing the proposed expert testimony, *see McLean*, 715 F.3d 129, 143. As an alternative to excluding the testimony, the Court should require the government to immediately produce a supplemental notice that sets forth the reasons and bases for the linguists' translations.

## CONCLUSION

For the foregoing reasons, Mr. Cruz respectfully asks the Court to grant the requested relief and exclude the linguists' testimony and the transcripts they created. Alternatively, Mr. Cruz asks the Court to order the Government to

---

[4] Each transcript contained a notation that identifying information was provided by a cooperating witness, though it does not mention which cooperating witness provided that identifying information.

immediately produce a new Rule 16(a)(1)(G) expert notice fully complies with the rule.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I certify that on March 25, 2016, a copy of the foregoing motion was filed through the Court's CM/ECF system, which automatically sends a notification of the filing to all parties.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com