2IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEDRO ANTHONY ROMERO CRUZ, | ) | Case Nos. 1:14-cr-00306-GBL-1 |
| JOSE LOPEZ TORRES, | ) | 1:14-cr-00306-GBL-2 |
| ALVIN GAITAN BENITEZ, | ) | 1:14-cr-00306-GBL-4 |
| CHRISTIAN LEMUS CERNA, | ) | 1:14-cr-00306-GBL-5 |
| OMAR DEJESUS CASTILLO, | ) | 1:14-cr-00306-GBL-6 |
| DOUGLAS DURAN CERRITOS, | ) | 1:14-cr-00306-GBL-7 |
| MANUEL ERNESTO PAIZ GUEVARA, | ) | 1:14-cr-00306-GBL-8 |
| JESUS ALEJANDRO CHAVEZ, | ) | 1:14-cr-00306-GBL-10 |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on various motions pending before the Court. Having reviewed the pleadings,

**IT IS HEREBY ORDERED** that Defendant Omar Dejesus Castillo's Motion to Compel Government Witness List (Doc. 795) and Omar Dejesus Castillo and Douglas Duran Cerritos's Motion to Compel Discovery (Doc. 790) are **DENIED**. The Court holds that in non-capital cases, a defendant is not entitled to a list of the Government's prospective witnesses. *United States v. Jones*, 469 Fed. App'x. 175, 180 (4th Cir. 2012); *United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973). The Government, however, has offered to inform defense counsel, each day of trial, of the witnesses the Government intends to call the next day. The Court hereby enters a Protective Order which precludes defense counsel from disclosing to their clients any information concerning the identities of the Government's witnesses. The Court further finds

that defense counsel are not entitled to the names of those individuals whose names are redacted in the FBI Form 302s that have been produced by the Government in this case;

**IT IS FURTHER ORDERED** that Defendant Jesus Alejandro Chavez's Motion to Strike Government Exhibits 21-A and 22A-1 (Doc. 776) is **DENIED**. As the Court has ruled in its previous Orders, the "the validity of the audio recordings, their transcription and translation, and the identities of the speakers on those recordings are factual issues reserved for trial." *See* September 18, 2015 Order at Doc. 489 and March 3, 2016 at Doc. 711;

**IT IS FURTHER ORDERED** that Defendant Pedro Anthony Romero Cruz, Omar Dejesus Castillo, and Christian Lemus Cerna's Motion in Limine to Exclude Expert Testimony, or in the alternative, for Supplemental Rule 16 Expert Notices (Doc. 797) is **DENIED**. The Court holds that the Government's expert disclosures for Ms. Sandra D'Sa and Ms. Liliana Portwine are sufficient under Federal Rule of Criminal Procedure 16(a)(1)(G). Defense counsel is welcome to cross-examine Ms. D'Sa and Ms. Portwine regarding the sources of information they relied on when transcribing the recorded phone calls. Defendants are permitted to call competent witnesses to offer the Defendant's own opinion of what is said in the recordings and offer alternate transcripts; and

**IT IS FURTHER ORDERED** that Defendant Anthony Romero Cruz's Motion in Limine to Exclude Evidence of Uncharged Sex Trafficking Crime (Doc. 779) is **DENIED**. The Government seeks to introduce evidence that Defendants Romero Cruz and Jaime Rosales Villegas planned to transport individuals from New York to Virginia for the purpose of engaging in prostitution in order to make money for the gang in order to prove the elements of the charged VICAR offenses. To establish a violation of 18 U.S.C. § 1959, the Government must prove: "(1) that the organization was a RICO enterprise, (2) that the enterprise was engaged in racketeering

activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence, and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise." *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994). The Government offers evidence of past violent offenses committed by MS-13 members, including certain defendants, narcotics offenses committed by four defendants, sex trafficking offenses committed by MS-13 members and two defendants, and evidence of gang affiliation. The Government offers this evidence to prove the existence of a racketeering enterprise, the enterprise's common purpose, the enterprise's engagement in racketeering activity, the defendants' positions in the enterprise, and the defendants' purpose in committing the charged crimes, which was to maintain or increase their positions in the enterprise.

Where the existence of a racketeering enterprise is at issue, "evidence of uncharged crimes committed by member of the enterprise, including evidence of uncharged crimes committed by the defendants themselves, is admissible to prove an essential element of the RICO crimes charged—the existence of a criminal enterprise in which the defendants participated." *United States v. Mejia*, 545 F.3d 179, 206 (2d Cir. 2008). The Government may also proffer evidence of other crimes to prove that the enterprise and its members in fact engaged in racketeering. *See Fiel*, 35 F.3d at 1003 (stating that to establish a § 1959 claim, the government must prove that "the enterprise was engaged in racketeering activity as defined in RICO"); *Mejia*, 545 F.3d at 206 (allowing evidence of prior acts when the evidence went to MS-13's involvement in narcotics trafficking, which was an element of the charged offenses). Evidence of other crimes may also be introduced to prove the defendant's own association with the racketeering enterprise and the defendant's general purpose of serving the enterprise by

committing the charged VICAR offense. *See Fiel*, 35 F.3d at 1003 (stating that to establish a § 1959 claim, the government must prove that the defendant had a position in the enterprise and that he committed the crime to maintain or increase his position in the enterprise).

The evidence that Defendants Romero Cruz and Rosales Villegas planned on transporting individuals from New York to Virginia for the purpose of engaging in prostitution in order to make money for the gang is admissible to prove the existence of a racketeering enterprise, namely MS-13, to prove the common purposes of the enterprise, to show associations within the enterprise, defendant's participation in the enterprise, and the enterprise's continuity during the timeframe of the charged VICAR offenses. Additionally, Federal Rule of Evidence 403 does not bar admission of the proffered evidence because the evidence's high probative value outweighs any danger of unfair prejudice. *See* Fed. R. Evid. 403. The proffered evidence is essential to prove the existence of the racketeering enterprise, the defendants' participation in the enterprise, and their participation in the racketeering acts. This probative value outweighs the risk of unfair prejudice because the proffered evidence is direct proof of an element of a charged offence. *See Fiel*, 35 F.3d at 1003 (outlining the elements of a § 1959 claim, including the existence of a RICO enterprise, the enterprise's engagement in racketeering activity, and the defendant's position in the enterprise). Thus, the Court denies Defendant's motion.

**IT IS SO ORDERED.**

ENTERED this 28th day of March, 2016.

Alexandria, Virginia
3/ 28 / 2016

/s/
Gerald Bruce Lee
United States District Judge