IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| PEDRO ANTHONY ROMERO CRUZ et al., ) | Case No. 1:14-CR-306-GBL |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ORDER

THIS MATTER is before the Court on Defendant Christian Lemus Cerna's ("Defendant Cerna") Motion for Reconsideration of this Court's March 17, 2016 Order. (Doc. 787).

The issue presented is whether the Court should reconsider its previous Order, (Doc. 768), granting the Government's Motion for Admission of Redacted Transcripts (Doc. 750) given that (1) this Court misstated the date Defendant lead an FBI Confidential Human Source ("CHS") to the grave site of Quintanilla Trujillo ("Trujillo") and Gerson Adoni Martinez Aguilar ("Aguilar") as May 15, *2015* and not the actual date of May 15, *2014*; (2) Defendant has pointed to various parts of the Government's proffered redacted transcripts that includes statements expressing Defendant Cerna's actions either before or after Trujillo's murder; (3) Defendant Cerna claims he was not given proper notice under 404(b) that the Government would attempt to introduce Defendant Cerna's conduct contained in the transcripts; and finally, (4) Defendant Cerna claims that the introduction of his conduct and statements in the transcript violates Federal Rule of Evidence 403. The Court addresses each question in turn.

First, this Court addresses the alleged timeline of events. This Court notes that in its March 17, 2016 Order, it mistakenly stated Defendant Cerna led the CHS to Trujillo and

Aguilar's graves on May 15, *2015* and not the correct date of May 15, *2014. See* (Doc. 768). However, while Defendant Cerna correctly points out the Court's mistake, this does not change the Court's analysis. The primary conclusion the Court sought to elicit in its March 17, 2016 Order, Doc. 768, was that the time period after Trujillo's murder and the Defendant Cerna's subsequent visit to Trujillo's gravesite with the CHS, is sufficient to show a difference between the Trujillo's *murder* and the visit to Trujillo's grave. In other words, as the Court stated in its previous Order, Defendant Cerna's ability to "lead a CHS to a grave site of Trujillo and Aguilar can indicate a variety of conclusions, *but does not necessarily infer the conclusion that Defendant Cerna actually murdered either Trujillo or Aguilar.*" Doc. 768 at 2 (emphasis added). This is true even if Defendant Cerna knew where Trujillo or Aguilar's gravesite was located, even a *short time* after their respective murders. Knowledge of a gravesite does not indicate guilt in the murder itself; rather it indicates that, as a member of the gang, Defendant Cerna was privy to such information. Thus, here, the fact that Defendant Cerna was able to lead a CHS to Trujillo and Aguilar's gravesite on May 14, 2014 – six weeks after Aguilar's March 29, 2014 murder and approximately seven months after Trujillo's October 7, 2013 murder—is admissible evidence that does not violate this Court's previous Order. Therefore, the Court DENIES Defendant's Motion for Reconsideration (Doc. 787).

Second, this Court addresses Defendant Cerna's allegation that there remains statements in the Government's proposed transcript that exceed the scope of the Court's Order. The three excerpts stated in Defendant Cerna's Motion for Reconsideration, Doc. 787, are all redacted in the Government's proposed redacted transcripts. Thus, there is no need for the Court to address the admissibility of such excerpts.

Defendant Cerna also alleges that there are various additional statements in the Government's proposed redacted transcripts that exceed the Court's previous Orders. *See* Doc. 780, 787 & 791. However, Defendant Cerna does not direct the Court to the location of such statements within the transcript nor provide context for such statements. *Id.* Without such specificity the Court cannot assess which statements Defendant Cerna seeks to address nor whether such statements should be excluded. In light of this, the Court refrains from ruling on those particular statements.

Third, this Court addresses Defendant Cerna's Federal Rule of Evidence 404(b) objection. The Court finds that, because Defendant Cerna was provided both the actual recordings and the English transcripts of the recordings at issue, the transcripts were provided in accordance with Federal Rule of Evidence 404(b).

Fourth and finally, this Court addresses Defendant Cerna's Federal Rule of Evidence 403 objection. Here again, Defendant alleges that various statements throughout the transcript violate Federal Rule of Evidence 403 but does include all statements it refers to, does not cite where in the transcript the statements are located, or the context for such statements. *See* Doc. 787 & 791. Without these details the Court cannot assess what all of the statements are, that they are located in the transcript, or whether or not they actually violate Federal Rule of Evidence 403. Thus, the Court refrains from ruling on this part of Defendant Cerna's motion.

In light of the foregoing, the Court DENIES Defendant's Motion for Reconsideration (Doc. 787), without prejudice. It is hereby

3

**ORDERED** that Defendant Christian Lemus Cerna's ("Defendant Cerna") Motion for Reconsideration of this Court's March 17, 2016 Order (Doc. 787) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

**ENTERED** this 28th day of March, 2016.

Alexandria, Virginia
03 /28 / 16

/s/
Gerald Bruce Lee
United States District Judge

4