IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES | ) |
| v. | ) Criminal No. 1:14cr306-GBL |
| PEDRO ROMERO CRUZ, et al. | ) |

DECLARATION

In response to inquiries from the Honorable Gerald Bruce Lee, United States District Judge, I, Gerald Roberts, Federal Bureau of Investigation Special Agent in Charge, hereby declare as follows:

The Federal Bureau of Investigation's (FBI) Foreign Language Program (FLP) Policies are defined in the Foreign Language Program Policy Directive and Policy Guide (FLPGG), Manual of Standards for Translation (MST) and the Foreign Language Program SuperPages site. FBI's FLP serves as the authority for all foreign language and culture-related matters in the FBI, supporting the FBI's mission by providing quality language services to the FBI and the intelligence and law enforcement communities. The FLP is administered by the Directorate of Intelligence's (DI) Language Service Section (LSS), the Section Chief of which serves as the FBI's senior language authority (SLA). The MST creates units of study and other tools for ongoing standardization of translation. Language Quality Standards Unit (LQSU) also provides electronic updates in the application of the standards of translation through e-mails and regular MST Intranet site updates. The MST is an electronic manual. The program also incorporates the products of the National Language Boards (NLBs) into the MST or in community of practice Web pages. The FLP SuperPages site is a central repository used as a companion to the FLPGG which contains tools and links to help guide Supervisors.

The definition of a Contract Linguists (CLs) and Language Analysts (LAs) is defined and outlined in 3.5.1 of the FLPGG. It states LAs and CLs, in support of the FBI investigative and intelligence missions, provide Audio-to-Document translations and Document-to-Document translations of foreign language material, in both verbatim and summary formats. CLs and LAs also provide Interpretation services for interviews and interrogations, as well as, analysis and subject matter expertise regarding translated material. CLs and LAs provide court testimony as to the accuracy of information translated in support of investigations. CLs and LAs also provide Language Quality (LQs) standards review of translation and inspection of reviews pursuant to appropriate training and certification.

The definition of a Foreign Language Monitor Analyst (FLMAs) and Contract Language Monitor (CLM) is defined and outlined in 3.5.2 of the FLPGG. It states FLMAs and CLMs, in support of the FBI investigative and intelligence mission, provide Audio-to-document summary translations and document to document summary translations of foreign language material. FLMAs and CLMs also provide analysis and subject matter expertise regarding translated material, as well as, LQ standards review for translations pursuant

to appropriate training and certification. FLMAs and CLMs usually do not provide verbatim or otherwise final translations and generally do not testify in court regarding verbatim translations.

According to the MST, verbatim translations are translated as meaning for meaning, not word for word. In most cases a translation that literally follows the original source language word for word is awkward or incomprehensible in the target language. Care must be taken when translating idiomatic expressions, proverbs, slang terms and profanity. Literal translations almost always fail to convey the intended meaning of the original. Code words, however, are translated literally. It is up to the agent or CHS to explain their meaning in court. The linguist may provide an explanation of the term in a translator note, however, if it is permitted by case-specific instructions. A verbatim translation should include everything in the source material, unless it was specifically instructed to leave out certain sections. If a section was requested to be omitted, the linguist should include an explanation in a translator's note on the cover page, noting that a certain section has not been translated per case-specific instructions.

The Test Assessment Process and Procedures is defined and outlined in 4.17.1 of the FLPGG. It states The numerical scores used by Language Testing and Assessment Unit (LTAU)'s technical personnel refer to the Interagency Language Roundtable (ILR) Skill Level Descriptions (SLD) for the various language skills. Since 1985, the SLDs have served as the official, government wide standard for measuring linguistic abilities. The descriptions detail the tasks that can be performed in a language on levels ranging from 0 to 5, with 0 representing no ability and 5 indicating and overall ability to perform all language tasks successfully. There is a separate set of ILR SLDs for each of the following: speaking, listening, reading, writing, translation performance, interpretation performance and audio translation performance.

The MST outlines the procedures for operational reviews. An operational review is a check of any material produced by Foreign Language Program personnel, from any source gene, to ensure accuracy, consistency of style and format, as well as, clarity and completeness of content. Operational reviews must occur for all translations from English into the foreign language except translations by linguist to support Legal Attaché offices; all translations from foreign language into English disseminated as public source material outside the FBI; all summaries, transcripts and translations being submitted as part of any court proceeding; all verbatim translations produced by Monitors (as approved by the appropriate national Program Manager in the Language Service Translation Center). When preparing documents for court, the reviewer may be the testifying linguist. When this is the case, the reviewer makes the changes and is said to "own" the final product.

According to the SuperPages, FLMA and CLMs are certified to do audio and document translation summaries, transcriptions, and interpreting as needed. FLMAs and CLMs should only be assigned verbatim translations when there are operational demands that require a verbatim translation and a LA or a CL of that particular language is not available. In this case, the use of an FLMA or CLM for verbatim translations must be approved by the Language Services Translation Center Foreign Language Program Manager over that language. All such verbatim translations performed by FLMAs or CLMs are to be reviewed by a Language Analyst or a Contract Linguist as soon as possible.

Based on working this case for more than 2 years and their knowledge of the subject matter, Sandra D'Sa, Liliana Portwine and Vania Vargas were given waivers to allow them to complete verbatim translations. The waiver was authorized on 1 May 2015 by the National Program Manager (NPM) Inayah F. Zaman. FBI policies allow CLMs to complete verbatim translations and testify in court. The three CLMs were chosen to work on this investigation due to their extensive knowledge, background and understanding of the lingo, slang and language used by the MS-13 gangs.  With the assistance of LA Juan O. Ramos and CL Ramon Aguilar who provided spot checks, the three CLMs were able to successfully conduct operational reviews of the documents for this case. Based on all of the above, these linguists are best suited to provide accurate translations from Spanish into English.

 The following linguists were requested to testify in court:

Vania Vargas, CLM

   1. EOD as a contractor: 5/21/2007
   2. Date(s) she received a waiver to permit her to do verbatim translations on 1 May 2015 by Program Manager (PM) Inayah F. Zaman, LSS, TDUIII.
   3. Vania has never testified before.
   4. LQ results for the last 2 years: Satisfactory

Sandra D'Sa, CLM

   1. EOD as a contractor: 9/7/2007
   2. Date(s) she received a waiver to permit her to do verbatim translations on 1 May 2015 by Program Manager (PM) Inayah F. Zaman, LSS, TDUIII.
   3. CLM D'SA has never testified before.
   4. LQ results for the last 2 years: Satisfactory

Liliana Portwine, CLM

   1. EOD as a contractor: 7/1/2009
   2. Date(s) she received a waiver to permit her to do verbatim translations on 1 May 2015 by Program Manager (PM) Inayah F. Zaman, LSS, TDUIII.
   3. CLM Portwine has never testified before.
   4. LQ results for the last 2 years: Satisfactory

Ramon Aguilar, CL

   1. EOD as a contractor: 5/6/2010
   2. CL Aguilar does not need a waiver to produce a verbatim translation.
   3. CL Aguilar has never testified before.
   4. LQ results for the last 2 years: Satisfactory

Juan Orlando Ramos, LA

1. EOD as an employee: 9/22/1991
2. LA Ramos does not need a waiver to produce a verbatim translation.
3. LA Ramos has never testified before.
4. LQ results for the last 2 years: Satisfactory

Gerald Roberts
Special Agent in Charge
Federal Bureau of Investigation