IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LOPEZ TORRES, | ) | Case Nos. 1:14-cr-00306-GBL-2 |
| ALVIN GAITAN BENITEZ, | ) | 1:14-cr-00306-GBL-4 |
| CHRISTIAN LEMUS CERNA, | ) | 1:14-cr-00306-GBL-5 |
| OMAR DEJESUS CASTILLO, | ) | 1:14-cr-00306-GBL-6 |
| DOUGLAS DURAN CERRITOS, | ) | 1:14-cr-00306-GBL-7 |
| MANUEL ERNESTO PAIZ GUEVARA, | ) | 1:14-cr-00306-GBL-8 |
| JESUS ALEJANDRO CHAVEZ, | ) | 1:14-cr-00306-GBL-10 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

THIS MATTER is before the Court on Defendant Douglas Duran Cerritos's ("Defendant" or "Mr. Cerritos") oral motion for mistrial. In support of his motion, Defendant cites three instances in which he was referenced as having been involved in Count Four of the Third Superseding Indictment, Murder in Aid of Racketeering, Va. Code Ann. §§ 18.2-32 and 18.2-18 ("Indictment") (Doc. 287). Count Four relates to the murder of Nelson Omar Quintanilla Trujillo ("Trujillo") allegedly committed by Defendant and other co-defendants. On March 29, 2016 before the start of trial, the Government orally moved to dismiss Count Four of the Indictment as against Mr. Cerritos. The Court granted the Government's motion and entered an order directing the Government and its witnesses to refer to Mr. Cerritos as "Homeboy #1" so as to avoid prejudice (Doc. 811).

The first instance occurred on the first day of trial March 30, 2016, when the Court, in its preliminary instructions, instructed the jury that Defendant was charged under Count Four of the

Indictment. At the close of the Court's preliminary instructions, it advised the jury that Defendant was "no longer charged"[1] in Count Four.

The second instance occurred on April 5, 2016 during direct examination of cooperating co-defendant Jaime Rosales Villegas. During the Government's direct examination of Mr. Villegas, he referred to Defendant as "Homeboy #1" with respect to Count Six of the Indictment.[2] The Court denied Defendant's oral motion for mistrial, but ruled that Defendant shall be referred to as Homeboy #3 so as to prevent prejudice to Defendant and confusion among jurors.

The third incident occurred on April 11, 2016 during the direct examination of confidential human source Jose Roberto Aparicio-Garcia, a.k.a "Junior." Before Mr. Garcia took the stand, the Court recessed for twenty minutes so that the Government could instruct Mr. Garcia as to the Court's previous rulings concerning identifying Mr. Cerritos as "Homeboy #3" in relation to Count Four. Despite this instruction, Mr. Garcia inadvertently referred to Defendant by his pseudonym, "Homeboy #3," in relation to Count Six.

The issue before the Court is whether the Court should grant the Defendant's third motion for mistrial where there have been three references to Defendant's participation in the murder of Trujillo, Count Four of the Indictment, which has been dismissed as to him.

The decision to declare a mistrial rests within the trial court's discretion. *United States v. Blake*, 571 F.3d 331, 346 (4th Cir. 2009). Federal Rule of Criminal Procedure 26.3 states that "[b]efore ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or

---

[1] The Court's inadvertent statement "no longer charged" may create a prejudicial inference that Mr. Cerritos was previously charged under Count Four.

[2] The parties agree that Mr. Cerritos can be identified by name and alias in Count Six.

objects, and to suggest alternatives." The Court finds that the severance and mistrial of Defendant is unavoidable. The Court and the Government have made numerous attempts to avoid prejudice to Defendant by: (1) assigning Defendant the pseudonym of "Homeboy #1" after the Court granted the Government's motion to dismiss; (2) giving the jury a curative preliminary instruction regarding Defendant's non-participation in Count Four of the Indictment; and (3) assigning Defendant the pseudonym "Homeboy #3" after Mr. Villegas referenced Defendant's participation in Court Four.

Furthermore, throughout the trial the jurors have taken notes on notepads furnished by the Court, and each juror has their own copy of the transcribed phone calls with the speakers' names and aliases identified on the cover sheet. It would not be a great leap for the jurors to make the inference that Mr. Cerritos is "Homeboy #1" and "Homeboy #3," and thus participated in the murder of Trujillo.

Despite the Court's preliminary instruction advising the jurors to consider each count separately, the fact that there have already been three references to Defendant's participation in Count Four, the Court has issued a curative instruction, and the Court has assigned two different pseudonyms, these efforts have failed. Any attempt to issue an additional curative instruction would only further complicate the matter at hand and would not "unring the bell."

Having considered arguments from all parties and giving due consideration to practical alternatives, the Court finds severance and mistrial of Defendant necessary to avoid further prejudice. *See Gilliam v. Foster*, 61 F.3d 1070, 1080 (4th Cir. 1995) (holding abuse of discretion because judge declared mistrial without considering alternatives, such as a curative jury instruction).

The Court notes that its grant of Defendant's motion for mistrial does not implicate double jeopardy concerns because defense counsel moved for mistrial. *See United States v. Mosteller*, 741 F.3d 503, 509 & n.9 (4th Cir. 2014) (retrial not barred because defendant requested mistrial). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Douglas Duran Cerritos's oral motion for mistrial is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant Douglas Duran Cerritos's case be severed and assigned to a new judge for trial. The new judge is not bound by any of this Court's pretrial rulings.

**IT IS SO ORDERED.**

ENTERED this 12th day of April, 2016.

Alexandria, Virginia
4/ 12 / 2016

/s/
Gerald Bruce Lee
United States District Judge