MODIFIED INSTRUCTIONS – PER GBL



GBL modified instructions

## JURY INSTRUCTION No. –JOINT #26

### Credibility of witnesses-Accomplice

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime. JAIME ROSALES VILLEGAS (a/k/a Demente, a/k/a Lil Demente), JUAN CARLOS MARQUEZ AYALA (a/k/a Skinny), ARAELY SANTIAGO VILLANUEVA (a/k/a Slow, a/k/a Lil Slow, a/k/a Spider), JOSE DEL CID (a/k/a/ Duende, a/k/a Gabriel Cabrera), and GENARO SEN GARCIA (a/k/a Gatuso) may be considered to be alleged accomplices in this case. The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person, including the Defendants charged in the indictment. The jury must determine whether the testimony of the alleged accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, 15:04 (6th ed. 2008))

Osmin Alfaro-Fuentes a/k/a "Duro"

given as m[odified]
GL 4/28/2[0]

1

*[handwritten: GIVE 8a 4/27/16]*

*[handwritten sticky note: GBL Original instr.]*

**JURY INSTRUCTION No. –JOINT #26**

**Credibility of witnesses-Accomplice**

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person, including the Defendants charged in the indictment.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

*[handwritten: Add in separate JAC #7 Testimony "The govt in A h by an accomplice called 9 witness]*

(1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, 15:04 (6th ed. 2008))

MODIFIED INSTRUCTIONS – PER GBL

*given 4/28/16*

## JURY INSTRUCTION No. ___GOVT A

### Typewritten transcripts in English of recorded conversations in foreign language

During the trial, Spanish language recordings and English transcripts of those recordings were admitted in evidence. You were provided English transcripts of the recordings so you could consider the contents of the recordings.

It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge you may have of the Spanish language. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

<u>You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers, is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript. You should also use your own examination of the transcript, in relation to your hearing of the tape recording itself, ~~as~~ the ~~primary~~ evidence of its own contents. You should give the transcript whatever weight you determine it deserves, if any.</u>

[If during your deliberations you want to have a tape recording or video recording played, let the Court know by a note] and we will reconvene and play the video or audio recording here in open court in the presence of all the parties.

Counsel for Omar Castillo objects to the unbracket portion of the instruction. Kuantell by Katherine Martell

2

Case 1:14-cr-00306-LO   Document 896   Filed 04/28/16   Page 4 of 20 PageID# 5840

MODIFIED INSTRUCTIONS – PER GBL

*[handwritten: 4/28/16]*

## JURY INSTRUCTION No. _A1

### Additional Transcript Instruction

You have heard interpretations of transcripts in court. There were times interpretations of the transcripts were challenged. ~~You are to determine if the interpretation was correct, in whole or in part, by weighing the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case.~~ You may consider the translator's initial interpretation as well as the reinterpretation based on a fellow translator's coaching. *[handwritten: interpret / interpreter]*

The issue of the accuracy of the interpretation is an issue of fact for your judgment. ~~You are not required to blindly accept the interpretation of the translator; rather~~ you should consider all the evidence in the case, to determine the reasonableness of the interpretation yourself.

*[handwritten at bottom: Objection by Omar Castillo — overruled]*

3

MODIFIED INSTRUCTIONS – PER GBL

## JURY INSTRUCTION No. _D1

### Coconspirators/Accomplices

Members of the jury, you will observe in Counts 1, 2, 4, 6, and 7 [or 1] of the Third Superseding Indictment numerous alleged members of MS13 are referred to ~~being a part of a conspiracy to commit a particular crime~~ *are charged w/ particular crimes* as alleged coconspirators or ~~accomplices~~ [aiders and abettors]. However, you are to evaluate each Defendant and the specific offense charged to him in the Third Superseding Indictment. You will need to refer to the verdict form for each Defendant to ascertain which Defendant is charged with which offense is set forth in the Third Superseding Indictment.

[handwritten annotations: "are charged w/wk particular crimes for or a)" "give" "8/2" "4/20/16"]

4

MODIFIED INSTRUCTIONS – PER GBL

## JURY INSTRUCTION No. _G1

### "Racketeering activity" defined—Counts One, Two, Four, Six, and Seven

The second element of the charges in Counts One, Two, Four, Six, and Seven requires the government to prove beyond a reasonable doubt that the enterprise was engaged in racketeering activity on or around the time charged in the indictment. The RICO—or Racketeer Influenced and Corrupt Organizations—statute, Title 18 of the United States Code, Section 1961, defines the term "racketeering activity" to mean the commission of certain crimes, including murder, attempted murder, and conspiracy to commit murder in violation of the laws of the Commonwealth of Virginia, and sex trafficking and drug trafficking in violation of federal law.

It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning.

[Remaining part of Govt Proposed Instruction G omitted]

*Given*
*[signature]*
*4/28/16*

MODIFIED INSTRUCTIONS – PER GBL

JURY INSTRUCTION No. __G2

*Given 8/4 4/28/16*

## Murder defined—Counts One, Two, Four, Six, and Seven

[Previous Part of Govt Proposed Instruction G omittd]

In order for murder in violation of Virginia law to be considered a racketeering act, the government must prove to you beyond a reasonable doubt that the enterprise, through its members, committed, attempted, or conspired to commit murder. Section 18.2-32 of Virginia Code defines murder to include first-degree and second-degree murder. You may find that MS-13 engaged in racketeering activity if you find beyond a reasonable doubt that the enterprise engaged in first-degree *or* second-degree murder.

Section 18.2-32 of the Virginia Code defines first-degree murder to include any "willful, deliberate, and premeditated killing." To prove first-degree murder, the government must establish beyond a reasonable doubt: (1) that the perpetrator killed a person; (2) that the killing was malicious; and (3) that the killing was willful, deliberate, and premeditated.

"Willful, deliberate, and premeditated" means a specific intent to kill, adopted at some time before the killing, but which need not exist for any particular length of time. An intent to kill may be formed only a moment before the fatal act is committed provided the perpetrator had time to think and did intend to kill.

To prove second-degree murder, defined by Section 18.2-32 of Virginia Code, the government must establish beyond a reasonable doubt: (1) that the perpetrator killed a person; and (2) that the killing was malicious. Once the government has proved that there was an unlawful killing, you are entitled to infer that there was malice and that the act was murder in the second degree unless, from all the evidence, there is reasonable doubt as to whether malice existed.

An *attempt* to commit either first-degree or second-degree murder also constitutes a racketeering act. To prove attempt under Virginia law, the government must prove that the perpetrator intended to commit a crime, and took a direct act toward the commission of that crime. The intent required to be proved in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged. In determining whether the intent has been proved, you may consider the conduct of the person involved and all the circumstances revealed by the evidence.

The direct act required to be proved in an attempted crime is an act which shows a present intention to commit the crime. The act need not be the last act prior to the actual commission of the crime, but it must be more than mere preparation. It is not a defense to attempted murder that a perpetrator voluntarily withdrew before actually committing the murder or that some other person or thing prevented the murder from being committed.

Like attempt to commit murder, conspiracy to commit murder also constitutes a racketeering act. To prove conspiracy to commit murder in violation of Virginia law, the government must prove: (1) that the perpetrator entered into an agreement with one or more other persons; (2) that the agreement was that they were to commit murder; and (3) that both the perpetrator and at least one other party to the agreement intended to commit murder.

The existence of an agreement may be inferred from the actions or conduct of the parties. It is not necessary that the perpetrator actually commit murder or attempt to commit murder to be guilty of the crime of conspiracy. Withdrawal from the agreement or change of mind is no defense to the crime of conspiracy.

MODIFIED INSTRUCTIONS – PER GBL

In addition to the crimes charged in Counts One, Two, Four, Six, and Seven of the indictment, the government has presented evidence to prove that the following constitutes a racketeering act of murder: the murder of a juvenile male by Osmin Alfaro-Fuentes on or about May 16, 2004.

If you find beyond a reasonable doubt that MS-13, through its members, engaged in any of the above described acts or threats constituting murder, attempted murder, or conspiracy to commit murder under Virginia law, as I have just defined those crimes, then you may find this racketeering act established.

The government does not allege, and no evidence has been introduced to suggest, that the defendants participated in the murder of the juvenile male on or about May 16, 2004. Rather, the government has offered this evidence to prove that the alleged enterprise, MS-13, was engaged in racketeering activity. You may only consider this particular act of murder as evidence of MS-13's having engaged in racketeering activity. You may not consider such crimes as proof in any way of the particular crimes charged in Counts One through Nine of the indictment.

*[handwritten annotation: testified by Osmin Alfaro Fuentes (a/k/a "Bubo")]*

*Narcotics trafficking*

Racketeering activity also includes the felonious buying, selling, or otherwise dealing of a controlled substance. Distribution or possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), constitutes racketeering activity. Cocaine, marijuana, heroin, and methamphetamine are controlled substances. If you find beyond a reasonable doubt that MS-13, through its members, engaged in the trafficking of a controlled substance, as I have just defined that crime, then you may find this racketeering act established.

The government has offered evidence of narcotics trafficking to prove that the enterprise, MS-13, was engaged in racketeering activity and to prove that the enterprise engaged in or had an effect on interstate commerce. Drug dealing is an inherently economic enterprise that affects interstate commerce. You may consider the government's evidence of narcotics trafficking for these purposes only. You may not consider such crimes as proof in any way of the particular crimes charged in Counts One through Nine of the indictment.

*Sex trafficking*

Racketeering activity also includes any act in violation of Tile 18, United States Code, Sections 2421 and 2422 relating to transportation for illegal sexual activity. Section 2421 prohibits knowingly transporting any individual in interstate or foreign commerce, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. Section 2422 prohibits knowingly persuading, inducing, enticing, or coercing any individual to travel in interstate or foreign commerce, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. If you find beyond a reasonable doubt that MS-13, through its members, engaged in violations of Title 18, United States Code, Section 2421 or 2422, then you may find this racketeering act established.

MODIFIED INSTRUCTIONS – PER GBL

The government has offered evidence of sex trafficking crimes to prove that the enterprise, MS-13, was engaged in racketeering activity and to prove that the enterprise engaged in or had an effect on interstate commerce. You may only consider the government's evidence of sex trafficking for these purposes only. You may not consider such crimes as proof in any way of the particular crimes charged in Counts One through Nine of the indictment.
[Statements regarding "malice" omitted from Govt Proposed Instruction G]

MODIFIED INSTRUCTIONS – PER GBL

## JURY INSTRUCTION No. _G3

### Malice Defined

[Derived from Govt Proposed Instruction G]

"Malice" is that state of mind which results in the intentional doing of a wrongful act to another without legal excuse or justification, at a time when the mind of the actor is under the control of reason. Malice may result from any unlawful or unjustifiable motive including anger, hatred or revenge. Malice may be inferred from any deliberate, willful, and cruel act against another, however sudden.

"Malice" may be express or implied. Express malice is evidenced when one kills another with a sedate, deliberate mind and formed design. Implied malice exists when any purposeful, cruel act is committed by one individual against another without any, or without great provocation. [Omitted the phrase: "You may infer malice from the perpetrator's wanton and reckless indifference to human life."]

[Created a separate instruction with the phrase: "You may infer malice from the deliberate use of a deadly weapon unless, from all the evidence, you have a reasonable doubt as to whether malice existed. A "deadly weapon" is any object or instrument, not part of the human body, that is likely to cause death or great bodily injury because of the manner and under the circumstances in which it is used."]

MODIFIED INSTRUCTIONS – PER GBL

give 4/24/16

## JURY INSTRUCTION No. – GOVT H

### Position in the racketeering enterprise—Counts One, Two, Four, Six, and Seven

  The third element of the charges in Counts One, Two, Four, Six, and Seven requires the government to prove beyond a reasonable doubt that the defendant held a position in the racketeering enterprise.

  "Position" is to be given its ordinary meaning, and is not limited to the meaning the enterprise itself may have used. For example, you have heard testimony that there are certain requirements to becoming a member of La Mara Salvatrucha, or MS-13. It is not necessary, under the statute, for a defendant to have been made a member of Mara Salvatrucha, or MS-13, or to have aspired for membership. Rather, it is sufficient to find a defendant had a position in the enterprise if you find that he knowingly and willfully associated himself with the enterprise. Association includes conduct that the individual participated in the conduct or enterprise, even though he had not been made a member of the gang.

  That is, he must be connected to the enterprise in some meaningful way and have knowledge of the existence of the enterprise through a general awareness of some of its purposes, activities, and personnel.

  A defendant need not have been associated with the enterprise for the entire period of its existence, but a defendant must have been associated with the enterprise at the time he committed the crime charged.

MODIFIED INSTRUCTIONS – PER GBL

*[handwritten: give gen 4/24/16]*

### JURY INSTRUCTION No. –GOVT K

### Aiding and abetting explained—Counts Two, Three, Four, Six, and Seven

Counts Two, Three, Four, Six, and Seven of the indictment charge defendants with "aiding and abetting" the offenses charged within those counts.

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

To sustain its burden of proof against a defendant for aiding and abetting the commission of a crime, the government must prove beyond a reasonable doubt:

One: That the defendant knew that the crime charged was to be committed or was being committed;

Two: That the defendant knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime; and

Three: That the defendant acted with the intention of causing the crime charged to be committed.

Under the aiding and abetting statute, it is not necessary for the Government to show that ~~that~~ a defendant himself physically committed the crime with which he is charged in order for the Government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a Defendant guilty of Counts Two, Three, Four, Six, or Seven if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the Defendant is charged, and the Defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged in of Counts Two, Three, Four, Six, or Seven of the Indictment. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

11

MODIFIED INSTRUCTIONS – PER GBL

    In order to aid and abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

    To establish that the Defendant participated in the commission of the crime, the Government must prove that he engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crimes charged in the Third Superseding Indictment.

    The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

    To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

    Did he participate in the crime charged as something he wished to bring about?

    Did he knowingly associate himself with the criminal venture?

    Did he seek by his actions to make the criminal venture succeed?

    If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no", then the defendant is not an aider and abettor, and you must find him not guilty.

MODIFIED INSTRUCTIONS – PER GBL

*give 4/24/16 gm*

### JURY INSTRUCTION No. – GOVT P

Count Six charges defendants OMAR DEJESUS CASTILLO, a/k/a "Lil Payaso," a/k/a "Lil Slow," ALVIN GAITAN BENITEZ, a/k/a "Pesadilla," a/k/a "Lil Pesadilla," a/k/a "Lil Tuner," a/k/a "Tooner," a/k/a "Lil Tunnel," CHRISTIAN LEMUS CERNA, a/k/a "Leopardo," a/k/a "Guepardo," a/k/a "Gatito," a/k/a "Bago," a/k/a "Vago," a/k/a "Christian Josue Lemus Alfaro," and MANUEL ERNESTO PAIZ GUEVARA, a/k/a "Solitario," a/k/a "Colita," with a violent crime, that is, murder in aid of racketeering.

To sustain its burden of proof against a defendant for this crime, the government must prove the following essential elements beyond a reasonable doubt:

One: That, on or about the date charged in Count Six of the indictment, an enterprise engaged in, or the activities of which affect, interstate or foreign commerce existed;

Two: That the enterprise was engaged in racketeering activity;

Three: That the defendant had a position in the enterprise;

Four: That the defendant knowingly and unlawfully murdered, or <u>aided and abetted</u> the murder of, Gerson Adoni Martinez Aguilar; and

Five: That one of the defendant's purposes in doing so was to *[gain enhance/who or]* maintain or increase his position in the enterprise.

As I mentioned before, the first, second, third, and fifth elements of this count are also elements of the racketeering charges in Counts One, Two, Four, and Seven. My prior instructions regarding these four elements apply to all five of these counts, including the present count. My prior instructions regarding the definition of murder under Virginia law and the federal law of aiding and abetting also apply to the fourth element of the present count.

<u>If you find from the evidence that the government has proved beyond a reasonable doubt, with respect to any defendant, each of the above elements, then you shall find that defendant guilty of murder in aid of racketeering.</u>
<u>With respect to each individual defendant in Count Six, if you find that the government has failed to prove beyond a reasonable doubt any one or more of the above elements of the crime, then you shall find the defendant not guilty of murder in the aid of racketeering (Counts Four, Six and Seven).</u>

*US v Tipton 90 F.3d 861 at 891*

*US v Fiel 35 F.3d 997, 1003 4th Cir*

13

MODIFIED INSTRUCTIONS – PER GBL

## JURY INSTRUCTION No. –GOVT V

### Evidence of Prior Conviction

*given sd 4/24/16*

[Omitted the phrase: "I previously instructed you that evidence of a defendant's previous conviction of a crime may be considered by the jury only insofar as it may affect the credibility of the defendant as a witness and must never be considered as any evidence of his guilt of the crime for which the defendant is now on trial. A limited exception to this rule applies with respect to Count Nine of the indictment."]

You have heard evidence that the defendant JESUS ALEJANDRO CHAVEZ, a/k/a "Chuy," a/k/a "Taliban," a/k/a "Taliman," was previously convicted in the Commonwealth of Virginia of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment. You may not consider this prior conviction in deciding whether the defendant was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed the crimes charged in the indictment, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

In addition, as I instructed you during trial, you may consider evidence of this defendant's prior conviction as proof of the defendant's motive, intent, and/or identity with respect to the crimes for which he is charged in Counts Seven, Eight, and Nine.

14

MODIFIED INSTRUCTIONS – PER GBL

### JURY INSTRUCTION No. – JAC #5

### A Defendant's decision not to testify

*given 8/*
*4/29/16*

[Omitted the phrase: "The defendant chose not to testify in this case."]

Under our constitution, a defendant has no obligation to testify or to present any other evidence because it is the <u>Government's burden to prove</u> a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand, and you may not consider this against the defendant in any way in your deliberations in the jury room.

MODIFIED INSTRUCTIONS – PER GBL

*[handwritten: of one or more]*

## JURY INSTRUCTION No. ---JAC #9

### Identity of Defendant

*[handwritten: given on 4/28/16]*

[Omitted the phrase: "One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime."]

The identity of the Defendant is at issue in this case. The government has the burden of proving identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his identification of the defendant. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.

You have heard the arguments of counsel on this subject, and I will not repeat them all here. I will only suggest to you that you should consider the following matters: Did the witness have the ability to see the offender at the time of the offense? Has the witness' identification of the defendant as the offender been influenced in any other way? Has his identification been unfairly suggested by events that occurred since the time of the offense? Is his recollection accurate?

In addition, you should consider the credibility of the identification witness just as you would any other witness.

Let me repeat, the burden is on the prosecution to prove every element of the crime charged, including the identity of the defendant as the offender. Therefore, if, after examining all the evidence, you find that a crime was committed, but you have a reasonable doubt about whether it was the defendant who committed that crime, you must find him not guilty.

MODIFIED INSTRUCTIONS – PER GBL

## JURY INSTRUCTION No. --MPG #5

### CIRCUMSTANTIAL EVIDENCE

It is not necessary that each element of the alleged Virginia murder offenses (Counts One, Two, Four, Six, and Seven) be proved by direct evidence, for an element may also be proved by circumstantial evidence. You may convict a defendant on circumstantial evidence alone, or on circumstantial evidence combined with other evidence, if you believe from all the evidence that a defendant is guilty beyond a reasonable doubt.

When the government relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the circumstances proved create a suspicion of guilt, however strong, or even a probability of guilt.

The evidence as a whole must exclude every reasonable theory of innocence.