IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

        v.

PEDRO ANTHONY ROMERO CRUZ,
JOSE LOPEZ TORRES,
JUAN CARLOS MARCOS AYALA,        No. 1:14-CR-306 - GBL
JAIME ROSALES VILLEGAS,
ALVIN GAITAN BENITEZ,
CHRISTIAN LEMUS CERNA,
ARAELY SANTIAGO VILLANUEVA,
OMAR DEJESUS CASTILLO,
DOUGLAS DURAN CERRITOS,
**MANUEL ERNESTO PAIZ GUEVARA**,
GENARO SEN GARCIA,
OSE DEL CID,
JESUS ALEJANDRO CHAVEZ,
        Defendants

## MANUEL ERNESTO PAIZ GUEVARA'S
## OBJECTION COURT'S PROPOSED ANSWER TO JURY QUESTION
## AND DEMAND FOR SUPPEMENTAL CLOSING ARGUMENTS AND
## OTHRE RELIEF IN THE EVENT THAT ANY ADDITIONAL
## DEFINITIONS ARE PROVIDED TO THE JURY

Manuel Ernesto Paiz Guevara, by counsel W. Michael Chick, Jr., hereby objects to the Court's proposed answers to the pending jury question. The following is a very brief background of the circumstances:

1. Counsel for Mr. Paiz Guevara requested an instruction regarding heat of passion (Offered as Proposed Jury Instruction No. MPG-7);

2. The government objected to our proposed instruction, which was a Virginia model instruction, specifically noting its position that it was not the victim of the crime who provoked the defendant's heat of passion.

3. The government *did not* request or propose inserting any language of its position into our proposed heat of passion instruction; rather, the Government outright objected to our entire Proposed Jury Instruction No. MPG-7, which is the only offered instruction that discussed heat of passion.

The government further *did not* object to the Court's given instructions defining malice (including Instruction No. 22 which among other things uses the word provocation, but *not* regarding heat of passion,). That is, after more than ample opportunity to review the instructions, the government *never* requested that the term "provocation" as it appeared in Instruction No. 22 be defined as anything other than its ordinary and plain meaning. Instruction No. 22 as given, states in relevant part that:

> "Malice" may be express or implied. Express malice is evidenced when one kills another with a sedate, deliberate mind and formed design. Implied malice exists when any purposeful, cruel act is committed by one individual against another without any, or without great provocation.

4. During closing arguments, counsel for Mr. Paiz Guevara relied upon the instruction given by the court in arguing his position to the jury. Importantly

it was not the defense that requested this language concerning implied malice, or the language regarding how "provocation" related to implied malice; rather, we proceeded with our closing argument with the reasonable position that the term "provocation," as it was given by the Court, was to be given its ordinary and plain meaning, rather than as a legal term of art. And we gave nothing more than a reasonable argument to the jury regarding that term's ordinary and plain meaning.[1]

5. During deliberations the jury posed a question to the court, requesting the legal definitions of "purposeful" and "provocation" as they pertain to implied malice.

6. The Court now proposes responding, by instructing the jury, in part, that:

> "Provocation" in the context of implied malice relates to the defendant responding to action by the decedent. "Provocation" refers to "heat of passion" in the law of malice. Heat of passion requires the simultaneous reasonable provocation by the victim and resulting passion by the defendant, such that the defendant acts on impulse without conscious reflection. Heat of passion excludes malice when the decedent provokes the defendant such to reasonably produce in the defendant fear that causes the defendant to act on impulse without conscious reflection against the decedent. Deliberate and purposeful acts may be done without malice if they are done in the heat of passion. In other words if the decedent presents conduct towards the defendant that produces in the defendant an emotional state of mind such as hot blood, rage, anger, resentment, terror or fear so as to demonstrate an absence of deliberate design to kill such state of mind excludes malice. Where it is not the victim of the crime who

---

[1] "[A]n undefined term must be given its ordinary meaning, given the context

provoked the defendant's heat of passion, the jury may not find heat of passion.

(Hereinafter referred to as "the currently proposed instruction")

7. Mr. Paiz Guevara, and several other defendants, took the position in response to the jury's question, that the jury should simply be instructed that: "You have been provided with all of the instructions of law applicable to this case."

8. Mr. Paiz Guevara maintains that this is the most appropriate response for the Court to give.

## ARGUMENT

I. **FIRST, IF THE COURT GIVES THE CURRENTLY PROPOSED INSTRUCTIONS OVER OUR OBJECTION, WE DEMAND AN OPPORTUNITY FOR SUPPLEMENTAL CLOSING ARGUMENTS TO THE JURY**

A Court certainly has broad discretion in deciding how to answer a jury's question. See United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990) (finding that "[i]t is well established that the necessity, extent and character of any supplemental instructions to the jury are matters within the sound discretion of the district court."). However, "[a] trial judge is often reluctant to respond to [jury] questions" . . . [and that when it does] "the trial judge must proceed circumspectly in responding to inquiries from the jury. United States v. Walker, 575 F.2d 209, 214 (9th Cir. 1978). Indeed, because of this, it is not unusual for the trial court to

use its sound discretion to simply refer the jury to the fact that it already has all of the instructions it needs applicable to the case.[2]

Importantly, though when a court *does* choose to exercise its discretion to provide further instructions of law – and especially on issues that the parties have not been allowed to argue to the jury about because they relied on the previously given instructions – the law is clear that the parties, upon request, must be given an opportunity to argue to the jury how those supplemental instructions might or might not apply to the facts of the particular case. Or, in the words of the Fourth Circuit, when a supplemental instruction is given "its effect on the trial must be examined carefully because a defendant must have an adequate opportunity to argue his innocence under the district court's instructions in order to be assured a fair trial." Horton, 921 F.2d at 546-47. Horton further explained that "if a

---

[2] See Arizona v. Johnson, 351 F.3d 988, 994-95 (9th Cir. 2003) (holding that the court acted within its discretion when it refused to answer directly the jury's question but reread original, legally correct instructions, as the court was concerned that a direct answer might improperly influence the jury); United States v. Collom, 614 F.2d 624, 631 (9th Cir. 1979); United States v. McCall, 592 F.2d 1066, 1068-69 (9th Cir. 1979) (where the district court's original instructions were a correct statement of the law and "generally addressed the jury's question, without specifically providing a yes or no answer," the court's re-reading of its original instructions in response to the question was not reversible error).the district court, in response, "reinstructed the jury on the elements of aiding and abetting, and . . . specifically invited them to ask further questions should the need arise," the court "acted well within [its] discretion"); Davis v. Greer, 675 F.2d 141, 145-46 (7th Cir. 1982) (where the "entire jury charge clearly and correctly stated the controlling law," and the trial court responded to a jury question by saying only, "Consider all of the instructions carefully," the "trial court's response was sufficient[]").

supplemental jury instruction given in response to a jury's question introduces a new theory to the case, the parties should be given an opportunity to argue the new theory." Id.

Here, the proposed answer to the jury, clearly introduces an issue that counsel has not had an opportunity (or a previous need) to argue about to this jury, as it pertains to the facts of this case. Simply put, our closing arguments were specifically based on the instructions the Court had authorized and given (and indeed, the issue at hand is not about a jury instruction that we even offered), and to now inject the proposed substantive definitions into the case, would unconstitutionally deprive Mr. Paiz Guevara of an opportunity to argue how these newly provided definitions might or might not apply to the facts of this case. Just as in Horton, "[h]ere, the supplemental charge provoked by the jury's inquiries was obviously the focus of its deliberations. The better exercise of discretion would have been to provide additional argument." Id at 547. We note that other circuits weighing in on the issue agree. See United States v. Sawyer, 443 F.2d 712, 713 (D.C. Cir. 1971) (an abuse of discretion may be found when the contested limitations on argument "prevent[] defense counsel from making a point essential to the defense."); United States v. Andrade, 135 F.3d 104, 110 (1st Cir. 1998) (recognizing that although "the supplemental charge [i.e. instruction] was legally correct" . . . . a refusal to permit further argument made necessary by a

6

supplemental instruction could amount to error (but noting that trial counsel never requested an opportunity for such additional argument). [3]

In this case, if the Court gives any further instruction beyond something similar to what we propose, we must be given an opportunity to argue to jury on the newly defined issues. To do so without giving us an opportunity to argue to the jury will severely and unfairly prejudice Mr. Paiz Guevara. See United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1406-07 (4th Cir. 1993); Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir. 1983); Associated Mech. Contrs., Inc. v. HDR Eng'g Inc., No. 97-2737, 1999 U.S. App. LEXIS 8262, at *18 (4th Cir. Apr. 29, 1999) (noting that '[t]he standard of review in determining whether the District Court committed reversible error when it answered a question from the jury during the deliberations is whether the answer fairly responded to the jury's question without creating prejudice. And of course, in the context of a criminal case such as this, to provide the currently proposed instruction without

---

[3] We note that Virginia Law also requires supplemental arguments in such circumstances, and has relied upon federal precedent on the point. "A judicial response to a jury question is considered a legal instruction," even if the answer is "yes." Ludwig v. Commonwealth, 51 Va. App. 1, 7, 11 (2008). The Defendant has a right to supplemental closing argument when the trial court provides an instruction of law after closing arguments. Blevins v. Commonwealth, 209 Va. 622, 628 (1969) (noting failure of defense counsel to request supplemental closing argument after jury instruction was amended); McLean v. Commonwealth, 30 Va. App. at 331-333, 339-40 (citing United States v. Fontenot, 14 F.3d 1364, 1368 (9th Cir. 1994)).

allowing supplemental closing arguments deprives Mr. Paiz Guevara of his constitutional right to Due Process, to a fair trial and completely defeats his substantive Sixth Amendment right to give closing argument at the conclusion of his trial after the applicable law is known to all involved. Closing argument is a substantive constitutional right. Herring v. New York, 422 U.S. 853, 858-59 (1975). Although the judge has "great latitude in controlling the duration and limiting the scope of closing summations, the judge may not "deny absolutely the opportunity for any closing summation at all." Id at 862.

For these reasons if the Court gives its currently proposed instruction over our objection, Mr. Paiz Guevara must have an opportunity to present supplemental arguments to the jury.

**II.    THE COURT SHOULD EXERCISE ITS DISCRETION TO GIVE OUR PROPOSED ANSWER TO THE JURY'S QUESTION, OR AT MOST, SIMPLY INFORM THE JURY THAT THE WORDS SHOULD BE GIVEN THEIR PLAIN AND ORDINARY MEANING**

In response to the jury's question, we and several other defendants proposed that the Court respond by instructing them that, "You have been provided with all of the instructions of law applicable to this case." We continue to assert that this is the response that should be given.

First, at this stage, any form of the currently proposed substantive instruction creates an unconstitutionally irrebuttable presumption that the element of malice exists in this case. "The Due Process Clause of the Fourteenth Amendment

8

protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Francis v. Franklin, 471 U.S. 307, 313, 105 S. Ct. 1965, 1970 (1985) (internal quotations omitted). The Supreme Court has long recognized that:

> An irrebuttable or conclusive presumption relieves the State of its burden of persuasion by removing the presumed element from the case entirely if the State proves the predicate facts. A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is perhaps less onerous from the defendant's perspective, but it is no less unconstitutional.

Id. at 317. In Francis, the jury, while deliberating, requested an instruction regarding the *mens reas* (intent) element of the murder charge. The issue in the case was whether the defendant intended to kill the victim. In Francis, after the court provided the jury its requested instruction, the jury deliberated 10 minutes more and convicted the defendant of murder. Id. The United States Supreme Court reversed that conviction. The Supreme Court held that a jury instruction that creates a mandatory presumption whereby the jury must infer the presumed fact if the state proves certain predicate facts violates the due process clause if it relieves the state of the burden of persuasion on an element of an offense. Id.

Here, that is exactly what the Court and the government are attempting to do with the current proposed instruction. Simply put, the current proposed jury

instruction creates an irrebuttable presumption of malice (a required fact that must be proved beyond a reasonable doubt), so long as the jury believes a certain predicate fact (i.e., that the victim did not engage in any provoking conduct toward Mr. Paiz Guevara).[4]  This violates Mr. Paiz Guevara's constitutional rights and puts him at grave risk of spending the rest of his life in prison without any possibility of parole.  Here, just as the Court recognized in Francis, there is a strong risk that a reasonable juror will understand the additional instructions on malice as creating a mandatory presumption of that element.  Further, "the general instructions as to the prosecution's burden and the defendant's presumption of innocence do not dissipate the error in the challenged portion of the instructions." Id. at 320.

Moreover, while it is a matter "within the sound discretion of the district court." Horton F.2d. at 546, nonetheless a trial court's decision to provide a categorical answer a jury question has been recognized by the appellate courts as unfairly dangerous and prejudicial, because "while analytically correct – [it] may well [lead] some jurors to place undue emphasis on the court's answer." Johnson 351 F.3d. at 994.  As the Supreme Court put it, "[i]f a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating

---

[4] Virginia recognized the unconstitutionality of such an approach as well, in Yap v. Commonwealth, 49 Va. App. 622, 632 (2007).

a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole." Francis, 471 U.S. at 315. Indeed, because the jurors are "ever watchful of the words that fall from [the trial judge]" such a categorical answer at this stage – despite legal correctness – can cause the jurors to conclude or suspect that the judge, has an opinion about what the outcome of the case should be. Id quoting Bollenbach v. United States, 326 U.S. 607, 612 (1946). Such undue emphasis coming directly from the Court at this stage also isolates this instruction and encourages the jury to ignore its responsibility to consider all of the instructions as a whole. In this case, responding to the current jury question in the substantive manner suggested by the Court and the government surely creates constitutional error.

It also cannot be ignored that the malice instructions that were originally given by the Court in this case (including Instruction No. 22), were *never* objected to by the government. On the issue of heat of passion, the Court ruled during the instruction conference that "this is not a heat of passion case." No instruction on heat of passion was given. Nor did we did not refer to "heat of passion" in our closing arguments; rather, we proceeded just as the Courts often require: that the term (in this case, the term "provocation") should simply be given its plain and ordinary meaning rather than as a term of art. This is especially true since the

parties here knew that "provocation" in the sense of heat of passion was already ruled upon by the court, and neither party objected to the Court's proposed instruction (and indeed the language on implied malice was originally proposed by the government, not by the defense). We used the instructions that were approved by the Court (and that were agreed to by the government). If the government had a concern about any arguments we made during our summation, it has waived them by not offering a contemporaneous objection. Accordingly, under those circumstances, at this stage of the case, at the very most this Court should simply – as Virginia courts often do – tell the jury "that the words at issue should be given their plain and ordinary meaning" (in such circumstances, the Virginia Supreme Court's go-to source for providing such definitions is always Webster's Third New International Dictionary).

    We lastly note that while no version of the Court's currently proposed instruction fixes the problems we raise, as drafted the Court's current proposed response inaccurately states what the Virginia cases say on the point of "provocation" as it pertains to implied malice. For example, the Court's current proposed instruction refers to provocation something that comes after "the decedent presents conduct towards the defendant . . ." However, no Virginia case or law says anything about the victim's "conduct," nor does it say anything about requiring actions of the victim "towards" the defendant. What the cases say is that

"where it is not the victim of the crime who provoked the defendant's heat of passion, the evidence will not support a finding of heat of passion." Williams v. Commonwealth, 64 Va. App. 240, 249, 767 S.E.2d 252, 257 (2015) (citing Arnold v. Commonwealth, 37 Va. App. 781, 789 (2002) and Peeples v. Commonwealth, 30 Va. App. 626, 634 (1999)).  So while we continue to object to *any* instruction on this point – regardless of their legal or analytical correctness –if they *are* given, there should be no reference to the provocation requiring "conduct "of the victim "towards the defendant."  Indeed, the classic textbook example of heat of passion case involves a defendant catching his spouse in bed with a paramour, or a defendant's reasonable belief of infidelity, which involves no conduct towards the defendant at all.

### III. IF THE COURT GIVES ANY FORM OF ITS CURRENTLY PROPOSED INSTRUCTION OVER OUR OBJECTION, WE DEMAND THAT AN INSTRUCTION ON DURESS BE GIVEN

If the court responds the jury's question in the currently proposed manner, over our objection, we request a duress instruction be given.  Specifically we ask for one of the following (we request MPG Proposed Instruction #1 first, and if denied, we request the alternative MPG Proposed Instruction #2:

**MPG Proposed Instruction #9**:

> *If you find that Mr. Paiz Guevara's criminal conduct was the product of an unlawful threat or threats that caused him reasonably to believe that performing the criminal conduct was his only reasonable opportunity to*

> *avoid imminent death or serious bodily harm, then you shall find Mr. Paiz Guevara not guilty.*

Cites:  Sam v. Commonwealth, 13 Va. App. 312, 324, 411 S.E.2d 832, 839 (1991); Pancoas v. Commonwealth, 2 Va. App. at 33, 340 S.E.2d at 836; United States v. Bailey, 444 U.S. 394, 410-11 (1980).

**MPG Proposed Instruction #10**:

> *Duress is not a defense to the charge of murder. However, you may consider evidence of duress, together with all other evidence in the case, in determining whether or not the Commonwealth has proven all the elements of murder beyond a reasonable doubt.*

Instruction requested in Arnold v. Commonwealth, 37 Va. App. 781, 786, 560 S.E.2d 915, 917 (2002).

To be clear, by offering these additional instructions, we *do not* in any way waive our vehement objection to the Court giving any substantive instruction to define the requested terms be given, and our ultimate request is that the jury simply be told that "You have been provided with all of the instructions of law applicable to this case," and if the Court is inclined to do so, to answer that "the jury should give those terms their plain and ordinary meaning."

WHEREFORE, we object to the currently proposed instruction, and further move to do the following:

(1) that this Court instruct the jury that: "you have been provided with all of the instructions of law applicable to this case," and we have no objection – if the Court is inclined to do so, to include in the answer that "the jury should give those terms their plain and ordinary meaning.";

(2) that if the Court, over our objection, gives any version of the currently proposed instruction, that it adjust the language to correctly removed such language that suggests that provocation is something that comes after "the decedent presents conduct towards the defendant . . .";

(3) that if the Court, over our objection, gives any version of the currently proposed instruction, that the defense be allowed supplemental summation arguments to the jury regarding concerning how these new substantive instructions might or might not apply to the facts of this case;

(4) that if the Court, over our objection, gives any version of the currently proposed instruction that the Court instruct the jury on duress, the language of which is provided in these papers, specifically: **MPG Instruction #9** (and if that is denied, **MPG Instruction #10**).

                         Respectfully submitted,

                        **MANUEL ERNESTO PAIZ GUEVARA**

By: _____/s/_____
W. Michael Chick, Jr.
VSB: 70892
Attorney for Defendant Manuel Paiz Guevara
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102 Fairfax, Virginia  22030
Tel: 571.276.8279
Fax: 571.748.4399
mike@chicklawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served via ECF, upon:

Julia K Martinez, Esq.
Tobias Tobler, Esq.
Assistant United States Attorneys
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

And all other defendants in this matter by the Court's electronic filing system.

_____/s/_____
W. Michael Chick, Jr.