UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No.: 1:14cr306-GBL |
| PEDRO ANTHONY ROMERO CRUZ et al., | : | |
| Defendant. | : | |

### JOINT DEFENSE MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, MOTION TO COMPEL PRODUCTION OF BRADY MATERIAL AND FOR AN EVIDENTIARY HEARING

Defendants jointly move the Court, pursuant to *Federal Rule of Criminal Procedure 33*, for a new trial based on the government's failure to disclose exculpatory and impeaching evidence with regard to Junior. Alternatively, Defendants move that all *Brady* material be produced, made part of the record and that an evidentiary hearing be held regarding the prior failure to disclose.

The prosecution is required to disclose all exculpatory evidence, which includes any and all impeachment evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963); *see also Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley,* 514 U.S. 419 (1995), *United States v. Bagley,* 473 U.S. 667, 676 (1985). In addition, the "disclosure obligation turns on the cumulative effect of all suppressed evidence favorable to the defense, not on the evidence considered item by item." *Kyles v. Whitley,* 514 U.S. at 420. Moreover, since investigating officers are part of the prosecution, the taint of the trial is no less if they, rather than the prosecutor, are guilty of nondisclosure. *Barbee v. Warden*, 331 F.3d 842, 846 (4th Cir. 1964). "The cruelest lies are often

1

told in silence" and if the failure to disclosure "results from negligence rather than guile, the deception is no less damaging." *Id.*

Junior was the prosecution's star witness, testifying over a period of four days of trial. Junior testified that he joined MS-13 as a teenager started working for the FBI in 2005. He testified that he became the First Word in Silvas in 2012, a decade after joining that clique. Junior also was previously a witness in this courthouse, testifying for the government in 2006. His FBI handlers were SA Brenda Born from 2009 to 2014 and SA Fernando Uribe from 2014 through trial. Moreover, Junior testified that he worked with the FBI to translate the calls of the defendants that he had recorded. His testimony was critical to the prosecution's case.

Junior's testimony was full of contradictions regarding his own criminal activity. He testified that he did not commit any acts of violence and that he did not brag about things he did not do. On recordings entered into evidence, however, Junior bragged about his participation in a robbery in which he threatened to cut the victim's finger off. *See* GX18A-1 at 16. He bragged about attacking rival gang members at Ballston Mall. *See* GX18A-1 at 54. He also testified that he did not commit any crimes while working for the FBI and that he collected extortion rents from a brothel in Culmore, Virginia during this same period.

On top of these lies about his own criminal activity, he lied about the level of the government's assistance in helping him obtain immigration status in the United States. On direct, Junior testified that a letter from the United States Attorneys Office regarding his cooperation did not get delivered to an immigration judge. On cross, however, it was revealed that although that letter was returned in the mail, Junior personally showed it to the immigration judge. Junior also revealed on cross that met with SA Uribe – who was a case agent for the instant case, as well as his handler – regarding obtaining an S-Visa.

2

The government, however, failed to disclose any of Junior's immigration records which most certainly contained further examples of lies and prevarications. Based on his testimony, they would have provided significant impeachment material. Did Junior report his criminal activities, such as extortion, on his immigration forms? Did he report on his attack on rival gang members in the mall? If not, he lied on the forms. If so, then his cooperation with the government brought with it the benefit of legal immigration status even in the face of significant criminal activity, providing a powerful motive for him to testify favorably for the government.

The government was very active in this part of Junior's wide-ranging benefits package as a reward for being their star witness. In addition, Junior lied on his bankruptcy petitions regarding his employment status. The failure of the government to disclose these materials constitutes a violation of *Brady* and its progeny requiring a new trial.

In the alternative, Defendants move to compel disclosure of the following material related to Junior, that they be made part of the record, and for an evidentiary hearing on this motion for a new trial:

1. Green card application and supporting documents

2. Any and all records from his immigration court proceedings

3. Any and all benefits from government regarding his immigration status

4. Any and all benefits from government for his family

5. Any other information bearing on his credibility such as false statements under oath, his bankruptcy hearings, and all materials relating to his bankruptcy filings.

WHEREFORE, Defendants respectfully request that the Court grant the foregoing motion in the interests of justice.

Respectfully submitted,

ALVIN GAITAN BENITEZ
By Counsel

_____/s/_____
Amy L. Austin, Esquire
Virginia State Bar No. 46579
Counsel for Defendant Alvin Gaitan Benitez
The Law Office of Amy L. Austin, PLLC
101 Shockoe Slip, Suite O
Richmond, Virginia 23219
Telephone Number: (804) 343-1900
Facsimile Number: (804) 343-1901
Email Address: amyaustinlawyer@gmail.com

_____/s/_____
Jeffrey Zimmerman, Esquire
Virginia State Bar No. 38858
Counsel for Defendant Alvin Gaitan Benitez
Smith & Zimmerman, PLLC
108 N. Alfred Street
Alexandria, VA 22314
Telephone Number: (703) 548-8911
Facsimile Number: (703) 548-8935
Email Address: www.zimpacer.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May 2015, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

_____/s/_____
JEFFREY D. ZIMMERMAN